# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,               CASE NO. 17-20465
                              HON. DENISE PAGE HOOD

v.

D-6 TARIQ OMAR,

          Defendant.

_____/

# ORDER GRANTING MOTION
# TO CLARIFY BOND CONDITIONS [#470]

## I.    Introduction

Defendant Tariq Omar recently was convicted of one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §1349, and one count of Health Care Fraud, in violation of 18 U.S.C. §§1347 and 2. His sentencing is currently scheduled for July 30, 2020, and he remains free on bond, subject to the conditions of his bond. On March 31, 2020, Defendant filed a Motion to Clarify Bond Conditions [ECF No. 470], specifically asking the Court to clarify whether or not he may volunteer to assist as a pulmonologist during the COVID-19 crisis. The Government has filed a response, and Defendant filed a reply.

## II.    Background

Since Defendant's first appearance on July 12, 2017, among Defendant's

conditions of bond are that he shall not: (a) "participate in the direct or indirect billing of any federal health care program," nor (b) write prescriptions for controlled substances. [ECF No. 39]  Defendant previously filed, and the Court denied, a motion to modify conditions of bond in order to indirectly bill federal health care programs in conjunction with the treatment of pulmonary patients. [ECF Nos. 131, 164] The Court has been advised that Defendant has complied with his bond conditions throughout this matter, both prior to and since his conviction.

## III.    Analysis

Defendant argues that he is trained as an intensivist and pulmonologist and has forty years of combined training and experience. He states that: (a) the indictment in this case and the jury's verdict of guilt did not relate in any way to his work as a pulmonologist nor to any work performed in a hospital or emergency room; and (b) he has never been disciplined or accused in any manner of wrongdoing relating to pulmonology or intensive care.  He states that the instant case involved only his work in a pain clinic, including prescribing opioids.

Defendant's motion is based on the COVID-19 pandemic.  It is undisputed that Michigan is currently under a state of emergency due to the rapidly increasing numbers of COVID-19 patients, and emergency is especially pronounced in the Detroit metropolitan area.  Defendant states that he would like to volunteer his

services as a pulmonologist to local hospitals to help the community in this time of crisis. Defendant represents that he would not bill anyone for this work on behalf of the patients, nor would he ask for any form of payment himself. He states that his "only wish is to assist in this unprecedented health emergency by using his training and experience as a pulmonologist to attempt to save lives and lessen permanent lung damage in those patients who survive." Defendant asserts that he would continue to abide by the condition of his bond that he not prescribe any controlled substance.

Defendant's counsel believes that the proposed volunteer work is permissible under the current conditions of Defendant's bond, but Government counsel believes that Defendant is barred from performing or working as a doctor in any manner. For that reason, and in order not to be accused of violating his bond, Defendant filed the instant motion for clarification.

The Government opposes Defendant's motion for several reasons. First, the Government states that Defendant's counsel offered to surrender his license as a condition of his release pending sentencing. *See* ECF No. 470, PgID 6746 ("counsel did offer to surrender Dr. Omar's license immediately and to notify [the licensing board] of the verdict that same day"); ECF No. 450, PgID 6674-75 (Trial Transcript No. 15) (Defendant's counsel stated, "under the rules of LARA he's to notify LARA of any conviction and there will be a summary suspension as a result of that.").

Second, the Government argues that Defendant has harmed patients in the past, including administering thousands of bogus back injections and participating in the prescription of opioids that fueled an epidemic that has plagued the community for years. Third, the Government argues that, if Defendant is again permitted to treat patients, he could still profit without billing claims for his services by referring COVID-19 patients to third-party providers (*e.g.*, laboratories) in exchange for kickbacks and bribes, which would be consistent with past conduct.

The Court is persuaded that Defendant's motion can be granted without the dangers to patients or Medicare/Medicaid that the Government raises, concerns that are not meritless. It is true that witnesses testified Defendant was responsible for giving patients facet joint injections that were medically unnecessary and sometimes painful. And, it is true that Defendant admitted he engaged in misconduct while working at Tri-County Physicians in 2014-16, which resulted in the Michigan Department of Licensing and Regulatory Affairs limiting his license in 2017.

The Court notes two critical things about Defendant's crimes that are or should not be relevant with respect to the modification he seeks. First, Defendant's crimes were committed while working at the pain clinics. Defendant is not asking to, and shall not be permitted to, work in a pain clinic as a result of this Order; he is asking and will be permitted to provide services at local hospitals. There is no evidence, nor

even any allegation, that Defendant wrongfully billed Medicare or engaged in misconduct in his pulmonary medicine practice or in a hospital or emergency room. Second, Defendant is asking the Court to be allowed to serve as a volunteer, without pay or compensation. As the Government emphasized at trial (and in its response), Defendant's crimes of administering and billing for medically unnecessary services was financially motivated. If he is volunteering, and the Court prohibits him for accepting compensation of any kind, that motivating factor is not present.

The Court concludes that several other factors strongly weigh in favor of permitting Defendant to volunteer as a pulmonologist in the manner proffered. Most significantly, Defendant is a pulmonologist, a specialty for which there is a critical need in combating the COVID-19 pandemic. For this reason, Defendant can be a valuable resource in assessing and treating patients suffering from COVID-19, a virus that affects the respiratory system.

The Court also finds important that Defendant will perform as a volunteer, so it seems unlikely that he himself would have the authority to prescribe controlled substances or bill Medicare/Medicaid. As Defendant has acknowledged, any such actions are prohibited by his current bond conditions, and the Court reiterates now that Defendant shall not bill any federal health care program or prescribe any controlled substances. To be clear, the Court is not prohibiting controlled substances from being

prescribed to a patient seen by Defendant or a federal health care program being billed for a patient seen by Defendant, so long as a different licensed physician prescribes the controlled substances and/or bills the federal health care program.

Finally, the Court believes that there are additional conditions – or clarifications of Defendant's conditions - of bond that the Court can and will impose to ensure that he complies with the terms of his bond conditions.  Specifically, Defendant shall notify Pretrial Services in advance of any volunteer work he is going to perform, including identifying: (a) the hospital(s) at which he is going to volunteer, (b) his schedule, (c) his expected scope of duties, and (d) a contact person at each such hospital.  Each such contact person must be authorized and competent to: (1) define the scope of Defendant's duties at that facility, (2) explain how Defendant will be supervised, and (3) to attest that Defendant is performing at that hospital in compliance with the conditions of Defendant's bond and this Order, including, without limitation, that Defendant is not receiving compensation of any kind, is not prescribing any controlled substances, and is not billing any federal health care program.

For all of these reasons, the Court concludes that, for as long as Defendant is and remains a licensed physician in the State of Michigan, Defendant's conditions of bond allow him to volunteer as a physician at one or more local hospital(s),

-6-

specifically as a pulmonologist, during the COVID-19 crisis, consistent with the terms, restrictions, and requirements of this Order.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Clarify Bond Conditions [ECF No. 470] is **GRANTED**.

**IT IS FURTHER ORDERED** that, for as long as Defendant is and remains a licensed physician in the State of Michigan, Defendant may volunteer only as a pulmonologist and only at one or more local hospitals during the COVID-19 crisis, and Defendant shall not accept, directly or indirectly, any form of compensation for any services he provides.

**IT IS FURTHER ORDERED** that Defendant shall not bill any federal health care program or prescribe any controlled substances.

**IT IS FURTHER ORDERED** that Defendant shall notify Pretrial Services in advance of any volunteer work he is going to perform, including identifying: (a) the hospital(s) at which he is going to volunteer, (b) his schedule, (c) his expected scope of duties, and (d) a contact person at each such hospital.

**IT IS FURTHER ORDERED** that each such contact person must be authorized and competent to: (1) define the scope of Defendant's duties at that facility,

(2) explain how Defendant will be supervised, and (3) to attest that Defendant is performing at that hospital in compliance with the conditions of Defendant's bond and this Order, including, without limitation, that Defendant is not receiving compensation of any kind, is not prescribing any controlled substances, and is not billing any federal health care program.

**IT IS FURTHER ORDERED** that Defendant shall immediately notify Pretrial Services of any change to information Defendant has provided to Pretrial Services with respect to any volunteer position he undertakes.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: April 7, 2020          UNITED STATES DISTRICT JUDGE