# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                      Cr. No. 2:25cr20032-JTF

**SANJEEV KUMAR,**

    **Defendant.**

## DEFENDANT SANJEEV KUMAR'S MOTION TO CHANGE VENUE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Defendant Sanjeev Kumar, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 21(a), respectfully moves this Court to transfer this matter to another jurisdiction, or in the alternative that the Parties select jurors from outside the Western Division of the Western District of Tennessee because of the prejudice that exists to Dr. Kumar in this division such that he cannot obtain a fair and impartial trial here. Dr. Kumar states in support of his motion as follows:

### BACKGROUND

The Government, in Counts 1 through 4 of the Superseding Indictment, alleges that Dr. Kumar persuaded, induced, enticed, or coerced four victims to travel across state lines to engage in sexual activity, in violation of the Travel Act, 18 U.S.C. § 2422(a). Under the Government's charging theory, alleged medical malpractice involving a gynecologic procedure amounts to rape or an act of sex. For the reasons explained in Dr. Kumar's *Motion to Dismiss Counts 1–4 for Failure to State an Offense*, such a charging theory is not supported by 18 U.S.C. § 2422(a).

After the Government unsealed its original Indictment, it misrepresented the allegations in this case to the press, accusing "that [Dr.] Kumar acted as a predator in a white coat and used the

cover of conducting medical examinations to put his patients at risk and enrich himself." (See Exhibit B to Motion to Modify Bond Conditions, ECF No. 24-2, USAO Press Release, dated February 28, 2025. The Government has subsequently withdrawn at the request of Dr. Kumar the allegation that he is a "predator in a white coat."). Notably, the Superseding Indictment does not allege any sexual motive on behalf of Dr. Kumar. Similarly, a press release from the FBI also stated that "[t]he abusive behavior alleged here took place over five years, which means there could be many victims out there we have not heard from . . . [i]t is important to remember nothing Dr. Kumar has done was, or ever will be, your fault." Lucas Finton, *Memphis gynecologist indicted on federal sexual abuse, misuse of medical devices charges*, Commercial Appeal, Mar. 3, 2025, https://www.commercialappeal.com/story/news/local/2025/03/03/memphis-doctor-indicted-sanjeev-kumar/81149858007/ (quoting DOJ and FBI press releases). The Government doubled down on its allegation of sexual activity and held Dr. Kumar in custody for four days based upon its unproven theory that the offenses charged were crimes of violence. This has resulted in persistent and overwhelming negative publicity on Dr. Kumar. The Government's statements have limited Dr. Kumar's Constitutionally guaranteed presumption of innocence and inflamed the prejudice of the local community.

For example, the Memphis-based law firm NST has dedicated an entire page of their website to the "Dr. Sanjeev Kumar Abuse Lawsuit", which discusses in significant detail that Dr. Kumar subjected patients to "sexual abuse". Dr. Sanjeev Kumar Abuse Lawsuit, https://www.nstlaw.com/sanjeev-kumar-abuse-lawsuit (last visited June 24, 2025); *see also* Dr. Sanjeev Kumar Sex Abuse Lawsuits, https://www.levylaw.com/dr-sanjeev-kumar-sex-abuse-lawsuits/ (last visited June 24, 2025) (soliciting clients for a "sex abuse" lawsuit against Dr. Kumar). In fact, NST sponsored a segment on the local news, which ran multiple times, discussing

the "very, very serious charges" against Dr. Kumar and framing the Travel Act charges as ones for "sexual assault".[1]

The harm of the Government's statements are not speculative. For example, the Government filed a Motion to Revoke Dr. Kumar's Bond because a witness came forward stating that Dr. Kumar had called her to schedule an appointment, contrary to Dr. Kumar's bond conditions. (United States' Motion to Revoke Bond, ECF No. 42.) Dr. Kumar investigated her claims and found evidence that they were false. Dr. Kumar presented that evidence to the Government. The Government then withdrew its motion as to the witness's claim because "the information provided by [the witness] is not credible and does not support the relief sought in the motion." (Notice of Withdrawal of Motion [ECF 42], ECF No. 59.)

Overall, this matter has garnered significant negative press attention against Dr. Kumar, which threatens Dr. Kumar's rights to a fair trial. Though press is normally expected for any criminal indictment involving a physician, the Government's unfair and improper characterization of Dr. Kumar as a "predator in a white coat" who committed "sex abuse" has skewed the court of public opinion and created a media circus.

## LAW AND ARGUMENT

Dr. Kumar has been prejudiced by defamatory statements made by the Government and its agencies, as evidenced by one witness already coming forward with false statements regarding Dr. Kumar in an attempt to become involved in this matter and the significant attention to this matter by the public. Dr. Kumar's right to fair and impartial trial in this district has been obliterated,

---

[1] That video is prominently displayed on the NST website page dedicated to Dr. Kumar. Dr. Sanjeev Kumar Abuse Lawsuit, https://www.nstlaw.com/sanjeev-kumar-abuse-lawsuit (last visited June 24, 2025).

3

such that either a change in venue is required or the jury pool needs to come outside the Western Division of the Western District of Tennessee.

"Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there". Fed. R. Crim. P. 21(a). "The Constitution's place-of-trial prescriptions . . . do not impede transfer of the proceeding to a different district . . . if extraordinary local prejudice will prevent a fair trial." *Skilling v. United States*, 130 S. Ct. 2896, 2913 (2010). "A change in venue can be warranted by presumptive or actual prejudice." *United States v. Poulsen*, 655 F.3d 492, 506 (6th Cir. 2011). "[P]resumptive prejudice as a "circus-like atmosphere" that "pervades both the courthouse and surrounding community." *Id.* at 507 (quoting *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007)). "Actual prejudice is established when 'both the jury voir dire testimony and the extent and nature of the media coverage indicates a fair trial [was] impossible.'" *Id.* at 507 (quoting *Ritchie v. Rogers*, 313 F.3d 948, 952 (6th Cir. 2002)).

There is extraordinary local prejudice against Dr. Kumar because of the Government's statements that he is a "predator in a white coat" who committed "sexual abuse". The Government has charged Dr. Kumar with violating the Travel Act for performing medical procedures—but presented the case to the public as one of rape and sexual activity. The Government's theory is such that any physician who allegedly commits malpractice in the performance of a gynecological procedure can be charged with rape in Tennessee and violating the Travel Act. Though the Government is the maker of its own indictment, the Government's acts of representing to the public that Dr. Kumar *is* "predator in a white coat" who committed "abuse" has splattered prejudice across this matter.

This harm is evidenced by law firms categorizing this matter as a "sexual assault" case. *See* Dr. Sanjeev Kumar Abuse Lawsuit, https://www.nstlaw.com/sanjeev-kumar-abuse-lawsuit (last visited June 24, 2025); *see also* Dr. Sanjeev Kumar Sex Abuse Lawsuits https://www.levylaw.com/dr-sanjeev-kumar-sex-abuse-lawsuits/ (last visited June 24, 2025). This harm is evidenced by nightly news segments accusing Dr. Kumar of "sexual assault". *See* Dr. Sanjeev Kumar Abuse Lawsuit, https://www.nstlaw.com/sanjeev-kumar-abuse-lawsuit (last visited June 24, 2025). This harm is evidenced by a witness coming forward—significantly in advance of trial—with false statements against Dr. Kumar that the Government relied upon—without any apparent investigation of their own—to revoke Dr. Kumar's bond. (*See* Notice of Withdrawal of Motion [ECF 42], ECF No. 59.) Though all cases face the battle of dealing with the court of public opinion, the Government's actions of inappropriately labeling Dr. Kumar as a "predator in a white coat" who committed sexual abuse has created actual prejudice against Dr. Kumar warranting a change in venue for trial or in the alternative to select a jury from outside the Western Division of the Western District of Tennessee.

## **CONCLUSION**

For the foregoing reasons, Dr. Kumar respectfully requests that this Court transfer this matter to another district because "so great a prejudice against [Dr. Kumar] exists in the [Western District of Tennessee, Western Division] that [Dr. Kumar] cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). In the alternative, Dr. Kumar respectfully requests that the parties select jurors from outside the Western Division of the Western District of Tennessee.

Respectfully submitted,

s/ Elena R. Mosby
Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC

5

        130 North Court Avenue
        Memphis, TN 38103
        901-524-5000
        llaurenzi@bpjlaw.com
        emosby@bpjlaw.com

        Ronald Chapman, II (*pro hac vice*)
        Maritsa Flaherty (*pro hac vice*)
        CHAPMAN LAW GROUP
        1441 W. Long Lake Rd., Suite 310
        Troy, Michigan 48098
        (248) 644-6323
        rwchapman@chapmanlawgroup.com
        mflaherty@chapmanlawgroup.com


        *Attorneys for Dr. Sanjeev Kumar*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing has been forwarded via electronic mail on this 10th day of July 2025, to the following:

Lynn Crum (Lynn.Crum@usdoj.gov)
Scott Smith (Scott.Smith@usdoj.gov)
Sarah Pazar Williams (Sarah.Williams2@usdoj.gov)
UNITED STATES ATTORNEY'S OFFICE
Western District of Tennessee
167 N. Main Street, Suite 800
Memphis, TN 38103
T: 901-969-2984

                                        s/ Elena R. Mosby