IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA**

          **Plaintiff,**

VS.                                                                                  Criminal No. 25-cr-20032-SHL

**SANJEEV KUMAR,**

          **Defendant.**

---

**UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)**

---

The United States of America notifies the defendant of its intent to use the following bad acts evidence at trial in its case-in-chief. The United States asserts that this evidence is direct evidence intrinsic to the charged crimes and does not require notice. However, in the alternative, the United States offers this notice to present the evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

    I.    Legal Authority

          A.  Intrinsic Evidence

Federal Rule of Evidence Rule 404(b) is not implicated when the other crimes or wrongs are part of a single criminal episode, part of a continuing pattern of illegal activity, or are otherwise considered *intrinsic* evidence. *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). The 1991 Advisory Committee note to Rule 404(b) makes clear that "[t]he amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense." *Id*., Fed. R.

1

Evid. 404(b) Advisory Notes, 1991 Amendment. Intrinsic evidence is "a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012) (internal citations omitted).

The purpose of intrinsic or background evidence "is to put the charges in the appropriate context. It would be exceedingly difficult for witnesses to relay a story without referencing preceding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing. Thus, defendants are not entitled to a 'sanitized' recounting of the facts, and prosecutors are not restricted to proving only discrete elements of a crime in such way that they would be unable to offer the jury a natural narrative of events." *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015) (internal citations omitted). In other words, intrinsic evidence is directly relevant to the charged offenses. The prosecution has no duty to disclose intrinsic evidence of other crimes or wrongs. *Barnes*, 49 F.3d at 1149.

B.  Rule 404(b)

Under Rule 404(b) of the Federal Rules of Evidence, evidence of a defendant's other crimes, wrongs, or acts may be admissible at trial for purposes other than proving the defendant's character "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue," and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Adams*, 722 F. 3d 788, 810 (6th Cir. 2003) (internal citations omitted).

Before admitting evidence under Rule 404(b), the Court should conduct a balancing test of the evidence's probative value against its prejudicial effect under Fed. R. Evid. 403. Rule 403 of the Federal Rules of Evidence states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) only limits the admissibility of *extrinsic* evidence, that is, evidence of other crimes or wrongs that "occurred at different times and under different circumstances from the offense charged." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

The prosecution must "provide reasonable notice of the general nature of any such [extrinsic] evidence" that the United States intends to offer at trial. Fed. R. Evid. 404(b)(2)(A).

II. Sanjeev Kumar's Other Crimes and Bad Acts

A. Improper Re-Use of Medical Devices

1. Anticipated Evidence

From the opening of Poplar Avenue Clinic in September of 2019 and throughout the treatment of patients, Defendant trained other providers and staff members to re-use single use devices and improperly reprocessed multi-use devices in treating patients. This included, but was not limited to, the devices charged in the Superseding Indictment. There will be evidence that Defendant and those under his direction and supervision would reuse devices on multiple patients within the same day and continue to reuse devices until they became unserviceable for his purposes. Evidence will show between device reuses, regardless of whether the devices were designed only for single use or multi-use, they were improperly reprocessed and as a result were

3

held in a contaminated state that endangered the health and safety of patients.

    2. Basis for Admission

The re-use of the medical devices is intrinsic to all charges, as it demonstrates Defendant's intent and scheme to defraud, which are essential elements of Counts 5 through 36. He trained providers and staff to reuse the devices and consistently told them it was an appropriate practice. Defendant concealed the reuse of devices from his patients, which prevented them from consenting to the procedures in the manner he was performing them. This evidence is intrinsic to all charged offenses, but also may be offered to demonstrate Defendant's intent and plan.

    3. Balancing Test

The evidence has high probative value that tends to make more likely several facts that are material to the government's case. The government acknowledges the prejudicial nature of the evidence but asserts that that prejudice is not unfair. The bad acts are identical to the acts underlying the charged offense just with uncharged devices. When the evidence is "essentially the same (admittedly outrageous) abuse," introduction of such evidence does not "alter the tone and tenor of the trial" and is not unfairly prejudicial. *United States v. Mandoka*, 869 F.3d 448, 456 (6th Cir. 2017). Since the evidence is intrinsic and identical to the charged offenses, it presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. Giving this evidence its maximum reasonable probative force and its minimal reasonable prejudicial value weighs in favor of its admission.

    B. Unnecessary Medical Procedures

    1. Anticipated Evidence

In addition to the charged conduct related to unnecessary hysteroscopy procedures, the

United States anticipates witness testimony will reveal additional unnecessary medical procedures and surgeries conducted by Defendant, as well as the providers employed by him and at his direction at Poplar Avenue Clinic. Witnesses will also testify that Defendant performed procedures that were outside of his expertise, including Uterine Fibroid Embolization procedures, mole removal on non-pelvic regions, and managing psychiatric medication.

2. Basis for Admission

This evidence is admissible as intrinsic evidence. Patients will be describing their treatment by Defendant and it is necessary to have the full picture to understand Defendant's intent and motivation in treating these patients. It is also admissible pursuant to Rule 404(b) to show Defendant's motive, intent, preparation, and plan.

3. Balancing Test

This evidence is highly probative of issues of motive, intent, preparation, and plan. Defendant trained providers under his supervision to conduct invasive, unnecessary medical procedures at a frequency interval that created great risk of harm to patients. Defendant also tried to influence at least one provider with similar experience to him to practice in the same manner. While the evidence may be prejudicial, it is not unfairly so. These bad acts are less prejudicial than the evidence of unnecessary hysteroscopies that will be presented to the jury. Additionally, the evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. It is also admissible as inextricably intertwined intrinsic evidence of the case.

C. Lack of Copay Collection

1. Anticipated Evidence

There will be testimonial evidence from some patients that they were never asked for a copay for any of the procedures they received.

2. Basis for Admission

The failure to request or receive copays should be admissible as intrinsic evidence of the case. It explains how patients were coerced into accepting unnecessary medical procedures performed by Defendant and his staff. The patients were led to believe the procedures were necessary and they were further coaxed into accepting the procedures because they were not made to pay a copay. The evidence is also admissible pursuant to Rule 404(b) and to show motive, plan and preparation, lack of mistake, and intent to defraud.

3. Balancing Test

The evidence has high probative value, and it is not very prejudicial. Thus, on balance it should be admitted. The evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. It is also admissible as inextricably intertwined intrinsic evidence of the case.

D. Using Equipment on HIV Positive Patients

1. Anticipated Evidence

There will be evidence that at least one patient was HIV positive when she was treated by Defendant. This patient received at least six hysteroscopies between February 2021 and April 2023. This was during the timeframe when Defendant primarily re-used single use hysteroscopes to perform hysteroscopies.

2. Basis for Admission

This information is intrinsic to the evidence in the case. This patient is a named victim in the case and her entire medical status and history is relevant to her treatment by Defendant. It is also relevant to the entirety of the case in that Defendant knew that his re-use of single use devices was neither approved nor safe, yet there is no evidence that he took special precautionary measures with an HIV positive patient before or after her hysteroscopy procedures. The evidence is also admissible pursuant to Rule 404(b) and to show motive, plan and preparation, lack of mistake, and intent to defraud.

3. Balancing Test

This evidence is intrinsic to the case and has high probative value. While it is prejudicial, it is indicative of the criminal nature of Defendant's conduct and not overly prejudicial in that it is one patient's medical status. Thus, on balance it should be admitted. The evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

E.   Health Care Fraud

1. Anticipated Evidence

In addition to the charged conduct related to health care fraud, the United States anticipates witness testimony and exhibits will reveal additional evidence of health care fraud. Specifically, the United States anticipates there will be evidence of hundreds of "impossible days" (where a provider has billed more than 24 hours of patient interactions in a single day), peer comparisons which show Defendant and his providers to be top billers in the state and the nation, upcoding procedures when a lesser reimbursement procedure was actually performed, and

7

unbundling, where Defendant would bill the health care benefit programs for multiple codes when there is one code available to reflect the totality of the interaction.

    2. Basis for Admission

This evidence is admissible as intrinsic evidence. It is critical and necessary evidence to ensure jurors have an accurate assessment of Defendant's intent in his fraudulent operation of Poplar Avenue Clinic. Defendant's treatment of patients and subsequent billing of the interactions demonstrates how far of an outlier he is from appropriate medical treatment. Additionally, it shows what his intent and motives are for providing the treatment he did and is therefore admissible pursuant to Rule 404(b) to show Defendant's.

    3. Balancing Test

This evidence is highly probative of issues of intent and scheme to defraud, modus operandi, motive, preparation, plan, and intent. While the evidence may be prejudicial, it is not unfairly so. These bad acts are significantly less prejudicial than the evidence of unnecessary hysteroscopies performed with re-used equipment that will be presented to the jury. Additionally, the evidence presents no danger of confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence.

F.    Lack of Graspers and Purchase of Single Use Hysteroscopes after Search Warrant Seizure

    1. Anticipated Evidence

There will be evidence that the graspers seized during the April 16, 2024 search warrant executed at Poplar Avenue Clinic constituted the entirety of available graspers. The United States anticipates that there will be testimony that they could no longer perform the procedures that required graspers after the April 16, 2024 seizure for a period until new graspers were received.

Additionally, there will be evidence that Poplar Avenue Clinic attempted to purchase additional single use hysteroscopes from UroViu after many of them were seized on April 16, 2024.

 2. Basis for Admission

This evidence is intrinsic to the inducement and adulteration charges. It shows that Defendant's intent was to continue to perform in-office hysteroscopies even after they were seized by agents executing the search warrant. Further, it shows that Defendant "held for sale" the graspers and the hysteroscopes that were seized because he ordered more to further his objective of performing the procedures at issue in this case. The evidence is also admissible pursuant to Rule 404(b) and to show motive, modus operandi, plan and preparation, lack of mistake, and intent to defraud.

 3. Balancing Test

This evidence is intrinsic to the case and has high probative value, with low prejudice. The Defendant's use and re-use of the graspers and hysteroscopes will be introduced as substantive evidence of his crimes and is clearly much more prejudicial than the fact that there were no remaining single use graspers or hysteroscopes to continue procedures after the items were seized pursuant to the search warrant. The fact that the Defendant purchased more single use hysteroscopes is also not as prejudicial as the evidence that will already be admitted that he had purchased only 129 single use hysteroscopes prior to the execution of the search warrant. Because it is less prejudicial than the evidence that will be shown for the charged offenses and is intrinsic to the case, the evidence should be admitted.

9

G. Change in Reprocessing Practices for Hysteroscopes after Search Warrant

1. Anticipated Evidence

There will be evidence that single use hysteroscopes were no longer reused after the execution of the search warrant at Poplar Avenue Clinic on April 16, 2024. There will also be evidence that the reprocessing practice changed for hysteroscopes cleared for reprocessing.

2. Basis for Admission

This evidence is intrinsic to the case. The changes happened immediately after the search warrant was executed and within the timeframe of Count 4. They are critical to show that Defendant intended to continue conducting hysteroscopies. Additionally, the changes are evidence of Defendant's consciousness of guilt. Defendant trained providers and medical assistants who worked under him to reuse single use devices and hysteroscopes cleared for reprocessing without properly reprocessing them. The fact that he changed his use of hysteroscopes to discard single use devices after use and attempt to reprocess the hysteroscopes cleared for reprocessing correctly is indicative of his consciousness of guilt. The evidence is also admissible pursuant to Rule 404(b) and to show modus operandi, plan and preparation, and intent to defraud.

3. Balancing Test

This evidence is not prejudicial and is extremely probative. Though the evidence suggests that the additional steps Defendant took to reprocess hysteroscopes cleared for reprocessing was still not adequate, it is apparent that more effort was put in to reprocess the devices. Thus, it is not prejudicial in that it is conduct less troublesome than the charged offenses. Discarding single use devices is also not even a "bad act" and is only noticed in the event that Defendant challenges the

admissibility of these actions collectively.

## CONCLUSION

WHEREFORE, the United States asks the Court to make a pretrial determination on the admissibility of the proffered evidence and under which theory it may be admitted.

        Respectfully submitted,

        JOSEPH C. MURPHY, JR.
        Interim United States Attorney
        Western District of Tennessee

By:   /s/ Lynn Crum
       LYNN CRUM
       Assistant United States Attorney
       167 N. Main St., Suite 800
       Memphis, TN 38103
       Telephone: (901) 544-4231

## CERTIFICATE OF SERVICE

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system, and via email to the attorneys for the defendant.

This 27th day of August, 2025.

        /s/ Lynn Crum
        Assistant United States Attorney