IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**VS.**                                                          Criminal No. 25-cr-20032-SHL

**SANJEEV KUMAR,**

      **Defendant.**

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNTS 5-26 AND TO LIMIT COUNTS 27-36 FOR
VAGUENESS AND INSUFFICIENCY, OR, IN THE ALTERNATIVE, TO
STRIKE THE § 333(A)(2) FELONY ENHANCEMENT**

---

The United States of America opposes defendant's Motion to Dismiss Counts 5-26 and to limit Counts 27-36 for Vagueness and Insufficiency of the Superseding Indictment (R. 103). The motion should be denied.

**LAW AND ARGUMENT**

An indictment must contain a plain, concise, and definite written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." *United States v. Welborn*, No. 21-5425, 2022 WL 1276024, at *3 (6th Cir. Apr. 29, 2022) (quoting *United States v. Rankin*, 929 F.3d 399, 404-05 (6th Cir. 2019) (internal quotation marks and citation omitted)); *United States v. Howard*, 947 F.3d 936, 942 (6th Cir. 2020) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). "It must also include 'such a statement of the facts and circumstances as will inform the accused

of the specific offense, coming under the general description, with which he is charged.'" *Welborn*, 2022 WL 1276024, at *3 (quoting *Hamling*, 418 U.S. at 117-18 (1974)). The defendant contends that the Superseding Indictment is insufficient in several ways, but his arguments lack legal and factual merit and should be rejected. The United States responds to each of defendant's arguments in turn.

> I. **Counts 5-26 sufficiently plead the "held for sale" element of § 331(k).**

The defendant contends that Counts 5-26 are insufficient because they do not allege, or provide fair notice of, how in office use of the charged devices were "held for sale" in the meaning of 21 U.S.C. § 331(k). Def. Mot., R. 103, PageID 801. The Superseding Indictment provides sufficient detail to satisfy Fed. R. Crim. P. 7(c)(1) and the meaning of "held for sale" is settled law.

> The statute at issue prohibits the "following acts and the causing thereof":
>
> > The alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling of, or the doing of any other act with respect to, a food, drug, device, tobacco product, or cosmetic, if such act is done while such article is **held for sale** (whether or not the first sale) after shipment in interstate commerce and results in such article being adulterated or misbranded.

21 U.S.C. § 331(k) (emphasis added). "[A] physician's use of a consumable, single-use device on a paying patient satisfies the 'held for sale' element." *United States v. Kaplan*, 836 F.3d 1199, 1211 (9th Cir. 2016); *see also United States v. Jackson*, 126 F.4th 847, 858-59 (4th Cir. 2025) (citing approvingly *Kaplan's* reasoning that "held for sale" included a physician's use of a single use device in treating patients).

The defendant cites to *United States v. Geborde*, 278 F.3d 926 (9th Cir. 2002), for the proposition that the "held for sale" term "carries a commercial component" that defendant claims is absent here. Def. Mot., R. 103, PageID 801. But in *Geborde*, the regulated product being

2

examined through the lens of 331(k) was a drug that, according to the Ninth Circuit, was not "held for sale" because the defendant was an entirely noncommercial actor, in a noncommercial setting, distributing homemade drugs completely free of charge. 278 F.3d at 928.

The other criminal cases to take up this issue have reasoned that the commercial nature of the medical provider's business provided a setting where medical devices were "held for sale" when used during the course of their practice. In contrast to *Geborde*, Kaplan ran a for-profit urology clinic that was reusing single use needle guides for prostate biopsy. *Kaplan*, 836 F.3d 1199. The Ninth Circuit affirmed the trial court's application of 331(k) and affirmed the resulting conviction, clarifying that in its holding in *Geborde*, it "did not hold that a sale in the strict sense must occur." *Kaplan*, 836 F.3d at 1209. Rather, in that holding, the court "focused more generally on the commercial nature of the transaction, actors, and products." *Id*. Therefore, it was in fact proper to "focus[] on the commercial nature of Kaplan's business, a medical practice operated for profit" where the patients who "paid Kaplan for the medical services he performed were also paying for the cost of products used in the course of treatment … and … were therefore the ultimate consumers of the [single use] guides." *Id*. at 1210.

The framework of *Kaplan* was later cited approvingly by the Fourth Circuit in *Jackson*, 126 F.4th 847, where a physician operated a for-profit clinic performing sinuplasty procedures with reused single use sinuplasty devices. Although the court in *Jackson* did not need to determine whether it would hold the same as the Ninth Circuit (because the appellant was unable to show plain error), while examining the holding of *Kaplan*—"that § 331(k)'s requirement that the allegedly adulterated device be 'held for sale' included a physician's use of a device in treating patients"—the court did "acknowledg[e] the common-sense persuasiveness of the Ninth Circuit's reasoning and the body of caselaw from other courts on which it rests." *Id*. at 858 (citing *Kaplan*,

3

836 F.3d at 1208). The court appeared to find particularly persuasive *Kaplan's* reliance "on the statutory text and the purpose of the FDCA, noting that the statute 'is to be interpreted broadly in order to protect public health' and in recognizing that it 'extends to physicians using both drugs and devices in the treatment of patients.'" *Id*. at 858 (citing *Kaplan*, 836 F.3d at 1208-09).

Defendant suggests that a commercial component is somehow missing from the Superseding Indictment of this case such that it would be distinguishable from the numerous cases they cite, but this suggestion is wrong. *Kaplan* and *Jackson* are factually analogous to this case, and their positions on this point are clear: the "held for sale" requirement of 331(k) and the FDCA includes a physician's use of a device in treating patients. Here, the defendant operated a for-profit clinic and performed medical services with reused single use devices. As alleged in the Superseding Indictment, the defendant "billed health insurers including Medicare the value of the single use hysteroscope medical devices even when he was in fact reusing them." Superseding Indictment, R. 70, ¶ 3(b). Additionally, the defendant "and others under his supervision at PAC concealed and omitted from patients, insurers including Medicare and TennCare, and others the fact that they were reusing the aforementioned single use devices which were adulterated." *Id*. at ¶ 60. And as further alleged, the defendant "boosted his profits by subjecting patients to the use of adulterated medical devices rather than using a new, sterile device for every procedure." *Id*. at ¶ 61. The Superseding Indictment on this front is neither vague nor insufficiently pleaded.

### II. Counts 16-24 sufficiently plead misbranding violations of § 352(v) misbranding.

The defendant next contends that Counts 5-26 fail to state a violation of § 352(v) because the statute is not clearly triggered by a physician's in office use of a single use medical device and because the Superseding Indictment alleges no act of misbranding. Def. Mot., R. 103, PageID 803. But these contentions are wrong. First, the statute is unambiguous in its plain language and should

4

be read to apply to a physician's in office reuse of single use devices. Secondly, the Superseding Indictment adequately pleads misbranding at paragraphs 60, 64, and 65.

    The statute at issue states the following in relevant part:

> A drug or device shall be deemed to be misbranded … [i]f it is a reprocessed single-use device, unless all labeling of the device prominently and conspicuously bears the statement "Reprocessed device for single use. Reprocessed by ___." The name of the manufacturer of the reprocessed device shall be placed in the space identifying the person responsible for reprocessing.

21 U.S.C. § 352(v).

    The defendant contends that this statutory prescription against reprocessing a single use medical device without labeling it as such is ambiguous as to "whether § 352(v) applies to all in-office reuse—where there is no second introduction into commerce and no practical mechanism for affixing a federal warning label to a single cannula used during a hysteroscopic procedure." Def. Mot., R. 103, PageID 804. But the statute is plain in its language and there is no room for the confusion that defendant claims. By definition in the statute, a device is misbranded if just three things are true: (1) the device is a single use device, (2) the device has been reprocessed, and (3) the device lacks the required prominent and conspicuous labeling. Defendant implies that perhaps the statute means there should be no violation where there is "no second introduction [of the device] into commerce." *Id*. But the text in question is not concerned with the number of introductions into commerce; it is only concerned with—as it clearly states—a single use device that has been reprocessed. Defendant seeks to read in a loophole to § 352(v) that simply is not present. And such a tactic is contrary to the law because the Supreme Court has warned against creating loopholes at the expense of public protection through restrictive or technical constructions of the Act. *See, e.g., Kordel v. United States*, 335 U.S. 345, 349 (1948) (urging courts to use a common-sense reading of the FDCA, rather than a technical or restrictive one); *United States v.*

*Urbuteit*, 335 U.S. 355, 357-58 (1948) ("The problem is a practical one of consumer protection, not dialectics").

The defendant further argues that the Superseding Indictment fails to plead "any 'prominent and conspicuous' failure or that [the defendant] introduced any reprocessed device into commerce as a labeled product." Def. Mot., R. 103, PageID 804. But the Superseding Indictment at paragraphs 59-60 clearly and unambiguously pleads a single use devices reprocessing regimen that was used by the defendant and his staff, that the status of the devices as reprocessed single use devices was concealed and omitted from patients, and that reprocessed single use devices were in fact used in the treatment of patients. R. 70. Matched with statute-tracking pleading language in paragraphs 64 and 65, the Superseding Indictment adequately pleads Counts 5-26. *Id*.

### III. The Superseding Indictment adequately pleads the § 333(a)(2) felony enhancement.

The defendant next contends that the felony enhancement that is part of Counts 5-26 for "intent to defraud or mislead" is inadequately pleaded because the Superseding Indictment "merely appends that phrase to each count," and makes only a "generic allegation that [the defendant] 'failed to inform' patients and insurers about reuse," and that the allegation is "untethered" to any specific count." Def. Mot., R. 103, PageID 804-05. The statute at issue here is the penalty section that corresponds to the acts prohibited by § 331 of the FDCA. This penalty section, among other things, converts a violation of § 331 into a 3-year felony "if any person … commits such a violation with the intent to defraud or mislead." 21 U.S.C. § 333(a)(2).

The defendant takes a selective reading of the Superseding Indictment. Paragraphs 59–60 allege a reprocessing regimen (that rendered the devices to be held in insanitary conditions) of single use devices that was "concealed and omitted from patients, insurers including Medicare and TennCare, and others." R. 70. And paragraph 61 alleges that through the implementation of the

6

inadequate reprocessing regimen and concealment or omission of the same, the defendant "boosted his profits by subjecting patients to the use of adulterated medical devices rather than using a new, sterile device for every procedure." *Id*. Paragraph 62 incorporates those allegations into Counts 5-15. *Id*. Paragraph 64 incorporates the same allegations into Counts 16-24. *Id*. And paragraph 66 incorporates the same allegations into Counts 25-26. *Id*. As such, the Superseding Indictment provides a statement of the facts and circumstances that inform the accused of the government's theory behind the defendant's intent to defraud. Moreover, the Superseding Indictment at paragraphs 63, 65, and 70 tracks the statutory language, alleging that the defendant acted with intent to defraud and mislead. The charges in question meet constitutional pleading standards.

    **IV.    The government's theory of prosecution does not intrude on state regulation of medical practice.**

Finally, the defendant contends that the § 331(k) violations alleged in the Superseding Indictment intrude on state regulation of medical practice. Def. Mot., R. 103, PageID 805-6. The defendant claims that 21 U.S.C. § 396—the "practice of medicine" exception to the FDCA—applies in this case and insulates the defendant's conduct as "something traditionally policed by state medical boards." *Id*. As the defendant points out, under § 396 the FDCA shall not "limit or interfere with the authority of a health care practitioner to prescribe or administer any legally marketed device to a patient." *Id*. at PageID 805. But here, just as the Fourth Circuit found in *Jackson*, to apply the § 396 exception to the scenarios charged in the Superseding Indictment would constitute a "fundamental misunderstanding of the relationship between §§ 396 and 331(k)" because to adopt the proposed position would "thwart congressional intent and create a huge loophole in the FDCA." *United States v. Jackson*, 126 F.4th 847, 860 (4th Cir. 2025) (citing *United States v. Regenerative Sciences, LLC*, 741 F.3d 1314, 1320 (D.C. Cir. 2014) (observing that "classifying [acts prohibited by other provisions of the FDCA] as the practice of medicine" for

purposes of § 396 would "create an enormous gap in the FDCA's coverage"). Likewise, in *Kaplan*, the Ninth Circuit addressed this issue head on with an observation in its opening remarks: "[t]hough the regulation of the practice of medicine is delegated to the states, when a physician misuses medical devices and threatens public health, the physician may run afoul of the [FDCA]." *United States v. Kaplan*, 836 F.3d at 1203 (9th Cir. 2016).

The scenario here is analogous to that in *Jackson* and *Kaplan*. The protection that the defendant seeks here from the FDCA applies only to a healthcare practitioner who "prescribe[s] or administer[s] a[] legally marketed device to a patient." 21 U.S.C. § 396. Because the FDCA completely bans adulterated devices from commerce, they cannot be lawfully sold and are not the "legally marketed" devices referred to in § 396. "[W]hile a physician may exercise professional judgment in the off-label use of unadulterated products, nothing in the FDCA or caselaw suggests that the use of adulterated products is ever permissible." *Jackson*, 126 F.4th at 860-61 (quoting *Kaplan*, 836 F.3d at 1211) (*accord United States v. Cal. Stem Cell Treatment Ctr., Inc.* 117 F.4th 1213, 1220 (9th Cir. 2024)). As such, the government's theory of prosecution under the FDCA does not impermissibly invade the role of states in medical regulation, and the conduct alleged in the Superseding Indictment does not trigger FDCA protections pursuant to 21 U.S.C. § 396.

### V.     Conclusion

Defendant's motion to dismiss Counts 5-26 should be denied. After having done so, defendant's request to limit Counts 27-36 will be moot.

Respectfully submitted,

By:     /s/ Scott P. Smith
Assistant United States Attorney
167 N. Main Street, Suite 800

                Memphis, TN 38103
                Telephone: (901) 544-4231

## CERTIFICATE OF SERVICE

I, Scott Smith, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system, and via email to the attorneys for the defendant.

This 18th day of September, 2025.

                                           /s/ Scott P. Smith
                                           Assistant United States Attorney