# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                                             Cr. No. 2:25cr20032-SHL

**SANJEEV KUMAR,**

        **Defendant.**

## DR. SANJEEV KUMAR'S REPLY IN SUPPORT OF HIS
## MOTION FOR BILL OF PARTICULARS AS TO SUPERSEDING INDICTMENT

Dr. Sanjeev Kumar, by and through his undersigned counsel, submits this *Reply in Support of His Motion for Bill of Particulars as to Superseding Indictment* that was filed on August 29, 2025.

To be perfectly clear, Dr. Kumar is not seeking a "detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). Rather, he seeks the basic factual information needed to prepare a defense to the Superseding Indictment. "The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014). "[T]he test for determining whether a bill of particulars should issue is '**whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial**.'" *United States v. Martin*, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. 1987) (table decision) (emphasis added) (quoting *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981)). The Superseding Indictment does not pass that test whatsoever for

Counts 5–9, 12–13, 16–18, 21–22, and 25–26 (the "Counts"), thus necessitating a bill of particulars.

Under 21 U.S.C. § 331(k), the Superseding Indictment must identify the "single act" constituting adulterating and misbranding of medical devices. *See* 21 U.S.C. § 331(k); *United States v. Salerno*, 2011 WL 6141017, at *3 (M.D. Pa. Dec. 9, 2011). Yet the Superseding Indictment charges Dr. Kumar in individual counts with the adulteration or misbranding of multiple devices multiple times over multiple days, months, and years, rather than single acts. There is no identification of the actual device allegedly used (rather than just a listed brand name), the patient upon whom the device was allegedly used, or the date of that alleged use. Does Count 6 charge Dr. Kumar with adulterating the 50th CooperSurgical Endosee PX Cannula that the Superseding Indictment alleges he purchased? (*See* Superseding Indictment, ECF 69, at 16–17, ¶ 58.) Or is it the 1st? Does Count 6 charge Dr. Kumar with using the device on his 500th patient or 1,000th patient?

The Government has never identified in any of its conversations with undersigned counsel, in discovery, during Dr. Kumar's reverse proffer, or in filings with this Court the exact devices charged in the Counts, the patients upon whom those devices were allegedly used, or the exact date of use. The Government has offered only generalities or conclusory statements about the Counts. In other words, there has been no identification of "the elements of the offense charged"— the single "act" of adulterating or misbranding under 21 U.S.C. § 331(k)—that "sufficiently apprises [Dr. Kumar] of the charges to enable him to prepare for trial." *Martin*, 822 F.2d 1089, 1987 WL 38036, at *3. Even if the Court allowed the Government to proceed under a continuing offense theory for the Counts (the Government has presented no authority to this Court stating that a continuing offense theory is permissible), the Superseding Indictment must, at a minimum,

identify the actual devices (not just brand names) that the Government alleges Dr. Kumar adulterated or misbranded.

Incredulously, the Government argues that Dr. Kumar is not entitled to a bill of particulars because the information he seeks "is available through other sources", without explaining whatsoever how Dr. Kumar has access to that information. This conclusion is false as the defense is left guessing as to whom and when the unknown device was used on the more than eighteen thousand patients treated at the clinic during the time period charged in the Superseding Indictment. Dr. Kumar has been limited in his own investigation by the Bond Conditions sought by the United States, wherein Dr. Kumar himself cannot contact any victims in the indictment, which includes "the patients treated at Poplar Avenue Clinic by [Dr.] Kumar, or any provider under his supervision, during the timeframe of September 2019 through 2025." (Order Granting Motion for Modification of Bond Conditions, ECF No. 44, at 1). Dr. Kumar cannot contact "any person who may be a witness . . . and includes **all** employees of Poplar Avenue Clinic listed in the United States' Notice Identifying Witnesses for No Contact, (D.E. # 31)." (*Id.* (emphasis added)).

Undersigned counsel has been unsuccessful in obtaining the information sought in Dr. Kumar's motion through their own efforts. None of the patients' charts reflect what exact scope was used for a specific procedure as Dr. Kumar had no obligation to track what exact device he used at his clinic when performing a hysteroscopy. If Dr. Kumar and undersigned counsel do not possess the information Dr. Kumar seeks in this motion and that information has not been provided by the Government, how does Dr. Kumar have access to that information?

The Government must be required to particularize the Counts in a bill of particulars.

Respectfully submitted,

        s/ Lawrence J. Laurenzi
        Lawrence J. Laurenzi (TN BPR No. 9529)
        Elena R. Mosby (TN BPR No. 40562)
        BURCH, PORTER & JOHNSON, PLLC
        130 North Court Avenue
        Memphis, TN 38103
        901-524-5000
        llaurenzi@bpjlaw.com
        emosby@bpjlaw.com

        Ronald Chapman, III (*pro hac vice*)
        Maritsa Flaherty (*pro hac vice*)
        CHAPMAN LAW GROUP
        1441 W. Long Lake Rd., Suite 310
        Troy, Michigan 48098
        (248) 644-6323
        rwchapman@chapmanlawgroup.com
        mflaherty@chapmanlawgroup.com

        *Attorneys for Dr. Sanjeev Kumar*