IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.                                                                    Cr. No. 2:25cr20032-SHL

SANJEEV KUMAR,

    **Defendant.**

---

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 5–26 FOR CONSTITUTIONAL VAGUENESS AND INSUFFICIENCY, OR, IN THE ALTERNATIVE, TO STRIKE THE § 333(a)(2) FELONY ENHANCEMENT**

---

Defendant replies to the Government's Response in Opposition (ECF 108) as follows.

## INTRODUCTION

The Government says the meaning of "held for sale" in 21 U.S.C. § 331(k) is "settled law," points to out-of-circuit decisions, and then treats clinical use of instruments as a sale because medical services are reimbursed. That is not settled Sixth Circuit law; it is an interpretive leap.

At bottom, the Response does not (i) identify any labeling facts to sustain the § 352(v) misbranding counts, (ii) tether the felony intent element to a specific victim or mechanism per count, or (iii) answer the duplicity/unanimity/double-jeopardy problems created by multi-year, device-bucket counts. The indictment's defects persist under *Hamling*.

## LAW AND ARGUMENT

**I.**     **"Held for sale" remains unsettled in the Sixth Circuit; the Government's authorities are out-of-circuit and posture-dependent.**

The Government asserts that "held for sale" is "settled" (Govt.'s Resp. at 2-5, ECF 108), but the cases it invokes are *not* Sixth Circuit holdings on physician *use* of devices:

1

*United States v. Kaplan*, is out-of-circuit and adopts a broad "commercial nature of practice" definition to find "held for sale," and expressly states "we did not hold that a sale in the strict sense must occur." 836 F.3d 1199, 1209, 1211 (9th Cir. 2016). The Ninth Circuit's holding guts the definition of "held for sale" in favor of drastically broadening federal power into every aspect of the patient visit.

In *United States v. Jackson*, the Fourth Circuit described *Kaplan* as "persuasive" and rejected the defendant's argument under plain-error review, expressly not resolving the issue as a matter of first principles. 126 F.4th 847, 858–59 (4th Cir. 2025).

In *United States v. Geborde*, as even the Government acknowledges, (Govt.'s Resp. at 2-3, ECF 108), the Ninth Circuit read "'held for sale' [to] plainly contemplate[] a sale," reversing a § 331(k) conviction where no sale was shown. 278 F.3d 926, 932 (9th Cir. 2002). That criminal-law reading underscores the notice problem here.

In short, there is no Sixth Circuit case holding that clinical use of devices during a procedure—with no transfer of the article to the patient—satisfies § 331(k)'s "held for sale" element. The Government's reliance on out-of-circuit authority (and *Jackson*'s plain-error posture) does not make this "settled" in this Circuit.

Moreover, at the pleading stage, an indictment must "(1) contain[] the elements of the charged offense, (2) give[] the defendant adequate notice of the charges, and (3) protect[] against double jeopardy." *United States v. Welborn*, No. 21-5425, 2022 WL 1276024, at *3 (6th Cir. Apr. 29, 2022) (quoting *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019)); *United States v. Howard*, 947 F.3d 936, 942 (6th Cir. 2020) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). The Government's Response does not identify *any* count-specific facts that explain *how*

these instruments were "held for sale"—it simply treats reimbursement for a *service* as a *sale of the device*.

Given that the Government's new interpretation of "held for sale" broadly expands Federal Power and invites a wide range of FDA regulations into every treatment room in the United States, it matters that even courts cannot agree that the offense charged is a federal offense. To be clear, if held for sale means "treatment" and not sale, Dr. Kumar did not have notice of the offense and cannot be convicted based on this new interpretation of an unambiguous statute. In *United States v. Geborde*, the Ninth Circuit noted that "the Supreme Court has cautioned that the statute should not be read so expansively that it includes criminal behavior 'plainly not embraced within the language of the statute.'" 278 F.3d 926, 932 (9th Cir. 2002) (quoting *Kordel v. United States*, 335 U.S. 345, 349 (1948)).

## II. The Government's § 396 argument assumes the very element in dispute.

The Government's Response says 21 U.S.C. § 396 (the practice-of-medicine provision) is inapplicable because "adulterated devices" are not "legally marketed." (Govt's Resp. at 7-8, ECF 108). But whether the FDCA's adulteration provision is even reached turns on § 331(k)'s "held for sale" element. The Government cannot avoid § 396 by presuming adulteration based on a theory of sale that is itself contested—particularly where the counts do not allege any transfer of an article to a patient. *See Jackson*, 126 F.4th at 860–61 (distinguishing off-label use of unadulterated products and quoting *Kaplan*, 836 F.3d at 1211). The cart cannot pull the horse.

## III. Counts 16–24 (misbranding under § 352(v)) fails because the Government still identifies no "labeling" facts.

Section 352(v) applies when a reprocessed single use device is labeled for distribution; it is misbranded unless its labeling prominently states "Reprocessed device for single use" and identifies the reprocessor. The Response repeats general allegation about reprocessing and

3

nondisclosure (Govt.'s Resp. at 4-6, ECF 108), but never identifies what label, where it appeared (package, bin, device, chart), who applied or omitted it, or when—for any count.

Purpose-heavy cases do not fill that void.

The Government cites *Kordel v. United States*, 335 U.S. 345, 349 (1948), and *United States v. Urbuteit*, 335 U.S. 355, 357–58 (1948), for the FDCA's consumer-protection aims. (Govt.'s Resp. at 5-6, ECF 108.) But those civil-arena, purposive holdings do not erase a statutory labeling element in a criminal indictment.

Likewise, *United States v. Regenerative Sciences, LLC*, 741 F.3d 1314, 1320 (D.C. Cir. 2014), and *United States v. Cal. Stem Cell Treatment Ctr., Inc.*, 117 F.4th 1213, 1220 (9th Cir. 2024), address civil enforcement and product-as-drug/device theories; they do not supply the who/what/where/when of labeling that § 352(v) requires.

Counts 16–24 advance a labeling offense without pleading any label—precisely the kind of parroting *Hamlin* rejects.

**IV.    § 333(a)(2) is not pled with the specificity *Hamling* requires.**

The Government cannot escape its essential burden to inform the defendant of the nature and cause of the accusation. *See, e.g.*, *United States v. Suado Mohamed Ali*, 735 F.3d 176, 193 (4th Cir. 2013); *United States v. Pacchioli*, 718 F.3d 1294, 1307–08 (11th Cir. 2013); *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012); *United States v. Beasley*, 688 F.3d 523, 533 (8th Cir. 2012); *United States v. Kovach*, 208 F.3d 1215, 1219 (10th Cir. 2000).

Where the activity is inherently legal (*i.e.* the practice of medicine) and not inherently unlawful, notice must be much more specific. Recall, the Constitution requires notice of the offense. *Hamling*, 418 U.S. at 117–18.

This is why the indictment must be sufficiently specific to pin down the facts at issue. *See, e.g.*, *United States v. Coss*, 677 F.3d 278, 288 (6th Cir. 2012); *United States v. Harvey*, 484 F.3d 453, 456 (7th Cir. 2007). "The cases in which an indictment that parrots the statute is held to be insufficient turn on a determination that the factual information that is not alleged in the indictment goes to the very core of criminality under the statute." *United States v. Kay*, 359 F.3d 738, 756–58 (5th Cir. 2004) (collecting cases).

Additionally, each count is considered separately, or, as the Supreme Court has said, "is regarded as if it was a separate indictment." *Dunn v. United States*, 284 U.S. 390, 393 (1932).

The Government says felony "intent to defraud or mislead" is satisfied because the indictment incorporates ¶¶ 59–61 (Govt.'s Resp. at 6-7, ECF 108). Incorporation-by-reference does not answer *who* was misled (patients? payers? FDA?), *how* that deception occurred, or *when*—as to each count.

*Hamling* requires the indictment to do more than append a conclusion; it must provide "such a statement of the facts and circumstances as will inform the accused of the specific offense." *Welborn*, 2022 WL 1276024, at *3 (quoting *Rankin*, 929 F.3d at 404–05); *Howard*, 947 F.3d at 942 (citing *Hamling*, 418 U.S. 87).

### V. The Government does not answer duplicity/unanimity or double-jeopardy concerns.

The Response does not meaningfully address that Counts 5–26 are device-bucket counts spanning months or years of alleged conduct, creating (i) duplicity (multiple acts within one count), (ii) unanimity risks (different jurors convicting on different acts within the same count), and (iii) double-jeopardy exposure (no way to plead former jeopardy against later charges arising from the same windows). Silence on these core *Hamling* concerns is telling.

## **CONCLUSION**

For these reasons, the Court should:

Dismiss Counts 5–26 for insufficiency under *Hamling* and Federal Rule of Criminal Procedure 7(c)(1); alternatively, strike the § 333(a)(2) felony enhancement for any surviving count(s); and at minimum, order a bill of particulars requiring the Government to identify, count by count, the discrete act/date/device/patient, the "held for sale" theory tied to that act, the labeling locus/content/actor for § 352(v), and the victim/mechanism of any alleged deception.

Respectfully submitted,

*s/ Ronald W. Chapman, II*
Ronald Chapman, II (*pro hac vice*)
(Mich. Bar No. P73179)
Maritsa Flaherty (*pro hac vice*)
(Cal. Bar No. 327638)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6323
mflaherty@chapmanlawgroup.com
rwchapman@chapmanlawgroup.com

*s/ Lawrence J. Laurenzi*
Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
901-524-5000
llaurenzi@bpjlaw.com
emosby@bpjlaw.com

*Attorneys for Dr. Sanjeev Kumar*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using the Court's CM/ECF system which will automatically send a copy of the filing to the United States this 29th day of September 2025.

*s/ Ronald W. Chapman II*
Ronald W. Chapman II
