IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SANJEEV KUMAR, )<br>    Defendant. ) | No. 2:25-cr-20032-SHL-1 |

**ORDER DENYING MOTION FOR BILL OF PARTICULARS
AS TO SUPERSEDING INDICTMENT**

Before the Court is Defendant Sanjeev Kumar's Motion for Bill of Particulars as to Superseding Indictment, filed August 29, 2025. (ECF No. 100.) In the Motion, Kumar seeks a bill of particulars from the Government that would identify, for fourteen of the thirty-six counts, "specific dates when Dr. Kumar's alleged actions occurred, upon which patients the allegedly adulterated or misbranded devices were used, and specifically identifying the devices used, rather than the brand names of devices." (Id. at PageID 772.) The Government responded on September 11. (ECF No. 106.) Kumar replied on September 18.[1] (ECF No. 109.)

For the reasons stated below, the motion is **DENIED**.

### BACKGROUND

On June 26, 2025, a federal grand jury returned a superseding indictment against Kumar containing the following thirty-six counts:

---

[1] There is no rule in this District that allows for replies to responses to motions in criminal cases. While the Court will consider Kumar's reply here, in the future he is cautioned to seek permission to file replies, if he wishes to do so.

**Counts 1–4:** enticement and inducement to travel to engage in illegal sex acts, in violation of 18 U.S.C. §§ 2422(a) and 2;

**Counts 5–15:** adulteration of single-use medical devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), and 351(a)(2)(A), and 18 U.S.C. § 2;

**Counts 16–24:** misbranding of reprocessed single-use devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 352(v), and 18 U.S.C. § 2;

**Counts 25–26:** adulteration of hysteroscopes cleared for reprocessing, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 351(a)(2)(A), and 18 U.S.C. § 2; and

**Counts 27–36:** health care fraud, in violation of 18 U.S.C. §§ 1347 and 2.

(ECF No. 69.)

Kumar argues that certain counts charging him with adulterating and misbranding medical devices—namely, Counts 5–9, 12–13, 16–18, 21–22, and 25–26—"lack information and detail necessary for Dr. Kumar to adequately prepare his defense and to safeguard his Constitutional rights." (ECF No. 100 at PageID 772.) For example, Count 5 charges Kumar with "adulterating" a particular brand of hysteroscope, that is, reusing a single-use LiNA OperaScope device on his patients between September 2019 and April 2023 without proper disinfection between uses. (ECF No. 69 at PageID 528, 544.) Kumar contends that he purchased twelve single-use LiNA OperaScopes over multiple years and cannot know "what exact scope was used for a specific procedure" because he "had no obligation to track what exact device he used at his clinic." (ECF No. 100 at PageID 775–76.) And not knowing "the specific dates" or "upon which patients" the hysteroscopes were allegedly used leaves him unable to

prepare his defense.  (Id. at PageID 776.)  He offers similar arguments for the rest of the fourteen counts about which he seeks more detail.  (Id. at PageID 772–76.)

In response, the Government argues that the information it has provided in the superseding indictment, in addition to a phone conference and a reverse proffer, "is adequate for Defendant to prepare his defense and avoid prejudicial surprise."  (ECF No. 106 at PageID 907.)  Because the indictment "sets forth the statutory language of the charged offenses along with a statement of the facts and circumstances," the Government argues, no bill of particulars is required.  (Id. (citing Hamling v. United States, 418 U.S. 87, 117–18 (1974)).)  Indeed, the Government points out that Kumar himself "understands factually what the Government is alleging" because he previously filed a motion to dismiss these same counts.  (Id. (citing ECF No. 77).)

## ANALYSIS

The Federal Rules of Criminal Procedure provide that the Court "may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  The purpose of a bill of particulars is "to minimize surprise and assist a defendant in obtaining the information needed to prepare a defense and to prelude a second prosecution for the same crimes."  United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing, inter alia, United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976)).  Conversely, the bill of particulars is not "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial" or "to discover all the overt acts that might be proven at trial."  Id. (citing, inter alia, United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978), cert. denied, 439 U.S. 819, reh'g denied, 439 U.S. 997).

Whether to grant a motion for a bill of particulars is within the Court's discretion.  See id. (citing United States v. Mahar, 801 F.2d 1477, 1503 (6th Cir. 1986)).  The decision turns on "whether the defendant has enough information about the offense charged to enable him to

3

prepare for trial adequately." United States v. Tomes, No. 3:16-CR-00113-TBR, 2018 WL 616146, at *6 (W.D. Ky. Jan. 29, 2018) (citing United States v. Graham, 487 F. Supp. 1317, 1320 (W.D. Ky. 1980)).  If an indictment is not sufficiently detailed, for example, the Court may grant the motion.  See id. (citing Mahar, 801 F.2d at 1503).   But "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded by statute on other grounds as stated in United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000); accord United States v. Martin, 516 F. App'x 433, 455 (6th Cir. 2013) (affirming a district court's decision to deny a defendant's motion for a bill of particulars where it was "unclear how the specificity in the indictment (or lack thereof) hindered [the defendant's] ability to properly prepare for trial, since he received extensive discovery from the government").  And a bill of particulars "is not intended as 'a means of learning the government's evidence and theories.'" United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008) (quoting 1 Charles Alan Wright, Federal Practice & Procedure § 129 (3d ed. 1999)).  A defendant must clearly demonstrate the need for the bill of particulars; "a bare statement that the need exists is not enough." United States v. Lazar, No. 04-20017-DV, 2004 WL 7331842, at *1 (W.D. Tenn. Nov. 9, 2004) (quoting United States v. Dolan, 113 F. Supp. 757, 760 (D. Conn. 1953)).

  Here, Kumar has not carried his burden to demonstrate the need for a bill of particulars. He has not made clear what surprise he worries may be lurking or why he cannot adequately prepare for trial with the information provided by the Government.  Although Kumar contends, for instance, that he cannot know which of his twelve single-use LiNA OperaScopes he used on which dates, that alone does not rise to the level of judicial surprise.  The fact that Kumar cannot find this information in his own records, because he "had no obligation to track" his work (ECF No. 100 at PageID 776), does not entitle him to the Government's evidence and theories.  See

4

Musick, 291 F. App'x at 724. The indictment lists discrete charges with information sufficient for Kumar to prepare his defense. See Valentine v. Konteh, 395 F.3d 626, 638 (6th Cir. 2005) ("While the indictment did not allege specific dates, times, and locations, it did ensure differentiation among the otherwise similar counts.").

Nor can Kumar successfully argue that the Government has not given him notice of which devices it says he adulterated. The Government asserts that, of the 16,000 hysteroscopies performed at his clinic, "nearly all" the devices were adulterated, with fewer than 200 exceptions "that were conducted with freshly opened, sterile devices." (ECF No. 83 at PageID 666 & n.3.) Thus, Kumar is not owed a bill of particulars as to the devices or dates.

Further, to the extent Kumar requests a list of his patients, the Government "is entitled to withhold the identity of informants." United States v. Kincaid, No. 3:10-CR-160-1, 2013 WL 5488524, at *4 (E.D. Tenn. Oct. 2, 2013) (citing Roviaro v. United States, 353 U.S. 53, 59 (1957)). Thus, he is not entitled to a bill of particulars as to victims, either.

Thus, the motion for a bill of particulars is **DENIED**.

**IT IS SO ORDERED,** this 7th day of October, 2025.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE