

October 6, 2025

*Via Electronic Delivery Only*

Re:  *United States v. Dr. Sanjeev Kumar,* 2:25-cr-20032-JTF

To AUSA Lynn Crum:

This letter constitutes our supplemental discovery request on behalf of Dr. Kumar.

The discovery requests made below are directed to all information, materials or records in the care, custody or control of or subject to access by the United States Government, and to actions taken by the United States Government, including all constituent agencies, bureaus and offices, including but not limited to, the Federal Bureau of Investigation (FBI), the U.S. Food and Drug Administration (FDA), Health and Human Services – Office of Inspector General (HHS-OIG), the Centers for Medicare & Medicaid Services (CMS), TennCare, the Tennessee Department of Health (TDOH), and the United States Attorney's Office. In addition, the requests are directed to all information, materials and records in the care, custody and control of or subject to access by all local or state agencies, bureaus or offices, including, without limitation, the police departments and the district attorney's offices, as well as to actions taken by such entities, and to any other agency with which the investigation was jointly conducted.

All references to the "government" made below are to be construed to include any state or local agency with which the investigation was conducted. All references to the "defendant" made below refer to Dr. Sanjeev Kumar.

In accordance with Federal Rules of Criminal Procedure 16 and Constitutional requirements, we ask the government to furnish or permit discovery, inspection and the right to copy the following:

1. Any and all, body-worn camera footage from the arrest of Dr. Kumar.
2. Any and all, video that was taken from the day of the search warrant, including entry videos, or exit videos.
3. Any and all, reports, notes, documents that describe the process for selecting the patient files that were provided to the medical expert for his review, to include, but not limited to any RAT-STATs analysis.

**Practice Areas**
Administrative Law
Cannabis Law
Correctional Law
CMS Matters
Criminal Defense
DEA Matters
Estate Planning
Health Care Audits
Health Care Compliance
Health Care Fraud & Abuse
Health Care Law
Health Care Transactions
HIPAA & HITECH Matters
Medical Malpractice Defense
NPDB/Peer Review Matters
Pharmacy Law
Professional Licensing
General Litigation

**California Office**
5250 Lankershim Blvd.
Suite 500
North Hollywood, CA 91601
T. (818) 287-0576

**Florida Offices**
6841 Energy Ct.
Sarasota, FL 34240
T. (941) 893-3449

701 Waterford Way
Suite 340
Miami, FL 33126
T. (305) 712-7177

**Michigan Office**
1441 West Long Lake Rd.
Suite 310
Troy, MI 48098
T. (248) 644-6326
F. (248) 644-6324

www.ChapmanLawGroup.com

.

October 6, 2025
U.S. v. Kumar
Page 2

Each of these requests is of a continuing nature and calls for supplementation of any answer as soon as the government discovers additional evidence, information or material. In addition, each request in each paragraph of this letter is specifically sought under the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny as well as applicable rules of discovery. *Brady* material must be made available to Dr. Kumar as soon as it becomes evident to the government that material or information in its possession falls within the embed of the rule. *United States vs. Kaplan*, 554 F.2d 577 (3d Cir. 1977). If the government finds itself with *Brady* material, but feels that production can be delayed until trial or until a point closer to trial, we shall expect you to advise us immediately, so that the time for disclosure can be resolved by the Court.

We ask that you respond in writing to this letter and state whether the government has materials responsive to each request which it declines to provide. Furthermore, if the response is that the government has no knowledge of the requested item(s), please indicate what steps the government has taken, or intends to take, to ascertain the existence thereof.

We are available to confer with you promptly with a view to completing the discovery aspect of this case in a cooperative atmosphere without recourse to the Court.

Respectfully yours,

Maritsa A. Flaherty
Chapman Law Group

Lawrence J. Laurenzi
Burch, Porter & Johnson, PLLC
Attorneys for Dr. Sanjeev Kumar