IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**

        **Plaintiff,**

VS.                                                                   Criminal No. 25-cr-20032-JTF

**SANJEEV KUMAR,**

        **Defendant.**

### UNITED STATES' RULE 16 EXPERT WITNESS DISCLOSURE

The United States gives notice, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G), as well as Federal Rules of Evidence 702, 703, and 705, of its intent to introduce the testimony of Daniel Coney as an expert who will give opinions on matters in the case.

Mr. Coney may also testify as a fact witness in this case regarding matters of which he has personal knowledge under FRE 602 and about which he may opine under FRE 701. This Notice does not serve either to summarize such testimony or to limit the subject areas about which he may testify. The government acknowledges its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rule of Criminal Procedure 16(c). Should unexpected events arise between now and trial which might require additional or different expert testimony, the government will promptly seek the Court's permission to offer the testimony of additional or alternative expert witnesses.

Mr. Coney has been employed as a Fraud Investigations Advisor by SafeGuard Services, LLC (SGS), a Unified Program Integrity Contractor (UPIC) overseeing the region including Tennessee, since June 2025. In this role, Mr. Coney supports complex healthcare fraud

1

investigations and conducts analysis of claims data. Before joining SGS, Mr. Coney spent over thirty years in federal law enforcement at various U.S. agencies conducting fraud investigations, including Medicare and Medicaid fraud. Mr. Coney's qualifications and publications authored in the previous ten years are included in his curriculum vitae, which has been provided to defense in discovery. He did not write a report.

Mr. Coney will be called to explain how Medicare and Medicaid works, the Medicare and Medicaid enrollment process, the fact that Medicare and Medicaid do not knowingly reimburse claims that are not medically necessary or those that are not performed within the applicable laws and regulations of the United States, how health care providers are reimbursed for the items and services billed to Medicare and Medicaid, and the representations that providers must make to enroll with Medicare and Medicaid. He has not previously testified as an expert witness in the field of Medicare and Medicaid enrollment, coding, and billing.

Mr. Coney will also serve as a custodian of records for the Defendant's enrollment documents with Medicare and the Medicare claims data.

Mr. Coney's opinions will be based on his knowledge, training, skill, and experience working with the Medicare and Medicaid programs, including their rules and regulations, as well as his review and analysis of documents and claims data, which have been provided as discovery to the Defendant in this case.

The government anticipates that Mr. Coney's testimony will cover the following topics and include the following opinions:

1. **Background on Medicare and Medicaid**

- Medicare is a federally funded program, funded by United States taxpayers, that provides health care benefits to people aged 65 years or older, disabled and those with end-stage

renal disease. The CMS is responsible for the administration of the Medicare Program. Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries." Beneficiaries are eligible to receive a variety of services, including doctor's office visits and ancillary services (Part B). Part B covers, among other things, women's health care, cancer screenings, and hysteroscopies. Medicare uses entities known as "MACs", Medicare Administrative Contractors, to process and pay Medicare claims. CMS contracts with UPICs to conduct program integrity activities for Medicare and Medicaid.

- Medicaid is both a federally- and state-funded health care benefit program. It is administered by CMS and individual state Medicaid agencies. The agency in Tennessee is TennCare. Individuals who receive benefits under Medicaid are referred to as Medicaid "recipients." TennCare contracts with Managed Care Organizations, or "MCOs," to process and pay Medicaid/TennCare claims.

- Mr. Coney will explain what a claim for payment from Medicare and/or Medicaid is, and what must be included to submit a claim for payment from Medicare and/or Medicaid, including the following: (1) the claim must pertain to a patient who was properly enrolled as a Medicare beneficiary or Medicaid recipient; (2) the healthcare provider who furnished the services to the patient must be licensed in the state in which they practice and be properly enrolled with Medicare and/or Medicaid; (3) the services claimed must have been actually provided as reported on the claim; (4) the services claimed must be medically necessary and eligible for reimbursement under any applicable rules, regulations, or policies; and (5) the claim must be properly reported and properly documented with a supporting medical record.

- Mr. Coney will testify that it is a physical impossibility for every claim to be reviewed before the claim is paid by Medicare and/or Medicaid. Instead, Medicare and Medicaid rely on the provider's representation that claims are true and accurate. Mr. Coney will describe Medicare and Medicaid as "trust-based systems."

    2.   **Medicare and Medicaid Enrollment Process**

- Mr. Coney will explain that Medicare and Medicaid "Providers" include medical physicians and facilities, such as women's health clinics, who provide services to beneficiaries. In order to bill Medicare or Medicaid, a provider must submit an enrollment application through the respective program. The enrollment application contains certification statements that the provider must agree to before enrolling with Medicare and/or Medicaid. Specifically, the certification statement sets forth, in part, that the provider agrees to abide by the Medicare and Medicaid laws, regulations, and program instructions, and will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare and/or Medicaid.

- A "provider number" is assigned to a provider upon approval of the provider's Medicare and/or Medicaid application. A provider may use that provider number to file claims with, or "bill" Medicare and/or Medicaid to obtain reimbursement for services rendered to beneficiaries. When submitting claims to Medicare or Medicaid for reimbursement, providers certify that: (1) the contents of the forms are true, correct, and complete; (2) the forms are prepared in compliance with the laws and regulations governing Medicare and/or Medicaid; and (3) the services purportedly provided, as set forth in the claims, are medically necessary.

- Mr. Coney will authenticate and discuss the Form CMS-855B and CMS-855I, as well as

other documentation submitted by Defendant and Defendant's women's health clinic. He will discuss the comparable forms for TennCare. He will identify and explain the promises made in those forms to comply with applicable rules and regulations and to not submit false claims.

### 3. Medicare and Medicaid Billing Processes and CPT Codes for Hysteroscopies

- Mr. Coney will testify that this case implicates claims submitted to Medicare and Medicaid for in-office hysteroscopy procedures. He will explain the reimbursement process generally and explain that providers bill Medicare and Medicaid using Current Procedural Terminology ("CPT") codes and associated service descriptions as published by the American Medical Association on an annual basis. Hysteroscopy procedures are billed under CPT codes 58555-58565.

- All claims submitted to Medicare and Medicaid for payment must be for reasonable and medically necessary items and services. The provider is responsible for justifying the medical necessity of a service. The Medicare and Medicaid programs and Tennessee law require physicians to create and maintain complete and accurate medical records.

- Medicare reimburses providers using a fee schedule that includes reimbursements for "Practice Expense," such as medical supplies and equipment. For all of the codes at issue in this case, the reimbursement amount from Medicare includes the cost of equipment necessary to perform the procedure.

### 4. Billing in this Case

- Mr. Coney will apply his knowledge of Medicare and Medicaid rules and regulations regarding claims and reimbursement for in-office hysteroscopy services to the facts of this case.

- Mr. Coney will answer hypothetical questions drawn from the facts of this case regarding how Medicare and Medicaid coverage guidelines are applied in different scenarios.

- Mr. Coney will testify regarding summary exhibits prepared by him explaining enrollment records, billing data and billing patterns in this case.

- Mr. Coney will quantify and summarize the amounts billed and paid for hysteroscopy procedures performed by Defendant and his women's health clinic as referenced in the Indictment—for particular beneficiaries and in total.

I, Daniel Coney, have reviewed the foregoing disclosure regarding my opinions, qualifications, and prior testimony, and it is true and accurate.

_____     \_October 14, 2025_____
Daniel Coney                                                                            Date

The United States requests disclosure under Fed. R. Crim. P. 16(b)(1)(C) of any potential defense witnesses who would give opinions as evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Respectfully submitted,

D. Michael Dunavant
United States Attorney
Western District of Tennessee

By:   /s/ Lynn Crum
LYNN CRUM
Assistant United States Attorney
167 N. Main St., Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

**CERTIFICATE OF SERVICE**

    I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to the attorneys for the defendant.

    This 14th day of October, 2025.

                                                    /s/   Lynn Crum
                                                  Assistant United States Attorney