IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**

         **Plaintiff,**

**VS.**                                                                                   **Criminal No. 25-cr-20032-SHL**

**SANJEEV KUMAR,**

         **Defendant.**

### UNITED STATES' RULE 16 EXPERT WITNESS DISCLOSURE

Pursuant to *U.S. v. White*, 492 F.3d 380 (6th Cir. 2007), United States gives notice of its intent to introduce the testimony of Jacob Stroup at trial in this case.

The United States does not consider Mr. Stroup a Rule 16 expert witness. He will be giving testimony solely based on his personal knowledge under FRE 602. However, to the extent that his testimony in this case "require[s him] to apply knowledge and familiarity . . . well beyond that of the average lay person[]" such that he may be considered an expert witness per *U.S. v. White*, 492 F.3d 380, 403 (6th Cir. 2007), and out of an abundance of caution, the United States provides this disclosure pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G), as well as Federal Rules of Evidence 702, 703, and 705.

This Notice does not serve either to summarize Mr. Stroup's testimony or to limit the subject areas about which he may testify. The government acknowledges its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rule of Criminal Procedure 16(c). Should unexpected events arise between now and trial which might require additional or different expert testimony, the government will promptly seek the Court's permission

1

to offer the testimony of additional or alternative expert witnesses.

Jacob Stroup is a Senior Data Analytic Specialist with the Tennessee Bureau of Investigation. In this role, he obtains data from TennCare and prepares summary information based upon that raw data.

Mr. Stroup's testimony will be based on his knowledge, training, skill, experience working with TennCare data, his experience and training as a data analyst, and his personal knowledge of the data analysis he prepared. He has not testified as an expert witness in the last four years.

The government anticipates that Mr. Stroup's testimony will cover the following topics and opinions:

- Mr. Stroup will introduce and authenticate the TennCare data pertaining to this case.
- Mr. Stroup will testify as to summary exhibits he prepared summarizing the TennCare data in this case.

I, Jacob Stroup, have reviewed the foregoing disclosure regarding my anticipated testimony, qualifications, and prior testimony, and it is true and accurate.

_____          10-14-2025
Jacob Stroup                             Date

The United States requests disclosure under Fed. R. Crim. P. 16(b)(1)(C) of any potential defense witnesses who would give opinions as evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

By:   /s/ Lynn Crum
LYNN CRUM
Assistant United States Attorney
167 N. Main St., Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

**CERTIFICATE OF SERVICE**

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to the attorneys for the defendant.

This 14th day of October, 2025.

/s/   Lynn Crum
Assistant United States Attorney

3