IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**VS.**        Criminal No. 25-cr-20032-SHL

**SANJEEV KUMAR,**

        **Defendant.**

---

### GOVERNMENT'S MOTION TO USE PSEUDONYMS

---

The United States moves this Court to permit certain witnesses to testify at trial under pseudonyms and permit the filing of related trial exhibits under seal.

Introduction

In order to protect the dignity and privacy of certain witnesses expected to testify at trial—namely Victim-1, Victim-2, Victim-3, Victim-4, Victim-5, Victim-6, Victim-7, Victim-8, Victim-9, and Victim-10 (the "Victims")[1][2]—the Government respectfully requests that the Court take certain measures at trial, which are narrowly tailored to the particular circumstances and privacy interests of each victim and consistent with the protections of victims of criminal gynecological care and sex crimes have been afforded in recent federal hearings. *See, e.g., United States v. Raniere*, No. 20 Cr. 3520, 2022 WL 17544087, at *6-*7 (2d Cir. Dec. 9, 2022) (summary order) (affirming the district court's order permitting testifying victims to testify by a

---

[1] The identifying numbers used herein correspond to those used in the Superseding Indictment. The identities of the Victims are already known to the defendant, and, as discussed further below, will be known to the jury.

[2] Victim-5 was a minor at the time of the conduct alleged in the Superseding Indictment.

1

nickname, first name, or pseudonym only, where the court "reasoned that requiring victims to provide their names in public 'could chill their willingness to testify, for fear of having their personal histories publicized'" and where defendant "already knew the identity of the individuals"); *United States v. Maxwell*, 20 Cr. 330 (S.D.N.Y. Nov. 1, 2021) (Dkt. No. 465 at 6-8) (permitting victims to testify under pseudonyms—a "quite common" proposal—because of the court's statutory duty to protect an alleged crime victim's right to be treated with fairness and with respect for the victim's "dignity and privacy," because of the "sensitive and inflammatory nature of the conduct alleged," and because if victims of abuse were subject to publicity, harassment, and embarrassment, "other alleged victims of sex crimes may be deterred from coming forward" to report abuse); *United States v. Ghosh*, 23 Cr. 140 (N.D.Ill. 2025)(Dkt. Nos. 60 and 65) (permitting victims of criminal gynecological care in the health care fraud context to use first names only during victim impact statements at sentencing).

The parties have conferred and the defense has informed the government that it agrees the Victims have a privacy interest that supports them not testifying under their own name, but opposes the Victims testifying under pseudonyms "Victim-1, Victim-2, etc."; "Jane Doe-1, Jane Doe-2, etc" as well as proposed neutral pseudonyms: Anna Smith, Beth Johnson, Claire Williams, Diane Jones, Ellen Brown, Fran Miller, Grace Wilson, Helen Thomas, Irene Martin, and Jane Lee.

Applicable Law

The Confrontation Clause guarantees defendants the right to cross-examine witnesses who testify against them. *See, e.g., United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008). This right, however, is not absolute. A defendant's rights under the Confrontation Clause must yield to accommodate other legitimate interests in the criminal trial process. *See, e.g., id.; see*

*also Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991) ("[T]here is no absolute right of an accused to have a jury hear a witness's true name and address."). For instance, trial courts have "wide latitude . . . to impose reasonable limits . . . on . . . cross-examination based on concerns about, among other things, harassment, prejudice, . . . or the witness's safety." *United States v. Al Farekh*, 810 F. App'x 21, 25 (2d Cir. 2020) (summary order) (alterations in original) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)); see Fed. R. Evid. 611(b) (imposing limits on the scope of cross-examination).

Strong public interests support limiting public disclosure of victim identities and other sensitive information. The Crime Victims' Rights Act, 18 U.S.C. § 3771, requires district courts to implement procedures to ensure that crime victims are accorded, among other rights, "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." *Id*. §§ (a)(1), (a)(8). Moreover, the public "has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe on behalf of Doe No. 1 v. Nygard*, No. 20 Civ. 6501 (ER), 2020 WL 4890427, at *3 (S.D.N.Y. Aug. 20, 2020) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)).

Given these strong public interests, victims often testify using only pseudonyms or their first name. *See, e.g., Raniere*, 2022 WL 17544087, at *6-7 (affirming district court's decision to permit victims in racketeering and sex trafficking prosecution to testify using first names, nicknames, or pseudonyms); *United States v. Camp*, No. 23 Cr. 63 (E.D.Va. 2023) Dkt. No. 32 (permitting adult victims in bank fraud case to go by initials or "John Doe" or "Jane Doe"); *United States v. Givhan,* No. 16 Cr. 57 (W.D.Ky. 2016), Dkt. No 74 *(*permitting victims in sex-trafficking case to testify under first name*); United States v. Zhong*, No. 16 Cr. 614, 2018 WL 6173430, at *1-2 (E.D.N.Y. Nov. 26, 2018) (permitting victims in forced labor trial to testify

using pseudonyms); Order at 2-3, *United States v. Martinez*, No. 17 Cr. 281 (E.D.N.Y. Dec. 18, 2017), Dkt. No. 34 (permitting victim to testify using pseudonym where the "case has already received significant national and local press coverage").

Because of the intimate nature of the alleged offense conduct, which may require victims to testify about "degrading and humiliating treatment," revealing victim identities "would likely cause . . . anxiety and risk social stigma," and "could chill the willingness of other alleged victims of sex crimes to come forward." Order at 2, *Martinez*, No. 17 Cr. 281 (E.D.N.Y. Dec. 18, 2017) (Dkt. 34). These interests significantly outweigh any defense interest, especially where the defense knows the true identities of victims and is able to mount their defense. *See Id.*

Where witnesses testify under pseudonyms, the concomitant sealing or redaction of exhibits containing their true names is appropriate. Although "the public has an 'especially strong' right of access to evidence introduced in trials," *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), it "is not absolute," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001). For example, "subject matter [that] is traditionally considered private rather than public" will weigh "heavily against access." *Amodeo*, 71 F.3d at 1050. This includes certain "financial records . . . , family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters . . . ." *Id*. at 1051. "[T]he 'venerable' privacy-interest exception to the presumption of access exists to avert 'cater[ing] 'to a morbid craving for that which is sensational and impure.'" *United States v. Cohen*, 366 F. Supp. 3d 612, 626-627 (S.D.N.Y. 2019) (quoting *Amodeo*, 71 F.3d at 1051).

Discussion

I. The Court Should Permit the Victims to Testify Under Pseudonym to Avoid Unnecessary Harassment, Humiliation, Social Stigma, and Professional Consequences

Accordingly, the government proposes measures that will protect against unnecessary public disclosure of the Victims' identities, to protect the Victims from potential harassment from the media and others, undue embarrassment, and other adverse consequences. The government intends to call ten former patients of Poplar Avenue Clinic. The government expects that the Victims will testify about the gynecological care that they received under Dr. Kumar and the providers he supervised, including testimony about their menstrual cycles, sexual history, sexually transmitted infection status, any prior pregnancies, wishes for future pregnancies, and generally, their reproductive health. Additionally, they will be describing the hysteroscopy procedures performed by Kumar and the other providers he supervised. A hysteroscopy is a gynecological medical procedure that allows a healthcare professional to examine the inside of the uterus using a medical device called a hysteroscope. The hysteroscope is inserted into the vagina, past the cervix, and into the uterus of a patient. The Victims have each expressed an interest in keeping their identity and medical information private and not publicly associated with this case.

II. The Use of Pseudonyms is Narrowly Tailored to the Particular Privacy Interests of the Victims

Since the defendant's arrest, this case has garnered media attention, and the government expects that members of the media will attend and report on the trial. While the Victims' names would not be known to the public, they will be revealed to the jury, and the defense is already aware of the identities of the Victims. The requested relief is appropriate to protect the privacy and dignity of the Victims and to minimize negative impacts on the Victims from testifying

under their real names about highly sensitive and personal information concerning alleged fraudulent insertion of hysteroscopes into their vagina. It would ensure that, while the substance of the Victims' testimony will remain public and may appear in the news and on the internet, these details will not be publicized side-by-side with each Victim's true name. *See* Order at 2-3, *Martinez*, No. 17 Cr. 281 (E.D.N.Y. Dec. 18, 2017) (Dkt. 34) ("This case has already received significant national and local press coverage. Revealing Jane Doe's identity would likely cause her anxiety and risk social stigma."). Making the Victims' association with this case public requires the Victims to be associated with the graphic details of their experiences, which they did not choose, not just in the general public consciousness, but with their families, friends, colleagues, and current and prospective employers. The government also requests that any exhibits identifying the names of witnesses testifying under pseudonyms be sealed. The government's sealing request is narrowly tailored to prevent public disclosure only of those exhibits which would identify by name the Victims testifying in this case. Any other result would defeat the purpose of permitting the Victims to testify using pseudonyms, incurring all the harms described above. *See United States v. Paris*, No. 06 Cr. 64, 2007 WL 1484974, at *2 (D. Conn. May 18, 2007) (concluding that the interest in protecting victim identities outweighs the public interest in access to information because "the public and press will be able to hear the Jane Does' and Minors' testimony in full"); *Maxwell*, 20 Cr. 330 (Dkt. 465 at 6) (permitting redaction of victims' real identities from exhibits).

<u>Conclusion</u>

Accordingly, the Government respectfully requests that the Court permit the Victims to testify, and be referred to by counsel and other witnesses, under pseudonyms and permit the filing of trial exhibits containing the names of the Victims under seal.

                                          Respectfully submitted,

                                          D. Michael Dunavant
                                          United States Attorney

                    By:    <u>/s/ Lynn Crum</u>
                           Assistant United States Attorney
                           167 N. Main St., Suite 800
                           Memphis, TN 38103
                           Telephone: (901) 544-4231

## CERTIFICATE OF CONSULTATION

I, Lynn Crum, Assistant United States Attorney, do hereby certify that, consistent with LCrR 12.1, the parties consulted regarding the relief sought in this motion on October 28, 2025. As of the filing of this motion, the parties have been unable to come to a consensus as to the relief.

This 28th day of October, 2025.

      /s/ Lynn Crum
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system, and via email to the attorneys for the defendant.

This 28th day of October, 2025.

/s/ Lynn Crum
Assistant United States Attorney