IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**

**VS.**                                    **Criminal No. 25-cr-20032-SHL**

**SANJEEV KUMAR,**

        **Defendant.**

---

**UNITED STATES' MOTION IN LIMINE NUMBER TWO TO PRECLUDE IMPROPER QUESTIONS TO ELICIT EXPERT TESTIMONY FROM DR. JONA BANDYOPADHYAY OUTSIDE THE SCOPE OF HER WRITTEN REPORT ON CROSS-EXAMINATION**

---

The government moves *in limine* to preclude any improper questions designed to elicit expert opinion testimony from Dr. Jona Bandyopadhyay outside the scope of her written report.

On October 14, 2025, the government submitted a Rule 16 Expert Disclosure statement disclosing its intent to introduce the testimony of Dr. Jona Bandyopadhyay at trial. (ECF 116.) Dr. Bandyopadhyay is the Deputy Chief Medical Officer of the Bureau of TennCare. In its disclosure, the government stated that Dr. Bandyopadhyay is a fact witness in this case and will be giving testimony solely based on her personal knowledge pursuant to FRE 602. The government provided a Rule 16 Expert Witness Disclosure to the extent that her testimony in this case "require[s her] to apply knowledge and familiarity . . . well beyond that of the average lay person[]" such that she may be considered an expert witness per *U.S. v. White*, 492 F.3d 380, 403 (6th Cir. 2007). Because Dr. Bandyopadhyay is being disclosed solely due to the specialized knowledge her testimony may require, and not because she is serving as an expert witness on behalf of the government, Defendant

1

must be precluded from seeking to elicit blanket expert opinion testimony on cross-examination that would be outside the scope of the opinions contained in her report.

The Sixth Circuit has acknowledged that cases in which a physician testifies based on their own perception of relevant facts "can pose some challenges on the line between lay and expert opinion testimony because [the physicians] are percipient witnesses who also possess specialized knowledge." *United States v. Betro*, 115 F.4th 429, 450 (6th Cir. 2024). "The distinction between lay witness and expert witness testimony is far from clear in cases where . . . a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case." *Allied Erecting & Dismantling Co. v. United States Steel Corp.*, No. 22-3585, 2023 WL 5322213, at *7 (6th Cir. Aug. 18, 2023) (internal quotation omitted). Ultimately, the Sixth Circuit has emphasized that because "Rules 701 and 702 distinguish between lay and expert *testimony*, not *witnesses* . . . [o]ne witness may properly offer lay testimony and, at the same time, may be precluded from putting forth expert testimony." *Id.* (internal quotations omitted) (emphasis in original).

In order to comply with *U.S. v. White* and ensure that Defendant received as much notice as possible, the government has opted to provide Defendant with a Rule 16 disclosure as to anticipated testimony of Dr. Bandyopadhyay's that may require specialized knowledge. The government disclosed that Dr. Bandyopadhyay prepared a written report in 2021 that documented her clinical findings as part of a medical records review by TennCare into billing by Poplar Avenue Clinic. That report has been provided to Defendant in discovery. It is of course proper and expected that Defendant would cross-examine Dr. Bandyopadhyay as to the opinions contained in her report and her testimony on direct. However, it would be improper to permit Defendant to seek general expert opinion testimony from Dr. Bandyopadhyay—such as asking about hypothetical scenarios

or other opinion testimony about patient care more generally—that does not directly relate to the content of her written report. Therefore, the government moves that the Court preclude Defendant from seeking improper expert opinion testimony from Dr. Jona Bandyopadhyay that is outside the scope of her report.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

By:   /s/ Lynn Crum
LYNN CRUM
Assistant United States Attorney
167 N. Main St., Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

## CERTIFICATE OF SERVICE

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to the attorneys for the defendant.

This 3rd day of November, 2025.

  /s/ Lynn Crum
Assistant United States Attorney