IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                             Cr. No. 2:25cr20032-SHL

**SANJEEV KUMAR,**

    **Defendant.**

---

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
GOVERNMENT'S 404(b) EVIDENCE REGARDING CHANGE IN REPROCESSING
PRACTICES FOR HYSTEROSCOPES AFTER SEARCH WARRANT**

---

Defendant Dr. Sanjeev Kumar, by and through undersigned counsel and pursuant to Federal Rules of Evidence 401, 402, 403, 404(b) and 407, respectfully moves this Court to exclude evidence of an alleged change in reprocessing practices for hysteroscopes after the execution of a search warrant at Poplar Avenue Clinic on April 16, 2024 (hereinafter "Search Warrant"). This evidence constitutes inadmissible "other acts" evidence under Federal Rule of Evidence 404(b), is substantially more prejudicial than probative under Federal Rule of Evidence 403, and further is barred by Federal Rule of Evidence 407, which prohibits evidence of subsequent remedial measures for the exact reasons the Government seeks to introduce this evidence. As explained more fully herein, this evidence should be excluded from trial.

## BACKGROUND

On October 30, 2025, the Grand Jury returned a Second Superseding Indictment ("Indictment") against Dr. Kumar. (Second Superseding Indictment, ECF No. 135.) Relevant to this Motion, the Indictment charges Dr. Kumar with sixteen (16) charges of adulterating single-use medical devices (Counts 1–16), sixteen (16) charges of misbranding reprocessed single-use

devices (Counts 17–32), and three counts of adulterating hysteroscopes cleared for processing (Counts 33–36), all occurring on or about the date of the Search Warrant and seizure at Poplar Avenue Clinic, April 16, 2024.  Further, Count 47 charges Dr. Kumar with committing health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, from September 2019 through April 2024 by billing government health care programs and stating he was not using adulterating and/or misbranded devices in the billed procedures. (*Id.* at 27–28.)

The Government intends to offer evidence at trial of an alleged change in reprocessing practices for hysteroscopes after the search warrant: "that single use hysteroscopes were no longer reused after the execution of the search warrant at Poplar Avenue Clinic on April 16, 2024. There will also be evidence that the reprocessing practice changed for hysteroscopes cleared for reprocessing."  (*Notice of Intent to Offer Evidence under Federal Rule of Evidence 404(b)* (hereinafter "Notice"), ECF No. 98, at 10.)

The Government contends this evidence is intrinsic to the charges in the Superseding Indictment. (*Id.*)  Notably, the Government states that the changes "happened immediately after the search warrant was executed and within the timeframe of Count 4 [of the Superseding Indictment]", (which is now dismissed).  (*Id.*)  The Notice further states that the evidence is "indicative of [Dr. Kumar's] consciousness of guilt" and is further permissible under Rule 404(b) to show modus operandi, plan and preparation, and intent to defraud. (*Id.*)  The Government argues that this evidence should not be excluded under Federal Rule of Evidence 403 because "it is not prejudicial in that it is conduct less troublesome than the charged offenses" and that "[d]iscarding single use devices is also not even a 'bad act' and is only noticed in the event that Defendant challenges the admissibility of these actions collectively." (*Id.* at 10–11.)

## **STANDARD**

"Evidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. To be relevant, evidence must, at least, be "a step on one evidentiary route to the ultimate fact" at issue. *Old Chief v. United States*, 519 U.S. 172, 179 (1997). "Rule 401 is not a standalone rule. Rule 402 says that the general admissibility of relevant evidence must yield to other Rules." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020).

Rule 404 prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may be admissible only for non-propensity purposes—such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—and only after the Government provides sufficient reasonable notice to the defendant. Fed. R. Evid. 404(b)(2), (3).

Even if admissible under Rule 404(b), evidence remains subject to Rule 403, which permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). The Sixth Circuit has defined unfair prejudice as the "'undue tendency to suggest a decision based on improper considerations,' like the chance that the jury will convict the defendant because of his prior, instead of his charged, conduct." *Asher*, 910 F.3d at 861 (quoting *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999)). "One form of unfair prejudice involves the risk that the prior act could cause the jury to reach a verdict based on emotions instead of evidence." *Id.* at 861. "Another risk of unfair prejudice . . . involves the

tendency of the evidence to lure the factfinder into an impermissible propensity line of reasoning—'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged.'" *Id.* at 862 (quoting *Old Chief*, 519 U.S. at 180.) "Where . . . the probative value of the evidence is modest . . . , courts must be especially careful not to allow that evidence to reach the jury if the evidence is unduly prejudicial." *Id.* at 863.

## LAW AND ARGUMENT

Evidence of a change in reprocessing procedures for scopes after the Search Warrant is plainly not *res gestae* to the charges against Dr. Kumar, which are all charged as occurring on or before that day. This evidence cannot pass Rule 404(b)'s muster because it is not being admitted for a proper purpose and further fails under Rule 403's balancing test because it is substantially more prejudicial than probative and confuses the issues for the jury to decide at trial. Moreover, evidence of a change in reprocessing procedures for scopes after the Search Warrant is properly excludable under Federal Rule of Evidence 407, which prohibits evidence of subsequent remedial measures for the purpose of proving culpability. For this multitude of reasons, the evidence should be excluded.

**I.     Evidence of a change in reprocessing procedures for scopes after the Search Warrant is not *res gestae* to the Second Superseding Indictment.**

The concept of *res gestae* does not give the Government "unfettered rein" to introduce evidence at trial of a change in reprocessing procedures for scopes after the Government executed the Search Warrant. *United States v. Brown*, 888 F.3d 829, 838 (6th Cir. 2018) (quoting *United States v. Hardy*, 228 F.3d 745, 749 (6th Cir. 2000)). Rather, "[c]oncerned with the potential for abuse of background evidence as a means to circumvent Rule 404(b), [the Sixth Circuit] ha[s] recognized '*severe* limitations as to "temporal proximity, causal relationship, or spatial connections" among the other acts and the charged offense.'" *United States v. Adams*, 722 F.3d

4

788, 810 (6th Cir. 2013) (quoting *United States v. Clay*, 667 F.3d 689, 698 (6th Cir. 2012) (emphasis added)). Evidence of other acts occurring on subsequent dates after the charged offense "rarely constitute[s] background evidence". *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015) (discussing approximately twenty-day gap between charged conduct and subsequent event). Here, the Court should "err on the side of caution" with the Government's proffered *res gestae* evidence and should exclude it because it "serve[s] as a 'backdoor to circumvent [the] goals' of Rule 404(b)." *Id.* (quoting *Clay*, 667 F.3d at 698).

Evidence of changes in reprocessing scopes after the Search Warrant occurred on April 16, 2024, is "not necessary to explain the charged offense[s]" or to "complete the story" of the charges in the Indictment. *Hardy*, 228 F.3d at 749–50. The adulteration and misbranding charges are single-act offenses and are not subject to a continuing offense theory that could theoretically span past the charged date of offense, which is the date of the Search Warrant. *United States v. Salerno*, 2011 WL 6141017, at *2–3 (M.D. Pa. Dec. 9, 2011)). Stated differently, "[t]he story" of those charges "was complete" on the date of the Search Warrant. *Gibbs*, 797 F.3d at 424. The same is true for Count 46, which charges Dr. Kumar for committing health care fraud for misrepresenting in billings that adulterated and/or misbranded devices were not used. "The story" of that charge "was complete" on the date of the allegedly fraudulent billing or the last date of the health care fraud "scheme", *see* 18 U.S.C. § 1347, which the Government contends ended on the date of the Search Warrant.[1]

Even if the Government could prove that Dr. Kumar changed his reprocessing practices shortly thereafter the Search Warrant was conducted, the existence of a short time frame between

---

[1]For these reasons, evidence of a change in reprocessing procedures after the Search Warrant is also irrelevant and not admissible under Federal Rule of Evidence 401.

5

the charges and the change in practices does not render the evidence *res gestae*. In *Gibbs*, for example, the Sixth Circuit found that the district court abused its discretion by admitting evidence that occurred approximately twenty days after the charged conduct because "[t]he story was complete without any reference to the [action] that occurred one month later." *Gibbs*, 797 F.3d at 424. The same is true here, and the evidence is not *res gestae* to the Indictment.

II. **Federal Rules of Evidence 404(b) and 403 bar the admission of evidence of a change in reprocessing practices after the Search Warrant.**

Even if the Government could somehow establish that it is offering evidence of a change in reprocessing procedures for a permissible, non-propensity purpose, the evidence's probative value[2] is substantially outweighed by its potential prejudicial effect, and thus must be excluded under Federal Rules of Evidence 404(b) and 403.

To determine whether other acts[3] evidence is properly admissible under Rule 404(b), courts use a three part analysis. "*First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (emphasis in original). "*Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character." *Id.* "*Third*, if the evidence is probative of a material issue other than character, the district court must decide whether

---

[2] Evidence of conduct that occurred after the Search Warrant has minimal probative value.

[3] The Government appears to argue that not reusing single-use medical devices after the Search Warrant is not a "bad act" and thus not subject to Rule 404(b). (*See* Notice, ECF No. 98, at 10 ("Discarding single use devices is also not even a 'bad act' and is only noticed in the event that Defendant challenges the admissibility of these actions collectively.") The Government misreads Federal Rule of Evidence 404(b), which prohibits the admission of "any other crime, wrong, or *act*" for propensity purposes. Fed. R. Evid. 404(b) (emphasis added).

6

the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Id.*

Federal Rule of Evidence 403 similarly bars the admission of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *United States v. Mubarak*, 2025 WL 2965694, at *2 (6th Cir. Oct. 21, 2025) (noting evidence properly admissible under Rule 404(b) still subject to Rules 402 and 403).  The Rule also permits evidence to be excluded if its probative value is substantially outweighed by "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *e.g.*, *United States v. Jakits*, 129 F.4th 314, 330 (6th Cir. 2025).

Even if the Government's evidence could survive the first two steps of Rule 404(b)'s analysis, the probative value of the Government's proffered evidence, which is minimal because the Government's charges do not encompass the time period after the Search Warrant, is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and causing undue delay.  "A legitimate component of [the Rule 403] weighing process is the trial court's informed judgment whether despite the 'technical' admissibility of the other acts evidence, the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of [Rule 404(b)] states that it may not be used." *Hardy*, 228 F.3d at 750.  Here, there is a "very great . . . likelihood . . . that the jurors will use the evidence [of a change in reprocessing procedures] precisely for the purpose that it may not be considered", which here is to suggest that Dr, Kumar acted in conformity with his alleged intent to improperly reuse medical devices and bill government health care programs for those procedures. *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994); *see also United States v. Weir*, 2025 WL 475099, at *5 (6th Cir. Feb. 12, 2025) ("Because the government would proffer the prior federal convictions to show prior bad

7

character, this evidence 'tends to suggest decision on an improper basis' and is therefore 'unfairly prejudicial.'" (quotations omitted)).

What Dr. Kumar and/or Poplar Avenue Clinic did after the Search Warrant also confuses the issues before the jury. To reiterate, the Government's charging period ends on the day of the search warrant. This is reflected in the Government's Notice, which states that reprocessing changes "happened immediately after the *search warrant was executed* and within the timeframe of Count 4 [of the Superseding Indictment]" (which is now dismissed). (Notice, ECF No. 98, at 10.) The introduction of evidence about what happened after the Search Warrant occurred will create a "trial within a trial", which is currently estimated to last for approximately 17 days, as to how Dr. Kumar and Poplar Avenue Clinic responded to the Search Warrant and for what reasons. *See Yu Qin*, 688 F3d at 264 (stating the concern for undue delay is that whether the allegations of defendant's other actions "are with or without merit could result in a trial within a trial" and stating that, in that case, "the risk of undue delay is substantial enough that it is likely sufficient in itself to justify exclusion of the evidence under Rule 403"). Another concern is that the "amount of time and number of witnesses needed to present and rebut these allegations would almost certainly influence the jury's perception of its relative importance and could cause confusion that this alleged conduct is part of the criminal charges for which [Dr. Kumar is] on trial." *Id.* For example, there are employees who worked for Dr. Kumar before the Search Warrant that did not work for him after the Search Warrant, and vice versa. Thus, introduction of evidence about Dr. Kumar and/or Poplar Avenue Clinic's practices after the Search Warrant occurred necessarily involves the testimony of different witnesses.

### III. Evidence of subsequent remedial measures must be excluded under Rule 407.

The Government's proffered evidence is barred by Federal Rule of Evidence 407. Under that rule, evidence of subsequent measures that would have made an earlier injury or harm less likely to occur is inadmissible to prove culpable conduct. Fed. R. Evid. 407; *see also United States v. Patrick*, 2016 WL 6610983 (E.D. Mich. Nov. 9, 2016) (applying rule in criminal case) ("Any clean-up of the oil, repair of the engine room, or alterations to the by-pass system following the investigation is irrelevant under Rule 407 to the extent the Government seeks to introduce it to prove Defendants' culpability.").[4] Similarly here, evidence that Poplar Avenue Clinic stopped using single-use hysteroscopes or changed its reprocessing practices for multi-use hysteroscopes is not admissible under Rule 407 because the Government is using the evidence to prove Dr. Kumar's culpable conduct. The Government's Notice states that it intends to introduce this evidence to show Dr. Kumar's "consciousness of guilt . . . modus operandi, plan and preparation, and intent to defraud." (Notice, ECF No. 98, at 10.) Though Rule 407 permits evidence of subsequent remedial measures to prove "ownership, control, or the feasibility of precautionary measures", *see* Fed. R. Evid. 407, the Government's Notice clearly reflects that none of these reasons are the purpose for which it intends to offer this evidence.

### CONCLUSION

For the foregoing reasons, Dr. Kumar respectfully requests that the Court grant this Motion in *Limine* and exclude under Federal Rules of Evidence 401, 402, 403, 404(b) and 407, evidence

---

[4] Though some courts have concluded that Federal Rule of Evidence 407 does not apply to criminal cases, *e.g.*, *United States v. Gallagher*, 1990 WL 52722, at *1 (E.D. Pa. 1990), undersigned counsel has found no United States Supreme Court or Sixth Circuit decision limiting the application of Rule 407 to civil matters. Moreover, other courts have applied Rule 407 to criminal matters. *E.g.*, *United States v. Shanrie Co.*, 2008 WL 161467, at *1 (S.D. Ill. Jan. 17, 2008); *United States v. Pacific Gas & Elec. Co.*, 178 F. Supp. 3d 927, 951 (N.D. Cal. 2016); *United States v. Patrick*, 2016 WL 6610983 (E.D. Mich. Nov. 9, 2016).

9

of an alleged change in reprocessing practices for hysteroscopes after the execution of a search warrant at Poplar Avenue Clinic on April 16, 2024.

          Respectfully submitted,

          s/ Elena R. Mosby
          Lawrence J. Laurenzi (TN BPR No. 9529)
          Elena R. Mosby (TN BPR No. 40562)
          BURCH, PORTER & JOHNSON, PLLC
          130 North Court Avenue
          Memphis, TN 38103
          901-524-5000
          llaurenzi@bpjlaw.com
          emosby@bpjlaw.com

          Maritsa A. Flaherty (*pro hac vice*) (Cal. Bar No. 327638)
          CHAPMAN LAW GROUP
          1441 W. Long Lake Rd., Suite 310
          Troy, Michigan 48098
          (248) 644-6323
          mflaherty@chapmanlawgroup.com

          Ronald Chapman, II (*pro hac*) (Mich. Bar No. P73179)
          THE CHAPMAN FIRM
          1300 Broadway
          Detroit, MI 48226
          Phone: (346) Chapman
          Ron@chapmanandassociates.com

          *Attorneys for Dr. Sanjeev Kumar*

## NOTICE OF CONSULTATION

      Counsel for Dr. Kumar, Elena R. Mosby, consulted with counsel for the Government, Lynn Crum, on October 27, 2025, via e-mail about the instant motion. The Government opposes the motion and thus the Parties are unable to reach an accord as to all issues.

                                                        s/ Elena R. Mosby