IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                  Cr. No. 2:25cr20032-SHL

**SANJEEV KUMAR,**

    **Defendant.**

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S SECOND MOTION IN LIMINE TO PRECLUDE IMPROPER QUESTIONS TO ELICIT EXPERT TESTIMONY FROM DR. JONA BANDYOPADHYAY OUTSIDE THE SCOPE OF HER WRITTEN REPORT ON CROSS-EXAMINATION**

---

At the outset, the Government's Second Motion in Limine should be dismissed pursuant to Local Criminal Rule 12.1, for failing to consult with counsel for Defendant prior to filing the instant motion. LCrR 12.1. Substantively, the Government's Motion should likewise be dismissed as it prematurely and improperly applies the Rules of Evidence.

### BACKGROUND

On October 14, 2025, the Government filed a Rule 16 Expert Witness Disclosure (hereinafter "Expert Disclosure") of its intent to introduce the testimony of Dr. Jona Bandyopadhyay. (ECF No. 116.) Government stated in their Expert Disclosure, that they do "not consider Dr. Bandyopadhyay a Rule 16 expert witness," and that "[s]he will be giving testimony solely based on her personal knowledge under FRE 602." (*Id*. at 1.) However, the Government noted that her testimony may require her "'to apply knowledge and familiarity … well beyond that of the average lay person[].'" (*Id*. at 1 (citing *United States v. White*, 492 F.3d 380, 403 (6th Cir.

1

2007).) The Government anticipated Dr. Bandyopadhyay will testify to "authenticating her written report documenting her *clinical* review findings …. "(*Id*.at 2 (emphasis added).)

## STANDARD

Rule 602 provides "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Rule 602 "does not apply to a witness's expert testimony under Rule 703."

The Federal Rules of Evidence permit opinion testimony in limited circumstances. For non-designated experts, opinion testimony "is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Even if designated as an expert, there are limitations on opinion testimony. Expert testimony must: "(a) … help the trier of fact to understand the evidence or to determine a fact in issue; (b) …[be] based on sufficient facts or data; (c) … [be] the product of reliable principles and methods; and (d) … "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. Such limited opinion testimony may be based on "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

Evidence remains subject to Rules 401, 403 and 404(b), in that it must still be relevant, its probative value must outweigh its unfair prejudicial value, and it must not be improper character evidence. "Evidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. To be relevant, evidence must, at least, be "a step on one evidentiary route to the ultimate fact" at issue. *Old Chief v. United States*, 519 U.S. 172, 179 (1997). "Rule 401 is not a standalone rule. Rule 402 says that the

2

general admissibility of relevant evidence must yield to other Rules." *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020).

## LAW AND ARGUMENT

One cannot "surreptitiously circumvent[] 'the reliability requirements set forth in Rule 702 . . . through the simple expedient of proffering an expert in lay witness clothing . . . by simply calling an expert witness in the guise of a layperson.'" *White*, 492 F.3d at 400–401 (citing Fed. R. Evid. 701 advisory committee's note (2000)). The Government is attempting to dress Dr. Bandyopadhyay up in lay witness clothing to circumvent the Rules of Evidence and admit her clinical review. This is precisely what *White* prohibits.

In *White*, the question for the Court was whether "Medicare auditors properly testified as lay witnesses." *White*, 492 F.3d at 399. The Court noted "the Federal Rules of Evidence distinguish between lay and expert testimony, not *witnesses*." *Id.* at 403. Ultimately, the Court found "the district court erred when it allowed [the auditors] to testify without being qualified as experts." *Id.* The Court noted "[t]he Medicare program operates within a complex and intricate regulatory scheme and we cannot say that the average lay person, including any Medicare beneficiary, commands a working knowledge of Medicare reimbursement procedures." *Id.* (*citing* United States v. Strange, 23 F. App'x 715, 717 (9th Cir. 2001)). However, the same witnesses' also provided "lay testimony since they discussed the facts as they personally perceived them," which included testifying about "various government exhibits, including cost reports and supporting documentation submitted for Medicare audits …. [and] the Medicare Provider Reimbursement Manual." *White*, 492 F.3d at 405.

Here, the Government acknowledges that Dr. Bandyopadhyay's findings are opinion testimony stating, "[i]t is of course proper and expected that Defendant would cross-examine Dr.

3

Bandyopadhyay as to the opinions contained in her report…." (*Government's Second Motion in Limine*, ECF No. 140, at 2.) Dr. Bandyopadhyay is anticipated to testify about "the TennCare clinical review process …. [and] her clinical review findings…." (*Expert Notice*, ECF 116 at 2.) Both require her "to apply knowledge and familiarity … well beyond that of the average lay person[]." *White*, 492 F.3d at 403. She lacks personal knowledge of the medical treatment of each patient received and is anticipated to testify to her "clinical" review of medical records. *Id*. Just because she personally reviewed the files, she is not removed from the purview of an expert witness and placed into a lay witness category. To do so, would effectively render useless Rules 701, 702, and 703. Her clinical findings are no different from the Government's proposed expert, Dr. Matt McDonald. The Government cites no reason, rationale, or case law that explain why Dr. Bandyopadhyay's medical opinions, to the extent the Government seeks to introduce them, should be treated any different.

To the extent that the Government seeks to admit opinion testimony from Dr. Bandyopadhyay, such testimony is subject to the Federal Rules of Evidence. It is premature and improper to preclude Defense from certain cross-examination.

## CONCLUSION

For the foregoing reasons, Dr. Kumar respectfully requests that the Court deny the Government's Second Motion in Limine and reserve specific evidentiary rulings for trial.

Respectfully submitted,

s/ *Maritsa A. Flaherty*
Maritsa A. Flaherty (*pro hac vice*) (Cal. Bar No. 327638)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6323

4

mflaherty@chapmanlawgroup.com

Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
901-524-5000
llaurenzi@bpjlaw.com
emosby@bpjlaw.com


Ronald Chapman, II (*pro hac*) (Mich. Bar No. P73179)
THE CHAPMAN FIRM
1300 Broadway
Detroit, MI 48226
Phone: (346) Chapman
Ron@chapmanandassociates.com

*Attorneys for Dr. Sanjeev Kumar*

5