**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

UNITED STATES OF AMERICA,

       **Plaintiff,**

**v.**                                     **Cr. No. 2:25cr20032-SHL**

SANJEEV KUMAR,

       **Defendant.**

---

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S
SUPPLEMENTALLY NOTICED RULE 404(B) EVIDENCE**

---

The Government has made abundantly clear that is attempting to introduce evidence of anything but the conduct charged against Dr. Kumar in the Second Superseding Indictment. Defendant Dr. Sanjeev Kumar, by and through undersigned counsel and pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), respectfully moves this Court to exclude the evidence outlined in the *United States' Supplemental Notice of Intent to Offer Intrinsic Evidence, or Alternatively Evidence Under Federal Rule of Evidence 404(b)* (hereinafter "Supplemental Notice"). (ECF No. 138.) The Government intends to offer evidence that patients not charged in the Second Superseding Indictment received allegedly unnecessary hysteroscopy procedures. As explained more fully herein, this evidence is not relevant, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay, and thus should be excluded under Rules 403 and 404(b).

## BACKGROUND

At the eleventh hour, on Monday, November 3, 2025, at approximately noon, the Government filed its Supplemental Notice. The Supplemental Notice states that the Government intends to offer evidence of medically unnecessary hysteroscopy procedures performed on the

patient identified as Victim No. 2 in the Superseding Indictment.  (ECF No. 138 at 2.)  All charges related to that patient were dismissed in the *Order Granting Defendant's Motions to Dismiss*, entered on October 17, 2025.  (ECF No. 124.)  The Government also intends to introduce evidence of unnecessary hysteroscopy procedures for fourteen additional patients who are not identified, nor have any corresponding charges, in the Second Superseding Indictment.  (Supplemental Notice, ECF. No. 138, at 4.)   Simply put, the Government is asking for a "trial within a trial" on fifteen patients who are not charged in the Second Superseding Indictment.

## STANDARD

"Evidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  To be relevant, evidence must, at least, be "a step on one evidentiary route to the ultimate fact" at issue.  *Old Chief v. United States*, 519 U.S. 172, 179 (1997).  "Rule 401 is not a standalone rule.  Rule 402 says that the general admissibility of relevant evidence must yield to other Rules."  *United States v. Hazelwood*, 979 F.3d 398, 409 (6th Cir. 2020).

Rule 404 prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence may be admissible only for non-propensity purposes—such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—and only after the Government provides sufficient reasonable notice to the defendant. Fed. R. Evid. 404(b)(2), (3).

Even if admissible under Rule 404(b), evidence remains subject to Rule 403, which permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018). The Sixth Circuit has defined unfair prejudice as the "'undue tendency to suggest a decision based on improper considerations,' like the chance that the jury will convict the defendant because of his prior, instead of his charged, conduct." *Asher*, 910 F.3d at 861 (quoting *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999)). "One form of unfair prejudice involves the risk that the prior act could cause the jury to reach a verdict based on emotions instead of evidence." *Id.* "Another risk of unfair prejudice . . . involves the tendency of the evidence to lure the factfinder into an impermissible propensity line of reasoning— 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged.'" *Id.* at 862 (quoting *Old Chief*, 519 U.S. at 180.) "Where . . . the probative value of the evidence is modest . . . , courts must be especially careful not to allow that evidence to reach the jury if the evidence is unduly prejudicial." *Id.* at 863.

## LAW AND ARGUMENT

Evidence of allegedly unnecessary hysteroscopies performed on patients not charged in the Second Superseding Indictment should be excluded under Federal Rules of Evidence 403 and 404(b) because the evidence's probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay. Fed. R. Evid. 403, 404. "A legitimate component of [the Rule 403] weighing process is the trial court's informed judgment whether despite the 'technical' admissibility of the other acts evidence, the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of [Rule 404(b)] states that it may not be used." *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000) (conducting Rule 403 balancing under Rule 404(b)). "[T]he likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the

3

defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again.'" *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994); *United States v. Owen*, 2024 WL 815529, at *10 (W.D. Ky. Feb. 27, 2024) (excluding other acts evidence because it was "highly prejudicial, as it amount[ed] to an additional uncharged count of bank fraud"). Here, evidence of unnecessary hysteroscopy procedures for fifteen patients unnamed in the Second Superseding Indictment runs a substantial risk that the jurors will use the evidence to convict Dr. Kumar for crimes with which he is not charged and thus is substantially more prejudicial than probative and inadmissible under Rules 403 and 404(b). *Asher*, 910 F.3d at 862 ("This risk [of propensity reasoning] is heightened when the prior act is much like the charged conduct.").[1]

Admitting this evidence will also cause undue delay by creating a "trial within a trial". *United States v. Yu Qin*, 688 F.3d 257, 264 (6th Cir. 2012) (stating the concern for undue delay is that whether the allegations of defendant's other actions "are with or without merit could result in a trial within a trial" and stating that, in that case, "the risk of undue delay is substantial enough that it is likely sufficient in itself to justify exclusion of the evidence under Rule 403"). The Government is seeking to put on evidence of allegedly unnecessary hysteroscopies performed on *fifteen* patients. An inquiry into whether a procedure is necessary requires not only expert testimony but an examination of a patient's medical history and symptoms. The jury will be left to decide whether dozens of procedures were necessary, even though those procedures are not charged in the Second Superseding Indictment, which is a classic example of a trial within a trial. Further, testimony from the Government's witnesses about the procedures performed on these

---

[1] The Government appears to argue that evidence of medical procedures performed on these fifteen patients also proves re-use of single-use devices. The Government has provided <u>no</u> discovery to the defense linking the improper reuse of medical devices to procedures performed on these patients.

uncharged patients is substantially more prejudicial than probative, confuses the issues before the jury, and also misleads the jury.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Dr. Kumar respectfully requests that the Court grant this Motion in Limine and exclude under Federal Rules of Evidence 401, 402, 403, and 404(b) any evidence of unnecessary procedures for the patients identified in the Supplemental Notice.

Respectfully submitted,

s/ Lawrence J. Laurenzi
Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
901-524-5000
llaurenzi@bpjlaw.com
emosby@bpjlaw.com

Maritsa A. Flaherty (*pro hac vice*) (Cal. Bar No. 327638)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6323
mflaherty@chapmanlawgroup.com

Ronald Chapman, II (*pro hac*) (Mich. Bar No. P73179)
THE CHAPMAN FIRM
1300 Broadway
Detroit, MI 48226
Phone: (346) Chapman
Ron@chapmanandassociates.com

*Attorneys for Dr. Sanjeev Kumar*

5

## <u>NOTICE OF CONSULTATION</u>

      Counsel for Dr. Kumar, Elena R. Mosby, consulted with counsel for the Government, Lynn Crum, on November 6, 2025, via e-mail about the instant motion. The Government opposes the instant motion and thus the Parties are unable to reach an accord as to all issues.

s/ Lawrence J. Laurenzi        
