IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

VS.                                                                  Criminal No. 25-cr-20032-SHL

**SANJEEV KUMAR,**

        **Defendant.**

---

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EVIDENCE REGARDING CHANGE IN REPROCESSING PRACTICES FOR HYSTEROSCOPES AFTER SEARCH WARRANT

---

The United States opposes defendant Sanjeev Kumar's motion in limine at ECF 143. This motion deals with the government's notice of its intent to use 404(b) evidence at ECF 98, specifically the part of the notice at page 10 that speaks to the defendant's change in reprocessing practices for hysteroscopes after the search warrant. In its notice, the government advised that "[t]here will be evidence that single use hysteroscopes were no longer reused after the execution of the search warrant at Poplar Avenue Clinic on April 16, 2024." ECF 98, p. 10. And that "[t]here will also be evidence that the reprocessing practice changed for hysteroscopes cleared for reprocessing." *Id*. The defendant moved in limine to exclude this evidence for several reasons. ECF 143, Mot. in Lim. to Exclude 404(b) Evid. The government responds to each reason in turn, contending that each of defendant's arguments is without merit, and that the evidence is properly admissible as intrinsic or, in the alternative, as permissible other acts evidence.

<u>*The post search warrant evidence is intrinsic to the Second Superseding Indictment.*</u>

The defendant claims the post search warrant evidence is not admissible as *res gestae* or intrinsic evidence. The defendant relies on several cases in contending that the government's proffered evidence would violate the goals of Rule 404(b). *Id*. at p. 5. The defendant's claims are unpersuasive and inconsistent with law.

"*Res gestae* is sometimes also known as intrinsic evidence. Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (internal quotation marks and citation omitted). The Sixth Circuit has "recognized the admissibility of r*es gestae*, or background evidence, in limited circumstances when the evidence includes conduct that is inextricably intertwined with the charged offense." *Id*. (internal quotation marks and citation omitted).

The proffered post search warrant evidence is *res gestae* because the changes in reprocessing occurred immediately after the search warrant and because multiple government witnesses will contrast pre-search warrant hysteroscope reprocessing procedures with post-search warrant hysteroscope procedures. Being able to refer to the search warrant and the change in procedures immediately after the search warrant will serve as a necessary landmark in time for witnesses who worked for the defendant across both periods. The government submits that the proffered evidence has the "causal, temporal[, and] spatial connection with the charged offense" that the rule contemplates and should therefore be admitted. *Id*. (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)).

The defendant relies on *United States v. Brown*, but the case is distinguishable. There, where the indictment alleged a violation of 922(g)(1), the trial court admitted recordings of phone calls in which a history of the domestic violence was discussed. 888 F.3d 829, 838 (6th Cir. 2018). In explaining why the portions of the calls with the domestic violence references were not intrinsic to the gun charge and should have been excluded, the Sixth Circuit pointed out that "[t]he crime at issue was defendant's possession of the gun, and references to him being violent in the past or having a history of domestic violence were not necessary or integral to telling the story of what occurred." *Id*. This is a far cry from what we have in the instant case. The proffered post-search warrant information has nothing to do with additional bad acts but rather relates to a point in time immediately after the charged conduct which is necessary for witnesses to utilize to tell the whole story of how the defendant directed treatment of medical devices over a wide spectrum of time. As such, *Brown* is distinct from the instant case and does not benefit the defendant.

The defendant's reliance on *United States v. Gibbs* for the claim that the government seeks a "backdoor" to circumvent Rule 404(b) is also misplaced for the same reasons. 797 F.3d 416 (6th Cir. 2015). There, the defendant was charged with two counts of felon in possession of ammunition based on spent shell casings recovered at the scene of a shooting. Evidence of another shooting that took place approximately one month later was admitted as *res gestae* because, based on the government's argument, both shootings were retaliations for the same incident – a theft that had occurred sometime prior to both shootings. In holding that the evidence of the second shooting was not *res gestae*, the Sixth Circuit stated that "[t]he problem with the government's theory is that, in this case, [d]efendant was simply charged with being a felon in possession of ammunition. Background evidence must be inextricably intertwined with or necessary to complete the story of

3

the charged offense." *Id*. at 423. And that "[r]etaliation that occurred one month after the shooting is not at all necessary to determine whether [d]efendant possessed ammunition at that earlier time." *Id*. Here, the proffered post-search warrant evidence is of an *immediate* transition to more stringent reprocessing regimens rather than a change that occurred a month or more later. Also, the sudden change in reprocessing is inextricably bound to the device usage and reprocessing story that needs to be told given that the majority of the charges in the case allege device adulteration.

Furthermore, the government anticipates that a major contention in the case will be whether the defendant was in fact holding for sale (in the meaning of 21 U.S.C. § 331(k)) the devices that were seized by law enforcement at the time of April 16, 2024, or whether these were merely discarded items. The movement from reuse of single use to one time use and then disposal tends to show he was in fact using single use devices during the timeframe of the indictment. How peculiar of a result it would be if witnesses who were present both before and after the search warrant could not explain how in the days immediately following the search, the defendant's direction on device use and device reprocessing differed. As with the *Brown* case, the *Gibbs* case is highly distinguishable from the instant case and militates in favor of admission of the post-search warrant evidence as *res gestae* because it is inextricably intertwined with, and necessary background to, evidence of charged conduct.

<u>*Alternatively, the post-search warrant evidence is admissible under Rule 404(b).*</u>

The defendant next claims the proffered post search warrant evidence is propensity evidence not admissible through Rules 404(b) and 403. The defendant points specifically to balancing considerations and claims the proffered evidence is of minimal evidentiary value and stands to confuse the jury. ECF 143, Mot. in Lim. to Exclude 404(b) Evid., pp. 6-7. The defendant

also claims the evidence would require different witnesses and would cause unnecessary delay. *Id*. at p. 8. The defendants claims here as well are unpersuasive.

Under Rule 404(b), evidence of a defendant's other crimes, wrongs, or acts may be admissible at trial for purposes other than proving the defendant's character "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." "Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Adams*, 722 F. 3d 788, 810 (6th Cir. 2003) (internal citations omitted).

Before admitting evidence under Rule 404(b), the Court should conduct a balancing test of the evidence's probative value against its prejudicial effect under Rule 403. Rule 403 states that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) only limits the admissibility of extrinsic evidence, that is, evidence of other crimes or wrongs that "occurred at different times and under different circumstances from the offense charged." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995).

If the Court finds that the proffered post-search warrant evidence is not *res gestae* or intrinsic evidence, then it is extrinsic evidence admissible pursuant to Rules 404(b) and 403, and was properly noticed as such at ECF 98 with the permissible purposes being modus operandi, plan and preparation, and intent to defraud. In his motion in limine, the defendant properly sets out the three-pronged test for inclusion via Rule 404(b), but in his analysis, he jumps over 404(b) and goes

5

directly to Rule 403 as his proposed basis for excluding the proffered evidence at issue, thereby appearing to concede inclusion under 404(b).

The defendant claims the proffered post-search warrant changes in device use and reprocessing is of minimal evidentiary value. He claims the minimal evidentiary value comes from the fact that proffered evidence is from outside the time frame of the indictment. But clearly a sudden shift from reusing to not reusing single use devices, as well as a sudden shift from minimal and inadequate reprocessing of reusable medical devices to a more stringent reprocessing regimen is of significant evidentiary value when the inflection point at the heart of the sudden shift is a search by federal agents.

Contrasting post-search warrant procedures with pre-search warrant procedures highlights the modus operandi of the defendant's scheme to defraud as alleged in the healthcare fraud counts of the Second Superseding Indictment as well as his intent to defraud or mislead as alleged in the adulteration charges. Suddenly desisting from improper reuse of devices only after unannounced government inspection also shows that improper use was part of the defendant's plan to illegally boost profits as long as he could keep such reuse from authorities. All of these are permitted bases under Rule 404(b). Lastly, if the defendant's operations had been lawful at the time of the search, there would have been no need for a sudden shift in procedure, thereby demonstrating consciousness of guilt and concealment of evidence (the device reuse or inadequate device reprocessing itself was the evidence concealed by suddenly changing), the latter of which is clearly

contemplated in Pattern Jury Instruction 7.14[1]. Contrary to the defendant's contentions, the proffered evidence is of substantial evidentiary value.

The defendant claims that if the proffered evidence comes in, then "there is a 'very great … likelihood … that the jurors will use the evidence [of change in reprocessing procedures] precisely for the purpose that it may not be considered,' which here is to suggest that Dr. Kumar acted in conformity with his alleged intent to improperly reuse medical devices and bill government health care programs for those procedures." ECF 143, Mot. in Lim. to Exclude 404(b) Evid., p. 7 (quoting *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) (brackets added by defendant)). This is an odd blending of defendant's language over the cited case text that ultimately incorrectly states the law. *Johnson* was a drug case dealing with Rule 404(b) evidence of prior drug sales. *Johnson*, 27 F.3d 1186. The Sixth Circuit there reasoned that the evidence at issue would "suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again.'" *Id*. at 10. Here, the proffered evidence of a change in process is in and of itself a benign act that does not risk sweeping the jury into a prohibited line of thinking the way a prior criminal conviction of the same nature does. Indeed, the proffered evidence here only has relevance when compared to the full device use story. As such, *Johnson* does not support the defendant's position. The defendant's reliance on *United States v. Weir*, 2025 WL 475099 (6th

---

[1] Sixth Circuit Patter Jury Instruction, 17.14 Flight, Concealment of Evidence, False Exculpatory Statements. (1) You have heard testimony that after the crime was supposed to have been committed, the defendant _____ . (2) If you believe that the defendant _____ , then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may _____ for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

Cir. 2025) (dealing with the exclusion of prior convictions involving distribution and possession of opioids from a trial where the defendant was charged with conspiracy to distribute medically unnecessary opioids) is misplaced for the same reason.

There is no risk of confusing the issues based on the proffered evidence occurring immediately after the time frame of the charged conduct. The defendant will be able to clearly make this point to the jury in argument. And the court will likewise provide a limiting instruction on how to use the evidence if it is admitted under Rule 404(b).

Lastly, the defendant raises a concern that additional witnesses will be needed for the government to put on the proffered post search warrant evidence and that these additional witnesses will cause undue delay. This is not true. The witnesses the government intends to call are competent to testify about both the pre-search warrant period and the post-search warrant period and will testify about the pre-search warrant period even in the event the Court grants the defendant's motion in limine.

### *Rule 407 does not bar admission of the post-search warrant evidence.*

The defendant claims the proffered evidence is excludable under Rule 407. Rule 407 excludes evidence of remedial measures in certain circumstances. "While it is true that the Federal Rules of Evidence apply to both civil and criminal cases, Rule 407 is designed for civil actions." *United States v. Parker*, 634 F. Supp. 3d 583, 588 (W.D. Ark. 2022) (citation omitted). "The stated policy reasons for [Rule 407] are only applicable in the personal injury/civil litigation context; and therefore, application of Rule 407 in the criminal context could not possibly further the policies behind the rule." *United States v. Gallagher*, 1990 WL 52722, at *1 (E.D. Pa. Apr. 24, 1990).

The defendant relies on *United States v. Patrick*, 2016 WL 6610983 (E.D. Mich. Nov. 9, 2016). This decision was not well reasoned – in fact, it offers no reasoning – as to why it makes the unusual maneuver of applying Rule 407 in the criminal context. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) *citing* 18 J. Moore et al., Moore's Federal Practice section 134.02[1][d], p. 134-26 (3d ed. 2011). The government could not find a single case where the Sixth Circuit (and the defendant has not cited one) has affirmed the application of Rule 407 in a criminal prosecution.

### *Conclusion*

For the foregoing reasons, the Court should deny the defendant's motion in limine at ECF 143.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney
Western District of Tennessee

By:   /s Scott P. Smith
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, Tennessee 38103
(901) 544-4231

9

## **CERTIFICATE OF SERVICE**

I, Scott P. Smith, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing pleading has been sent via the Court's electronic filing system to counsel for the defendants.

This 6th day of November, 2025.

/s Scott P. Smith
Scott P. Smith
Assistant United States Attorney
