IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                          Cr. No. 2:25cr20032-SHL

**SANJEEV KUMAR,**

      **Defendant.**

---

### DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO USE PSEUDONYMS

---

Dr. Sanjeev Kumar, by and through undersigned counsel, submits this *Response in Opposition to Government's Motion to Use Pseudonyms*. Dr. Kumar does not oppose anonymizing the identities of the patients identified in the Second Superseding Indictment at trial to protect their privacy given that their testimony will pertain to their gynecological treatment history. [1,2] Dr. Kumar has proposed using the patients' initials, "Patient 1, Patient 2, Patient 3", or a unique identifying number. Dr. Kumar also does not oppose using only the patients' first names or first names with last initials.

---

[1] Dr. Kumar reserves the right to challenge the Government's assertion that the patients listed in the Second Superseding Indictment qualify as victims under the Crime Victims' Right Act, 18 U.S.C. § 3771. Because Dr. Kumar does not oppose anonymizing the patients' identities as a matter of privacy, he does not raise those objections here.

[2] Undersigned counsel does not read the Government's motion as requesting that the Court not disclose the identities of the patients during voir dire. To the extent the Government makes that request, Dr. Kumar objects because it is necessary to ensure that the jurors do not have any bias towards the patients that would prevent them from being impartial at trial. *See United States v. McCoy*, 2024 WL 2721491, *7 (D. Haw. May 28, 2024) ("The court suggests that for purposes of voir dire, the alleged victims' full names be included on a written list of potential witnesses that can be provided to prospective jurors without referencing that they are alleged victims.")

What Dr. Kumar does oppose is using the pseudonyms proposed by the Government.  (*See* Patient Chart, being filed contemporaneously herewith as **Sealed Exhibit A**.)  Undersigned counsel expressed concern with the Government that using the pseudonyms proposed by the Government would be confusing for the Court, the jury, counsel, and the multiple expert witnesses noticed in this matter.  If this Court allows the Government to present its late-noticed evidence of unnecessary medical procedures performed on fourteen additional patients identified in Dr. McDonald's report (*see* Motion to Exclude, ECF No. 138), the Government will presumably ask for those patients to also be referred to by pseudonym, further magnifying the confusion.  The Government has not explained why the use of pseudonyms is the appropriate choice, given the multiple other alternatives to refer to the patients anonymously, including the alternatives used by courts in the Government's cited authorities.  *See also, e.g.*, *United States v. Paris*, 2007 WL 3124724, at *1, n.2 (D. Conn. Oct. 24, 2007) (granting motion to refer to victim-witnesses by their first names and first initial of their last names); *United States v. Thompson*, 178 F. Supp. 3d 86, 97 (W.D.N.Y. 2016) (ordering parties to refer to victims only by their first names and last initials during trial[3]); *United States v. McCoy*, 2024 WL 2721491, *7 (D. Haw. May 28, 2024) (ordering parties to refer to victims by first names and last initials or by first and last initials).

The Government also broadly seeks to seal all evidence identifying the patients listed in the Second Superseding Indictment, without identifying specifically the documents subject to its request.  Dr. Kumar does not oppose sealing the patients' medical records but reserves the right to object to any other evidence being sealed when the Government seeks to introduce it at trial.

---

[3] The Court also recognized that "some witnesses may not be familiar with the victims by their given names" and could "identify the victims using any nickname by which they know the victims." *United States v. Thompson*, 178 F. Supp. 3d 86, 97 (W.D.N.Y. 2016).  That is not the situation here, where the parties and expert witnesses know the patients' names, and the Government is electing to impose its own pseudonyms.

Respectfully submitted,

s/ Elena R. Mosby
Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, TN 38103
901-524-5000
llaurenzi@bpjlaw.com
emosby@bpjlaw.com

Maritsa A. Flaherty (*pro hac vice*) (Cal. Bar No. 327638)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Suite 310
Troy, Michigan 48098
(248) 644-6323
mflaherty@chapmanlawgroup.com

Ronald Chapman, II (*pro hac*) (Mich. Bar No. P73179)
THE CHAPMAN FIRM
1300 Broadway
Detroit, MI 48226
Phone: (346) Chapman
Ron@chapmanandassociates.com

*Attorneys for Dr. Sanjeev Kumar*

3

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on November 10, 2025, a true and correct copy of the foregoing document was served by electronic means through the Court's ECF System to the following counsel of record:

| | |
|---|---|
| Lynn Crum | lynn.crum@usdoj.gov |
| Sarah Pazar Williams | sarah.williams2@usdoj.gov |
| Scott Patrick Smith | scott.smith@usdoj.gov |

                                                    s/ Elena R. Mosby