IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 2:25-cr-20032-SHL-1 |
| SANJEEV KUMAR, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
GOVERNMENT'S MOTION FOR ORDER AUTHORIZING
DEPOSITIONS OF EMILY SELLS AND KENDALL SACHARCZYK**

Before the Court is the Government's Motion for Order Authorizing the Depositions of Emily Sells and Kendall Sacharczyk, filed October 28, 2025 ("Motion for Depositions"). (ECF No. 131.) The Government and Defendant Sanjeev Kumar briefly argued the Motion during the November 4 status conference (ECF No. 151), and Kumar filed his response on November 6 (ECF No. 156).

For the reasons stated below, the Motion for Depositions is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

Kumar operated the Poplar Avenue Clinic ("PAC"), a women's health practice in Memphis, Tennessee. (ECF No. 136 at PageID 1195.) The Government asserts that, on or about April 16, 2024, Kumar "adulterated" single-use hysteroscopes in his clinic, that is, he reused on multiple patients the same disposable devices, which are instruments inserted through the vagina to inspect the uterus. (Id. at PageID 1211.) The single-use devices were reused, the Government contends, "after being partially dipped in a liquid chemical disinfectant and briefly rinsed on the

outside with tap water between most uses. This attempted reprocessing neither disinfected nor sterilized the instruments." (ECF 83 at PageID 661.) According to the Government, Kumar also employed reusable hysteroscopes. (Id.) However, the Government contends that Kumar "did not properly clean, disinfect, and/or sterilize" these devices either. (ECF No. 136 at PageID 1197.) The Government recovered the devices at issue on April 16, 2024, during a search pursuant to a warrant. (ECF No. 83 at PageID 662.)

In addition to adulterating the devices, Kumar is also charged with "misbranding" the devices, meaning that he allegedly failed to add conspicuous labeling to the devices to indicate that they had been reprocessed, as required by statute. (Id.) As a result, the Government contends that patients "had no way of knowing that the defendant and other providers at PAC were exposing them to used instruments that had only been cleared by the FDA for single use." (Id.)

A federal grand jury returned the Second Superseding Indictment ("Indictment") against Kumar containing the following forty-six counts:

- **Counts 1–16:** adulteration of single-use medical devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 351(a)(2)(A), and 18 U.S.C. § 2;
- **Counts 17–32:** misbranding of reprocessed single-use devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 352(v), and 18 U.S.C. § 2;
- **Counts 33–36:** adulteration of hysteroscopes cleared for reprocessing, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 351(a)(2)(A), and 18 U.S.C. § 2;
- **Counts 37–45:** health care fraud by conducting unnecessary procedures on nine patients in violation of 18 U.S.C. §§ 1347 and 2; and
- **Count 46:** health care fraud by making false statements in violation of 18 U.S.C. §§ 1347 and 2.

(ECF No. 136.) The trial is set for December 1, 2025. (ECF No. 96.)

## ANALYSIS

The Government seeks to conduct the depositions of Emily Sells and Kendall Sacharczyk under Federal Rule of Criminal Procedure 15(a)(1) "to preserve their testimony for trial." (ECF No. 131 at PageID 1111.)

Generally, "[l]ive, in-court testimony is the preferred method of presenting a case to the jury because such testimony aids the jury in assessing credibility and better serves the values of the Confrontation Clause." United States v. Khalil, No. 22-CR-20200, 2025 WL 369939, at *1 (E.D. Mich. Feb. 3, 2025) (citing Maryland v. Craig, 497 U.S. 836, 846 (1990); Brumley v. Wingard, 269 F.3d 629, 642 (6th Cir. 2001) (noting the Confrontation Clause's "preference for face-to-face confrontation at trial")). However, Rule 15(a)(1) provides, in relevant part, that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The burden is on the moving party to show that "'exceptional circumstances' necessitate the preservation of testimony through a deposition.'" United States v. Kelley, 36 F.3d 1118, 1124 (D.C. Cir. 1994) (quoting United States v. Ismaili, 828 F.2d 153, 159 (3d Cir. 1987)). Factors used to evaluate "exceptional circumstances" include whether the witness's testimony is material and she may be unavailable for trial. Id. at 1125. Thus, a Rule 15(a)(1) motion for deposition may be granted if (1) the testimony is material, (2) the witness may be unavailable for trial, and (3) granting the motion is in the interest of justice. (Id. at 1124–25.)

Under the Sixth Amendment Confrontation Clause, "testimonial, out-of-court statements offered against the accused to establish the truth of the matter asserted may be admitted only where (1) the declarant is unavailable and (2) the defendant has had prior opportunity to cross-

3

examine the declarant." United States v. Porter, 886 F.3d 562, 567 (6th Cir. 2018) (citing Crawford v. Washington, 541 U.S. 36, 68 (2004)). For a deposition to be admissible, a witness must be unavailability as defined in Rule 804(a)(5). United States v. Smith, 577 F. Supp. 1232, 1234 (S.D. Ohio 1983). A declarant is considered unavailable if she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" her attendance. Fed. R. Evid. 804(a)(5). "When the government claims that a witness is unavailable due to illness,"

> the judge must consider both the duration and the severity of the illness. With regard to duration, it is not essential to a finding of unavailability that the illness be permanent. The duration of the illness need only be in probability long enough so that, with proper regard to the importance of the testimony, the trial cannot be postponed.

United States v. Porter, 886 F.3d 562, 567 (6th Cir. 2018) (quoting Burns v. Clusen, 798 F.2d 931, 937–38 (7th Cir. 1986)). The Motion for Depositions with respect to each witness is analyzed below.

### A. Emily Sells

Emily Sells was a physician assistant at PAC working under Kumar's supervision from fall 2021 through April 2022. (ECF Nos. 131 at PageID 1114; 156 at PageID 1452.) According to the Government, she "witnessed Kumar perform procedures she deemed unnecessary" and, apparently as a result, she "would not perform hysteroscopies even after he directed her to." (Id.) She further "witnessed Kumar reuse single use devices" and was trained to do the same, to such an extent that she "had never seen the CooperSurgical Endosee PX Cannula in any packaging and was trained that it would be cleaned in Cidex and then rinsed in between patients." (Id.) Although the Parties do not expressly say so, it appears that she has moved away from Memphis and is currently living in Michigan. (See id., ECF No. 131-1.)

4

Sells is pregnant with an estimated delivery date of January 10, 2026. (ECF No. 131-1 at PageID 1119.) In one letter dated July 30, her doctor at the University of Michigan recommends that "she should not undertake travel at this time, especially to locations that may lack adequate obstetric or neonatal care, or pose risks" to her. (Id.) In a second, undated letter, another of her doctors recommends that Sells not "travel away from home via automobile or plane" during "the last 4–6 weeks of her pregnancy," beginning November 29, due to several possible complications. (Id. at PageID 1120.) The letter also notes that the American College of Obstetricians and Gynecologists "recommends no air travel after 34 weeks." (Id.)

The Government argues that exceptional circumstances dictate the need for a Rule 15(a)(1) deposition of Sells, as (1) her testimony is material because she has first-hand knowledge of the conduct at issue, (2) she will be unavailable "because of her pregnancy complications and travel restrictions," and (3) granting the motion is in the interest of justice because her testimony is needed "to present a complete set of facts to the jury." (ECF No. 131 a PageID 1114–15.) As for the method of taking her deposition, the Government proposes "taking the depositions via videoconferencing," because it is more efficient, her medical condition may require her "to stop and start" the deposition, and "the parties can more easily coordinate their schedules to ensure trial commences on time." (Id. at PageID 1112.)

In opposition, Kumar argues that (1) Sells' testimony is immaterial and inadmissible, (2) her deposition is impermissible, and (3) a videoconference deposition is an inappropriate format. (ECF No. 156 at PageID 1454–57.) First, according to Kumar, her testimony is immaterial to Counts 1–45 of the Indictment—the vast majority of the counts[1]—because she was no longer

---

[1] Kumar concedes, however, that her testimony could be material to Count 46, which alleges fraud over a five-year period. (Id.)

5

working at PAC during the April 16, 2024 search and she was also not involved in nine of the health care fraud counts. (Id. at PageID 1454.) Not only is most of her testimony immaterial, according to Kumar, but some is also inadmissible. (Id.) Because the Government has not disclosed Sells as an expert witness, Kumar argues that she cannot give an opinion on whether a medical procedure was necessary. (Id.)

Second, Kumar argues that taking Sells' deposition is impermissible because the two unsigned and undated letters from her doctors do not demonstrate exceptional circumstances, and, in any case, the December 1 trial starts only a few days after her doctor's November 29 deadline. (Id. at PageID 1455.) Instead, Kumar seeks the opportunity to cross-examine Sells in front of the jury on her decision to continue working at PAC despite the misconduct she alleges observing. (Id. at PageID 1456.) Third, in the alternative, Kumar asserts that any deposition must be in person, and not through videoconference, "to protect Dr. Kumar's Sixth Amendment right to confront witnesses." (Id. at PageID 1457.)

Here, Sells' testimony is material, even though she was not employed on the day of the search. She was employed at the clinic under Kumar's supervision, and the Government outlines relevant issues with which she is familiar. Ultimate admissibility, in whole or in part, may be addressed at trial. Taking her deposition is permissible under Rule 15(a)(1) because (1) her testimony is material; (2) she will be unavailable for trial, based on the clear advice of her two doctors; and (3) presenting the jury with her experience at PAC is in the interest of justice. And, in view of the exceptional circumstances, Kumar will not be substantially prejudiced by cross-examining Sells at the deposition instead of at trial.

Finally, given Kumar's assertion at the November 4 status conference that he desires the quickest possible start to this trial, the window for taking Sells' deposition will be narrow. If the

6

Parties can make all necessary arrangements to conduct the deposition in person by Friday, November 21, the deposition will be held in person. If the deposition is set for a later date, it will be held by videoconference. And, even over two-way video, Kumar will be able to protect his Sixth Amendment rights.

Thus, the Government's Motion for Depositions as to Emily Sells is **GRANTED**.

**B.      Kendall Sacharczyk**

Kendall Sacharczyk was a Nurse Practitioner at PAC working under Kumar's supervision from October 2022 to February 2023 and again from August 2023 to at least April 16, 2024. (ECF No. 131 at PageID 1115.) According to the Government, she "witnessed Kumar perform procedures she deemed unnecessary." (Id.) After performing hysteroscopies "only for a brief period," she "then refused to perform [them]." (Id.) She also "witnessed Kumar reuse devices that were single use and consoled patients who felt violated by Kumar's performing of hysteroscopy with biopsy on them." (Id. at PageID 1115–16.) Now, Sacharczyk is pregnant with an estimated due date of December 18, 2025. (Id. at PageID 1116.)

In support of its motion, the Government argues that exceptional circumstances exist to take Sacharczyk's deposition, as (1) Sacharczyk's testimony is material because she can testify about Kumar's conduct as his employee, (2) she will likely be unavailable because she "may go into labor at any point" with the start of trial "a mere two and a half weeks before her due date," and (3) taking her deposition is in the interest of justice because she can "present a complete set of facts to the jury" as one who "worked very closely with Kumar." (Id.)

In response, Kumar argues that exceptional circumstances do not exist to take Sacharczyk's deposition because she lives in Memphis, has no other underlying condition, and is not expected to deliver until "two-and-a-half weeks after trial is scheduled to begin." (ECF No.

7

156 at PageID 1458.)  Additionally, Kumar asserts that her testimony, like Sells', is "largely inadmissible because she was not noticed as an expert and thus cannot testify to medical necessity."  (Id.)  Thus, according to Kumar, her testimony is "immaterial, irrelevant, substantially more prejudicial than probative, and confuses the issues for the jury."  (Id.)

The Government has not demonstrated that exceptional circumstances exist to support taking a Rule 15(a)(1) deposition of Sacharczyk.  Although her testimony appears material, it is likely that she will be available for trial.  If Sacharczyk has not gone into labor by the start of trial, the Government may call her as an early witness.  If, on the other hand, her child's birth overlaps with the start of trial, then the Government will have a twelve-to-thirteen-day window in which to call Sacharczyk, for the Government expects its proof to stretch that long.  See ECF No. 96.  In the absence of exceptional circumstances, then, the purposes of the Confrontation Clause are best served by Sacharczyk's testifying in front of Kumar and in view of the jury.

Thus, the Government's Motion for Depositions as to Kendall Sacharczyk is **DENIED**.

## CONCLUSION

For the reasons stated above, the Motion for Depositions is **GRANTED** as to Emily Sells and **DENIED** as to Kendall Sacharczyk.

**IT IS SO ORDERED,** this 10th day of November, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE