IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>SANJEEV KUMAR,   )<br>   )<br>    Defendant.   ) | No. 2:25-cr-20032-SHL-1 |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION IN LIMINE (ECF NO. 149)**

Before the Court is Defendant Sanjeev Kumar's Motion in Limine to Exclude Use of the Terms "Rape," "Raped," "Sexual Assault," "Sexually Assaulted," "Sexually Abused," "Victim" and Any Mention of a "Rape Crisis Center," filed November 3. (ECF No. 149.) The Government filed its response on November 6. (ECF No. 154.) Kumar replied on November 10. (ECF No. 169.)

For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

A full recitation of the facts is found in the Background section of a recent order in this matter. (See ECF No. 172 at PageID 1572–73.) Briefly, Kumar is an obstetrician-gynecologist and oncologist who operated PAC, a women's health practice in Memphis, Tennessee. (ECF No. 136 at PageID 1195.) The Government asserts that, on or about April 16, 2024, Kumar "adulterated" single-use hysteroscopes in his clinic, that is, he reused on multiple patients the same disposable devices, which are instruments inserted through the vagina to inspect the uterus. (Id. at PageID 1211.) The single-use devices were reused, the Government contends, "after

being partially dipped in a liquid chemical disinfectant and briefly rinsed on the outside with tap water between most uses. This attempted reprocessing neither disinfected nor sterilized the instruments." (ECF 83 at PageID 661.)

The Government further alleges that Kumar repeated "medically unnecessary hysteroscopy procedures on patients." (ECF No. 136 at PageID 1196.) As a result, according to the Government, Kumar became "the top-paid provider in Tennessee for Medicare and Medicaid for hysteroscopy biopsy services" from September 12, 2019, to April 16, 2024. (Id. at PageID 1195.)

A federal grand jury returned the Indictment against Kumar containing forty-six counts:

- **Counts 1–16:** adulteration of single-use medical devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 351(a)(2)(A), and 18 U.S.C. § 2;
- **Counts 17–32:** misbranding of reprocessed single-use devices, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 352(v), and 18 U.S.C. § 2;
- **Counts 33–36:** adulteration of hysteroscopes cleared for reprocessing, in violation of 21 U.S.C. §§ 331(k), 333(a)(1), 333(a)(2), 351(a)(2)(A), and 18 U.S.C. § 2;
- **Counts 37–45:** health care fraud by conducting unnecessary procedures on nine patients in violation of 18 U.S.C. §§ 1347 and 2; and
- **Count 46:** health care fraud by making false statements in violation of 18 U.S.C. §§ 1347 and 2.

(ECF No. 136.)

The Government plans to call as witnesses ten patients alleged to be victims here. (ECF No. 132 at PageID 1127.) Kumar seeks to prevent these patients, and presumably any other witness, from mentioning the terms "rape," "raped, "sexual assault," "sexually assaulted," "sexually abused," "victim," and "Rape Crisis Center." (ECF No. 149.) Although the Government has agreed not to use the terms "rape," "raped," "assaulted," "sexually assaulted," "abused," or "victim" in its opening statement, it asserts that the patient-witnesses should be free to use them in their testimony. (ECF No. 154 at PageID 1440.)

## ANALYSIS

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. But even relevant, otherwise-admissible evidence may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In his motion, Kumar argues for the complete exclusion of terms related to "rape," "sexual assault," and "victim." (ECF No. 149 at PageID 1361.) He contends that, although there is "virtually zero probative value in referencing rape," nevertheless "the prejudicial effect is immense." (Id.) Kumar asserts that, after this Court dismissed four counts that charged Kumar with sexual crimes under the Travel Act (ECF No. 124), references to sexual activities are irrelevant to the counts that remain. (Id. at PageID 1364.) And, even if relevant, Kumar argues that Rule 403 bars them. (Id.) "The Government's attempts to label patients as 'victims' and flippantly toss around the term 'rape' are designed to inflame and prejudice the jury," contends Kumar. (Id.)

In response, the Government argues that "[c]ompletely precluding such terms from being uttered by witnesses" will "cause unnecessary confusion for the jury and the witnesses throughout the trial." (ECF No. 154 at PageID 1443.) It contends that the patients "should be permitted to use whatever term they choose to describe their own experiences." (Id. at PageID 1441.) The Government also does not rule out mentioning the "Rape Crisis Center" in its opening statement, and argues that the witnesses may need to mention the Rape Crisis Center to describe the services they received there. (Id. at PageID 1440, 1443, 1445.)

Despite the Government's assertion that allowing patients "to testify truthfully about their own experiences" is "deeply relevant" to the conduct charged in the Indictment, it fails to specify what element of the charges of adulteration, misbranding, or health care fraud it could be relevant to. Indeed, it is unclear how the use of words like "rape" and "sexual assault" would have any tendency to make more or less probable any fact that is of consequence in determining this action. See Fed. R. Evid. 401. At the same time, these terms carry with them a substantial risk of unfair prejudice. Because their probative value appears so low, and the danger of unfair prejudice is so high, reference to these terms should be excluded under Rule 403. If, however, the Government can explain at sidebar during trial how a proposed reference to "rape," "raped," "sexual assault," "sexually assaulted," "sexually abused," or "Rape Crisis Center" is relevant to a charge in the Indictment, the Court may reconsider this blanket exclusion. At this point, it appears unlikely that the Government could do so.

The term "victim," however, is different. In the order dismissing the four counts charging Kumar with sexual offenses, the Court held that "the alleged acts against these four victims—although reprehensible if proven—were not 'sexual activities" (ECF No. 124 at PageID 1042), and thus Kumar's patients are not victims of rape or sexual assault. But they are nonetheless victims of the alleged adulteration and misbranding of medical devices. The word "victim" correctly describes someone who unknowingly consents to an allegedly unlawful and offensive procedure. In such a context, the word is relevant and not unfairly prejudicial. Although the Government has agreed not to use the term "victim" in its opening statement (ECF No. 154 at PageID 1440), the word will not be excluded in other contexts.

## CONCLUSION

For the reasons stated above, Kumar's Motion as to the use of the terms "rape," "raped," "sexual assault," "sexually assaulted," "sexually abused," and any mention of a "Rape Crisis Center" is **GRANTED**. The Motion as to the use of the word "victim" is **DENIED**. The Government is **DIRECTED** to instruct their witnesses accordingly.

**IT IS SO ORDERED,** this 20th day of November, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE