# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> SANJEEV KUMAR, <br>     Defendant. | ) ) ) ) ) ) ) ) )     No. 2:25-cr-20032-SHL-1 |

## ORDER ON OBJECTIONS TO TESTIMONY OF EMILY SELLS

Except for the sustained objections listed below, all objections to the recorded testimony of Emily Sells on November 20, 2025, are overruled, and the objections themselves are to be redacted from the recording. The Court notes that the AI-generated transcript provided by the Government to the Court failed to highlight a few objections. The Government is directed to thoroughly search the document for all instances of the word "object" for redaction.

For the sustained objections listed below, the portions of the recording surrounding the sustained objections are to be redacted according to the timestamps. To the extent there is any conflict with the timestamps and the testimony referenced here, it is the responsibility of the Parties to raise the conflict with the Court by the close of court on Monday, December 15, 2025.

### SUSTAINED OBJECTIONS

**Part One Redactions**

| | |
|---|---|
| 47:20–53:01 <br> 01:01:09–01:12:43 | Gov't continuing objection "to any questions regarding [Sells'] health and/or why we are doing the deposition" |
| 01:25:20–01:27:22 <br> 01:29:13–01:30:06 | Gov't objection to Kumar Exhibit B, not provided in reciprocal discovery and not produced until the day of the testimony |

| | |
|---|---|
| 01:35:21–01:37:51 (leaving in Chapman's comment, "Alright. . . .") | Gov't objection to foundation |
| 01:39:09–01:39:52 | Gov't objection to foundation |
| 01:43:07–01:46:06 | Gov't objection to Kumar Exhibit B, not provided in reciprocal discovery and not produced until the day of the testimony |
| 2:00:42 (after Sells' statement, "I don't")–end | Gov't objection to Kumar Exhibit D, not provided in reciprocal discovery and not produced until the day of the testimony |

**Part Two Redactions**

| | |
|---|---|
| 00:00–03:14 (including "Um, you, I'll just phrase it in a different way," and leaving in the next question, starting with "You believe . . . ?")<br>08:11–08:26 (through "Yes")<br>09:06–09:32 | Gov't objection to Kumar Exhibit D, not provided in reciprocal discovery and not produced until the day of the testimony |
| 09:42–21:50 (leaving in "You said earlier you don't recommend signing off or you don't recall signing off on a chart?")<br>22:25 (including "And this is a perfect example of")–23:17 | Gov't objection to Kumar Exhibit B, not provided in reciprocal discovery and not produced until the day of the testimony |

The segment 23:18–24:41 requires several pinpoint redactions due to the sustained objection above.  Redact the bold, stricken phrases below:

>[11:46 AM / 23:18]
>Defense Attorney Ron Chapman: Uh, was there a protocol that said that told you not to document your patient visits after treatment in a note **like this**?
>
>[11:47 AM / 23:29]
>Emily Sells: No.
>
>[11:47 AM / 23:30]
>Defense Attorney Ron Chapman: Okay. What about failing to document on a soap note **like this, this electronic note**? What about that made you feel like your license was in jeopardy?

2

| | |
|---|---|
| [11:47 AM / 23:41]<br>Emily Sells: Um, what do you mean?<br><br>[11:47 AM / 23:42]<br>Defense Attorney Ron Chapman: You said I was worried about I being called into court.<br><br>[11:47 AM / 23:46]<br>Emily Sells: Correct.<br><br>[11:47 AM / 23:46]<br>Defense Attorney Ron Chapman: What about your documentation made you feel like you'd be called into court?<br><br>[11:47 AM / 23:50]<br>Emily Sells: Um, that there wasn't, uh, an official, um, you were taught in PA school to have an HPIA physical exam? Um, a an objective section, a, um, assessment and plan all in a note laid out nicely ~~as they are in the pages that you just showed me. Um,~~<br><br>[11:47 AM / 24:11]<br>Defense Attorney Ron Chapman: Okay. So you believe that your license is in jeopardy because you didn't lay it out in the proper format?<br><br>[11:47 AM / 24:17]<br>Emily Sells: Because if anybody were to look at ~~this new patient face sheet from~~ what I have written in this, uh, exam portion or diagnoses portion, um, nobody knows what my little scribble of an X means except for myself. So to me, this is documented to completeness to a court a X doesn't mean anything to them. | |
| 31:59–33:10 (leaving in Chapman's question, "And you intended to move to Michigan, correct?") | Gov't objection to relevance |
| 35:02–35:15 (leaving in Chapman's question, "Okay. And when did you first learn that you would move to Michigan?") | Gov't objection to relevance |
| 35:38–35:48 (leaving in Chapman's question, "Okay. Did you author that letter?") | Gov't objection to relevance |
| 42:14–43:39 | Gov't objection to Kumar Bates 3305, not provided in reciprocal discovery |

3

| | |
|---|---|
| 58:06 (after Chapman's statement, "Um, at this time I don't have any further questions.")–01:00:38 | Redact portion of redirect concerning Kumar Exhibit D, objected to earlier by Gov't |

## ADDITIONAL REDACTIONS

### Part One Redactions

| | |
|---|---|
| 01:38:05–01:38:24 (through Chapman's comment, "That explains why nothing was charging," but leaving in his question, "You were aware that after a procedure is done . . . ?") | Lawyers' conversation about charging electronic devices |

### Part Two Redactions

| | |
|---|---|
| 46:59–48:06 | Lawyers' discussion of exhibits |
| 52:34–52:52 | Lawyers' conversation about an overruled objection |
| 57:28–58:05 | Lawyer statement without an answer that follows |
| 1:00:53–end | Final housekeeping items |

## DOCUMENTS EXCLUDED

All documents produced by Kumar on the day of Emily Sells' testimony for the first time are excluded from evidence, including Kumar's Exhibits A–E.

**IT IS SO ORDERED,** this 12th day of December, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
