```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```
_____

```
UNITED STATES OF AMERICA,      )
                               )
      Plaintiff,               )
                               )
v.                             )      CR. NO. 25-cr-20032-SHL
                               )
SANJEEV KUMAR,                 )
                               )
      Defendant.               )
```
_____

JURY INSTRUCTIONS

_____

Members of the Jury:


It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished and after closing arguments, you will go to the jury room and begin your discussions -- what we call your deliberations.


I will start by explaining your duties and the general rules that apply in every criminal case.


Then I will explain some rules that you must use in evaluating particular testimony and evidence in this case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

(1.01–.06, 8.09–.10)
<u>General Principles</u>

First, as for your duties and the general rules that apply in every criminal case.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and the other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law to be innocent.  The law does not require the defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt as to the charges in the indictment, and, if it fails to do so, you must find the defendant not guilty as to that charge.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

In your deliberations, you may only consider the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses, the exhibits admitted in the record, stipulations agreed to by the parties and any facts of which the court has taken judicial notice. Remember that what the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between direct and circumstantial evidence.

Also you should not assume from anything I may have said or done that I have an opinion concerning any of the issues before you in this case.  Except for my instructions to you, you should disregard anything I may have said in arriving at your own decision concerning the facts.

If you have taken notes, please remember that your notes are not evidence.  You should keep your notes to yourself.  They can only be used to help refresh your personal recollection of the evidence in the case.

If you cannot recall a particular piece of evidence, you should not be overly influenced by the fact that someone else on the jury appears to have a note regarding that evidence. Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in this case.

During your deliberations, you must not communicate with or provide any information to anyone outside of the jury room about this case.  You may not use any electronic device, including computers, phones, smart devices, or any other means of communication, to transmit to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone in person, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations when all jurors are present.  I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information

known only to you and not your fellow jurors or the Parties in
the case.  This would unfairly and adversely impact the judicial
process.  A juror who violates these restrictions jeopardizes
the fairness of these proceedings, and a mistrial could result,
which would require the entire trial process to start over
again.

It is important that you decide this case based solely on
the evidence presented in this courtroom.

(7.19)
<u>Judicial Notice</u>

You are instructed that the Court has taken judicial notice
of the fact that 5,600 minutes equal 93.34 hours.


Since you are the fact-finders in the case, you may, but
are not required to, accept even this fact as conclusively
established.

<u>(7.21)</u>
<u>Stipulations</u>

While we were hearing evidence, you were told that the
government and the defendant agreed, or stipulated to certain
facts.  This means simply that the government and the defendant
both accept these facts.  There is no disagreement over these
facts, so there was no need for evidence by either side on these
points.  You may accept these facts, even though nothing more
was said about them one way or the other.  This, of course, is
all for you, the jury, to decide.

The United States of America and the Defendant,
Sanjeev Kumar, have agreed and stipulated to the following:

1.    The Olympus HYF-XP hysteroscope was manufactured in
      Japan.
2.    The Olympus HYF-XP hysteroscope was sold in the United
      States.

Further, the parties agree that the aforementioned facts
have been proven beyond a reasonable doubt by this stipulation.

(1.07, .08)
<u>Number of Witnesses and Credibility</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning a fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have a particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

Redactions

As I explained earlier, certain documents in this case have been introduced as evidence with redactions or portions blacked out.  The portions which have been redacted are irrelevant.  You may not speculate as to the content of any redacted portion or draw any conclusions from the fact that redactions have been made.

(1.09)
<u>Lawyers' Objections</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides have a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard in court.

(7.01)
<u>Introduction</u>

That concludes my explanations of your duties and the
general rules that apply in every criminal case.  Next I will
explain some rules that you must use in considering some of the
testimony and evidence in this case.

7.02B
<u>Defendant's Testimony</u>

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

Law Enforcement Witnesses

You have heard the testimony of law enforcement officials.
The fact that a witness may be employed by the city, county,
state, or federal government as a law enforcement official does
not mean that his or her testimony is necessarily deserving of
more or less consideration or greater or lesser weight than that
of an ordinary witness.

I suggested some things for you to consider in evaluating
each witness's testimony.  You should consider those same things
in evaluating a law enforcement witness's testimony.  It is your
decision, after reviewing all the evidence, whether to accept
the testimony of each law enforcement witness and to give to
that testimony whatever weight, if any, you find it deserves.

7.03
<u>Opinion Testimony</u>

You have heard the testimony of witnesses who have rendered
opinions in this case, including Hannah Godschalk, Matt
McDonald, Daniel Coney, Poulomi Nandy, Sean Weiss, Christopher
Palenik, Ramzy Rimawi, Jeffrey Seidman, Thahir Farzan, and Amy
Garcia.  A witness who is allowed to render an opinion has
special knowledge or experience that allows them to give an
opinion.


You do not have to accept the opinion of a witness.  In
deciding how much weight to give it, you should consider the
witness's qualifications and how they reached their conclusions.


Remember that you alone decide how much of a witness's
testimony to believe, and how much weight it deserves.

(7.03A)

<u>Witness Testifying to Both Facts and Opinions</u>

You have heard the testimony of Jacob Stroup and Jordan Johnson, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Jacob Stroup's or Jordan Johnson's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

(7.07)
Testimony of a Witness Under Grant of Immunity
or Reduced Criminal Liability

You have heard the testimony of Adio Abdu.  You have also
heard that the government has promised him that he will not be
prosecuted for any crimes committed during his employment at
Poplar Avenue Clinic in exchange for his cooperation.

It is permissible for the government to make such a
promise.  But you should consider Adio Abdu's testimony with
more caution than the testimony of other witnesses.  Consider
whether his testimony may have been influenced by the
government's promise.

Do not convict the defendant based on the unsupported
testimony of such a witness, standing alone, unless you believe
his testimony beyond a reasonable doubt.

You have also heard the testimony of Huda Alaeddin-Hussein.
You have heard that the government has promised her that it will
not offer in evidence any truthful statements made by her in
this case in connection with any criminal proceeding against
her.  However, the government reserved the right to use any
untruthful statements or information provided by her in any

prosecution for false statements, obstruction of justice, or perjury.

It is permissible for the government to make such a promise. But you should consider Huda Alaeddin-Hussein's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

(7.12)
Summaries and Other Materials
Not Admitted in Evidence


     During the trial you have seen counsel use summaries and
charts which were offered to assist in the presentation and
understanding of the evidence.   This material is not itself
evidence and must not be considered as proof of any facts.

(2.01)
<u>Introduction</u>

That concludes my instructions on some rules that you must use in evaluating particular testimony and evidence in this case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a crime charged.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

(1.03)
<u>Indictment, Not Guilty Plea</u>

I told you at the outset that this case was initiated through an indictment.  An indictment is but a formal method of accusing the defendant of a crime.  It includes the government's theory of the case, and we will be going over in a few minutes the substance of the indictment.  The indictment is not evidence of any kind against an accused.

The defendant has pleaded not guilty to the charges contained in the indictment.  This plea puts in issue each of the essential elements of the offenses as described in these instructions and imposes upon the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

<u>Not Reading the Indictment</u>

I am not going to read the indictment to you again, but you
will have a copy of the indictment with you in the jury room
during deliberations.

(2.01A)
<u>Separate Consideration – Single Defendant
Charged with Multiple Crimes</u>

The defendant has been charged with several crimes. The
number of charges is no evidence of guilt, and this should not
influence your decision in any way. It is your duty to separately
consider the evidence that relates to each charge, and to return
a separate verdict for each one. For each charge, you must decide
whether the government has presented proof beyond a reasonable
doubt that the defendant is guilty of that particular charge.


Your decision on one charge, whether it is guilty or not
guilty, should not influence your decision on any of the other
charges.

<u>Elements of the Offense of
Adulteration of Single Use Devices</u>

**Counts 1 through 16** of the indictment charges the defendant
with adulteration of single use devices.  For you to find the
defendant guilty of these crimes, you must find that the
government has proved each and every one of the following
elements beyond a reasonable doubt:

<u>First</u>:         That the defendant received the device identified
in the indictment after shipment in interstate commerce;

<u>Second</u>:        That the defendant held for sale the device; and

<u>Third</u>:         While holding the device for sale, the defendant
did an act or caused an act to be done with respect to the
device that resulted in the device being adulterated.

If you are convinced that the government has proved all of
these elements beyond a reasonable doubt as to the count under
consideration, say so by returning a guilty verdict on that
charge.  If you have a reasonable doubt about any one of these
elements, then you must find the defendant not guilty of that
charge.

If you find the defendant guilty of the count you are considering, then you will need to make an additional finding as to whether the defendant acted with intent to defraud or mislead as to that count.

If you are convinced that the government has proved, beyond a reasonable doubt, that the defendant acted with intent to defraud or mislead, say so.  If you have a reasonable doubt that the defendant acted with intent to defraud or mislead, say so.

Now I will give you more detailed instructions on some of these terms.

"Held for sale" includes a single use device and a reprocessed device that a doctor used in the course of treating a patient.  A device is "held for sale" at the time the holder of the device, including a doctor, intends it to be sold or used in the course of treating a patient.

A device is adulterated if it is held under insanitary conditions whereby there is a reasonable possibility it may have been contaminated with filth, or whereby it may have been rendered injurious to health.  The term "insanitary conditions" and "filth" should be given their usual and ordinary meanings.

To act with "intent to defraud or mislead" means to act
knowingly and with the specific intent to deceive or to cheat
someone through materially false statements or omissions,
ordinarily for the purpose of causing some financial loss to
another person or bringing about some financial gain to oneself.

<u>Elements of the Offense of</u>
<u>Misbranding of Reprocessed Single Use Devices</u>

**Counts 17 through 32** of the indictment charges the
defendant with misbranding of reprocessed single use devices.
For you to find the defendant guilty of these crimes, you must
find that the government has proved each and every one of the
following elements beyond a reasonable doubt:

<u>First</u>:        That the defendant received the device identified
in the indictment after shipment in interstate commerce;

<u>Second</u>:        That the defendant held for sale the device; and

<u>Third</u>:        While holding the device for sale, the defendant
did an act or caused an act to be done with respect to the
device that resulted in the device being misbranded.

If you are convinced that the government has proved all of
these elements beyond a reasonable doubt as to the count under
consideration, say so by returning a guilty verdict on that
charge.  If you have a reasonable doubt about any one of these
elements, then you must find the defendant not guilty of that
charge.

If you find the defendant guilty of the count you are considering, then you will need to make an additional finding as to whether the defendant acted with intent to defraud or mislead as to that count.

If you are convinced that the government has proved, beyond a reasonable doubt, that the defendant acted with intent to defraud or mislead, say so.  If you have a reasonable doubt that the defendant acted with intent to defraud or mislead, say so.

Now I will give you more detailed instructions on some of these terms.

The terms "held for sale," "adulterated," and "intent to defraud or mislead" have the same definitions under these counts as previously stated.

A reprocessed single use device is misbranded unless all labeling of the device prominently and conspicuously states, "Reprocessed device for single use" and identifies the person responsible for reprocessing.

<u>Elements of the Offense of</u>
<u>Adulteration of Hysteroscopes Cleared for Reprocessing</u>

**Counts 33 through 36** of the indictment charge the defendant with adulteration of hysteroscopes cleared for reprocessing. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

<u>First</u>:        That the defendant received the device identified in the indictment after shipment in interstate commerce;

<u>Second</u>:        That the defendant held for sale the device; and

<u>Third</u>:        While holding the device for sale, the defendant did an act or caused an act to be done with respect to the device that resulted in the device being adulterated.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt as to the count under consideration, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.

If you find the defendant guilty of the count you are considering, then you will need to make an additional finding as to whether the defendant acted with intent to defraud or mislead as to that count.

If you are convinced that the government has proved, beyond a reasonable doubt, that the defendant acted with intent to defraud or mislead, say so.  If you have a reasonable doubt that the defendant acted with intent to defraud or mislead, say so.

The terms "held for sale," "adulterated," and "intent to defraud or mislead" have the same definitions under these counts as previously stated.

(4.01)
Aiding and Abetting – Adulteration and Misbranding Devices

For you to find the defendant guilty of adulteration or
misbranding of devices, it is not necessary for you to find that
he personally committed the crimes.  You may also find him
guilty if he intentionally helped or encouraged someone else to
commit the crimes.  A person who does this is called an aider
and abettor.

But for you to find the defendant guilty of adulteration or
misbranding of devices as an aider and abettor, you must be
convinced that the government has proved each and every one of
the following elements beyond a reasonable doubt:

(A) First, that the crime of adulteration or
misbranding devices was committed.

(B) Second, that the defendant helped to commit the
crime or encouraged someone else to commit the crime.

(C) And third, that the defendant intended to help
commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of adulteration or misbranding devices as an aider and abettor.

(10.05)
<u>Elements of the Offense of Health Care Fraud</u>

**Counts 37 through 46** of the indictment charge the defendant
with health care fraud.  For you to find the defendant guilty of
health care fraud, you must find that the government has proved
each and every one of the following elements beyond a reasonable
doubt:

<u>First</u>:        That the defendant knowingly and willfully
executed and attempted to execute a scheme to defraud any health
care benefit program, to obtain, by means of materially false or
fraudulent pretenses, representations, promises any of the money
or property owned by or in the control of a health care benefit
program in connection with the delivery of or payment for health
care benefits, items, or services;

<u>Second</u>:        That the scheme related to a material fact or
included a material misrepresentation or concealment of a
material fact;

<u>Third</u>:        That the defendant had the intent to defraud.

Now I will give you more detailed instructions on some of
these terms.

A "health care benefit program" is any public or private plan or contract, affecting interstate commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.  A health care program affects commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The government need only prove that the health care program itself either engaged in interstate commerce or that its activities affected interstate commerce to any degree.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations, or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth.  They include actual, direct false

statements as well as half-truths and the knowing concealment of material facts.

An act is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

An act is done "willfully" if the defendant acted with knowledge that his conduct was unlawful.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself.

The government need not prove that the defendant had actual knowledge of the statute or specific intent to commit a violation of the statute, that the health care benefit program suffered any financial loss, or that the defendant engaged in

interstate commerce or that the acts of the defendant affected
interstate commerce.

If you are convinced that the government has proved all of
the elements, say so by returning a guilty verdict on the
charge.  If you have a reasonable doubt about any of the
elements, then you must find the defendant not guilty of this
charge.

(7.14)

You have heard testimony that after the crime was supposed
to have been committed, the defendant stopped reusing single use
instruments and made changes to his reprocessing of devices
cleared for reprocessing.

If you believe that the defendant stopped reusing single
use instruments and made changes to his reprocessing of devices
cleared for reprocessing, then you may consider this conduct,
along with all the other evidence, in deciding whether the
government has proved beyond a reasonable doubt that he
committed the crimes charged.  This conduct may indicate that he
thought he was guilty and was trying to avoid punishment.  On
the other hand, sometimes an innocent person may stop reusing
single use instruments and make changes to his reprocessing of
devices cleared for reprocessing for some other reason.  The
defendant has no obligation to prove that he had an innocent
reason for his conduct.

(10.04)<br>
<u>Fraud – Good Faith Defense</u>

The good faith of the defendant is a complete defense to the charges of health care fraud contained in Counts 37-46 of the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

2.08

<u>Inferring Required Mental State</u>

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But, a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

2.04

<u>On or About</u>

Next, I want to say a word about the date mentioned in the
indictment.

The indictment alleges that the crimes happened "on or
about" a particular date or date range.  The government does not
have to prove that the crime happened on those exact dates.  But
the government must prove that the crime happened reasonably
close to those dates.

2.06

<u>Knowingly</u>

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>Summary</u>

If you find that the government has proved beyond a
reasonable doubt each of the elements of the offense charged in
the count you are considering as set out under these
instructions, then you must return a verdict of guilty for that
count.  If you find that the government has not proved beyond a
reasonable doubt each of the elements of the offense charged in
the count you are considering as set out in these instructions,
then you must return a verdict of not guilty as to that count.

(8.01, .03–.06, .08)
Deliberations and Verdicts

That concludes the part of my instructions explaining the elements, or parts, of the crimes that the defendant is accused of committing.  Now let me finish up by explaining some of the things about your deliberations in the jury room, and your possible verdicts.

First, I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty of the crimes set out in the indictment.  The defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted, the matter of punishment is for the court to determine.

You are here to determine the guilt or innocence of the accused defendant from the evidence in this case.  You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.  You must determine whether or not the evidence in the case convinces you beyond a reasonable doubt

of the guilt of the accused without regard to any belief you may
have about the guilt or innocence of any other person or
persons.

Any verdict you reach in the jury room, whether guilty or
not guilty, must be unanimous.  In other words, to return a
verdict you must all agree.  Your deliberations will be secret;
you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one
another in an effort to reach agreement if you can do so.  Each
of you must decide the case for yourself, but only after full
consideration of the evidence with the other members of the
jury.  While you are discussing the case, do not hesitate to re-
examine your own opinion and change your mind if you become
convinced that you were wrong.  But do not give up your honest
beliefs solely because the others think differently or merely to
get the case over with.

Remember, that in a very real way you are judges -- judges
of the facts.

When you go to the jury room you should first select one of your members to act as your presiding juror.  The presiding juror will preside over your deliberations and will speak for you here in court.  Be sure to only discuss the case when everyone is present so everyone can be a part of all of the deliberations.

A form of verdict has been prepared for your convenience. The verdict form will be placed in a folder and handed to you by the Court Security Officer.  At any time that you are not deliberating (i.e., when at lunch or during a break in deliberations), the folder and verdict form should be delivered to the Court Security Officer who will deliver it to the courtroom Deputy Clerk for safekeeping.

[READ VERDICT FORM]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your presiding juror fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time,
please write down your messages or questions and pass the note
to the Court Security Officer who will bring it to my attention.
I will then respond as promptly as possible after conferring
with counsel, either in writing or by having you return to the
courtroom so that I can address you.  Please understand that I
may only answer questions about the law and I cannot answer
questions about the evidence.  I caution you, however, with
regard to any message or question you might send, that you
should not tell me your numerical division at the time.  In
other words, don't tell me what the vote is.

If you feel a need to see the exhibits which are not being
sent to you for further examination, advise the Court Security
Officer and I will take up your request at that time.

Any questions about the process?

We will now hear closing arguments by counsel.


[Closing arguments.]


You may now retire to begin your deliberations.  Remember
to only discuss the case when everyone is present, and your
first order of business is to choose a presiding juror.