IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANJEEV KUMAR, ) <br> Defendant. ) | No. 2:25-cr-20032-SHL |

**ORDER DENYING GOVERNMENT'S MOTION TO REVOKE BOND**

Before the Court is the Government's Motion to Revoke Bond and for an Order Remanding Defendant Sanjeev Kumar to Custody Pending Sentencing, filed January 13, 2026. (ECF No. 280.) Kumar responded on January 26.[1] (ECF No. 284.)

For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Kumar, an obstetric gynecologist and operator of the Poplar Avenue Clinic ("PAC"), was indicted for multiple violations of federal law, described in detail in the Background section of a recent order in this matter. (See ECF No. 172 at PageID 1572–73.) The trial began on December 1, 2025, and, on January 7, 2026, the jury returned a verdict of guilty on forty of the forty-six counts. (ECF No. 274.) Specifically, Kumar was convicted of sixteen counts of adulteration of single-use medical devices, sixteen counts of misbranding single-use medical devices, two counts of adulteration of hysteroscopes cleared for reprocessing, and six counts of health care fraud. (ECF Nos. 136, 274.) Because the jury could not reach a verdict on the

---

[1] At the same time, Kumar appears to have mistakenly filed an additional docket entry labeled a "response," but containing instead a copy of a previously filed, unrelated motion. (ECF No. 283.) Accordingly, this errant copy of the motion is **DENIED AS MOOT**.

remaining six counts, the court declared a mistrial on those counts. (ECF No. 273.) Kumar is set for sentencing on April 9. (ECF No. 277.)

Following the jury verdict, the Government made an oral motion to revoke Kumar's bond and remand him to custody, which was denied. (ECF No. 273.) The Government then filed this Motion on January 13, arguing that Kumar poses a risk of flight because of (1) the potential length of his sentence, (2) his financial means, and (3) his alleged disregard for the judicial system, including his post-verdict conduct. (ECF No. 280 at PageID 7096–7101.) In response, Kumar argues that he poses no flight risk because (1) the length of his sentences remains purely speculative, (2) he has surrendered his passport and maintains ties to Memphis, and (3) he has complied with all pretrial release and bond conditions. (ECF No. 284 at PageID 7177.) For its part, the U.S. Pretrial and Probation Services Office recommended in its November 24, 2025 release status report that "Kumar be allowed to remain on bond following trial." (ECF No. 284-1 at PageID 7198.)

## ANALYSIS

"[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

The Government cites several cases, including a recent case in this Court, United States v. Anyanwu, No. 24-cr-20211, to argue that the length of the potential sentence and a defendant's ties to another country support revoking Kumar's bond before sentencing. (ECF No.

280 at PageID 7096–98.)  The Government states that Kumar, an Indian national who became a United States citizen in 2023, "has strong ties to at least one other country" and that, due to the health care fraud he was committing at the time of his naturalization, his citizenship is "unsound."  (Id. at PageID 7097.)  It further contends that Kumar's vast wealth presents a risk of flight, citing cases such as United States v. Jinwright, in which a defendant was kept in pre-sentence detention because he "(1) ha[d] the financial resources to flee, (2) ha[d] extensively traveled internationally, and (3) face[d] a drastic change of lifestyle upon his commitment to the United States Bureau of Prisons."  (Id. at PageID 7098–99 (quoting No. 09-cr-00067, 2010 WL 2926084, at *5 (W.D.N.C. July 23, 2010)).)

Finally, the Government argues that Kumar has shown disregard for the judicial system, which supports detention.  (Id. at PageID 7099.)  It cites United States v. Dimora, in which the defendant's conduct "did not involve a momentary lapse in judgment," but instead involved "fraudulent, dishonest, and obstructive conduct which included falsifying evidence to thwart the [federal agents'] investigation" that lasted "over a number of years."  (Id. (quoting No. 10CR387, 2012 WL 1409396, at *3 (N.D. Ohio Apr. 23, 2012)).)  The Government asserts that Kumar has engaged in "fraudulent, dishonest, and obstructive conduct" by, for example, contradicting himself on the witness stand and by maintaining his innocence at a press conference after his conviction.  (Id. at PageID 7100–01.)

In response, Kumar argues that many of the cases cited by the Government are inapposite.  (ECF No. 284 at PageID 7180.)  For instance, the Jinwright defendant was found not only to pose a flight risk but also to threaten the safety of the community, and the Government does not allege that Kumar poses any threat of dangerousness.  (Id. at PageID 7180–81.)  He further contends that he maintains ties to Memphis through his real estate holdings, and that,

3

even though he relocated his wife and two children to Raleigh, North Carolina, "to escape harassment," he maintains strong family ties to the United States, where he and his children are citizens. (Id. at PageID 7178, 7181–82.) Kumar asserts that the Government's implication that his naturalization is somehow "unsound" has "no legal basis." (Id. at PageID 7181.) Kumar also argues that the length of his sentence has yet to be determined and that incarceration "may not yet be warranted." (Id. at PageID 7179.)

According to Kumar, he poses no risk of flight because he "has surrendered his passport multiple times," has abided by the terms of his bond, has kept in regular communication with his pretrial probation officer, and has transferred no funds outside of the United States. (Id. at PageID 7179–81.) Ultimately, he argues, if he had ever intended to flee, he would have "had ample opportunity and means to do so over the past two years but chose not to." (Id. at PageID 7181.) Finally, Kumar defends his apparently contradictory trial testimony, arguing that "[a] defendant may genuinely believe in his defense even if the jury ultimately rejects it." (Id. at PageID 7182.)

Because there is no allegation that Kumar "pose[s] a danger to the safety of any person or the community," the only issue is whether Kumar has demonstrated by clear and convincing evidence that he "is not likely to flee." See 18 U.S.C. § 3143(a)(1). He has successfully done so. Kumar's history of abiding by the conditions of his release, his regular communication with his pretrial probation officer, the surrender of his passport, the uncertainty surrounding whether the sentence will be a custodial one, and his family and financial ties to the United States provide clear and convincing evidence that he is unlikely to flee before his April 9 sentencing. It is also the recommendation of the U.S. Pretrial and Probation Services Office that Kumar remain on bond. Moreover, his testimony at trial in a manner that is contrary to the jury's ultimate verdict

4

and his post-verdict statements regarding his innocence do not alter the calculus here as both are tied to his constitutional rights. Thus, he has rebutted the presumption of pre-sentence detention and will not at this time be remanded to custody. Kumar is directed to continue abiding by all the terms of his release so as not to give the Government a reason to renew their Motion.

## CONCLUSION

For the reasons stated above, the Government's Motion is **DENIED**.

**IT IS SO ORDERED,** this 29th day of January, 2026.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE