**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                              **Criminal No. 25-cr-20032-SHL**

**SANJEEV KUMAR,**

      **Defendant.**

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL MOTION FOR A NEW TRIAL UNDER FEDERAL RULE OF
CRIMINAL PROCEDURE 33**

---

The United States of America opposes defendant's Supplemental Motion for a New Trial

Under Federal Rule of Criminal Procedure 33. ECF 349. Defendant's motion is time-barred.

Federal Rule of Criminal Procedure 33(a) dictates that a motion for a new trial must be filed within

14 days of the verdict, unless the motion is based on newly discovered evidence. Kumar asserts

two items in support of his motion for new trial: Exhibit A, ECF 349-1 and Exhibit B, ECF 349-

2. The e-mails do not mention gynecology, hysteroscopes, high-level disinfection, or sterilization

at all. Yet, in a clear attempt to circumvent the constraints contained in Rule 33, Kumar suggests

that the e-mails stand for the proposition that a subject matter expert in microbiology, sterility, and

reprocessing within the Obstetrical and Reproductive Health Devices Team employed by the FDA,

Dr. Poulomi Nandy, was wrong or testified falsely regarding the necessity to adequately reprocess

Olympus hysteroscope devices.[1]

---

[1] Kumar shortened the hysteroscope to "Olympus scope." As evidence at trial clearly established, hysteroscopes may also be used in other orifices and different reprocessing may be required for

1

Kumar fails to identify the basic prongs the Sixth Circuit requires the defendant to show to establish the need for a new trial under Rule 33. Kumar correctly pointed out that these motions are disfavored, but proceeded to describe an unusual case, *United States v. Stoddard*, where an exception to those prongs was utilized due to the government's inability to prove an element of the offense with the newly discovered evidence. 875 F.2d 1233 (6th Cir. 1989). That does not exist here. Neither of the two e-mails provides newly discovered evidence. Therefore, Kumar's motion must be denied.

## BACKGROUND AND PROCEDURAL HISTORY

A jury convicted Kumar of 40 of the 46 charged counts in the second superseding indictment on January 7, 2026, after 17 days of trial and 5 days of deliberation. ECF 274. Kumar filed a motion to extend time for his Rule 33 motion on January 9, 2026. ECF 278. That motion was granted on January 13, 2026. ECF 279. On January 28, 2026, Kumar filed a Consolidated Motion for Judgment of Acquittal and Motion for New Trial. ECF 287. He asserted seven grounds for which either acquittal or a new trial should be granted. *Id*. The government responded on February 11, 2026. ECF 307. The presentence report draft was submitted to all parties on March 16, 2026. ECF 329. Kumar sent his first e-mail to the FDA Division of Industry and Consumer Education ("DICE") on March 18, 2026. Kumar's instant motion was filed on April 7, 2026. ECF 349.

## LAW AND ARGUMENT

To succeed in a Rule 33 motion based on newly discovered evidence, the Sixth Circuit has explained that "'a defendant must normally show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely

---

different intended uses.

2

cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried.'" *United States v. Dubrule*, 822 F.3d 866, 885 (6th Cir. 2016) (quoting *United States v. Garland*, 991 F.2d 328, 335 (6th Cir. 1993)). This four-pronged standard has been referred to by the Sixth Circuit as "the *O'Dell* test" as it is rooted in its decision in *United States v. O'Dell*, 805 F.2d 637 (6th Cir. 1986). Not meeting a single prong is fatal to a motion for a new trial. *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982).

## I.      There is no new evidence.

Two e-mails were attached to Kumar's motion as "new evidence." According to FDA's website, DICE was created to answer questions from the medical device industry and consumers, but caveats that its correspondence "constitutes an informal communication" and does not constitute an advisory opinion, nor does it represent the formal position of the FDA. Contact Us – Division of Industry and Consumer Education (DICE) (Content Current as of 06/27/2024), https://www.fda.gov/medical-devices/device-advice-comprehensive-regulatory-assistance/contact-us-division-industry-and-consumer-education-dice. The government agrees that these e-mails were discovered after trial because it appears that Kumar sent the first message on March 18, 2026, more than two months after the verdicts were reached in this case. Exhibit A, ECF 349-1. An additional message was sent on March 19, 2026. *Id*. The FDA DICE team responded on March 19, 2026, and March 20, 2026. *Id*. The first e-mail asks FDA DICE about whether Kumar should believe the verbal instructions from an FDA employee over the Instructions for Use ("IFU").. *Id*. There was no evidence presented at trial that Kumar ever received verbal instructions from an FDA employee. This e-mail question, and any response, is completely irrelevant to any evidence that was presented at trial.

In his second e-mail, Kumar asks FDA DICE on March 31, 2026 whether a physician should follow the 510(k) or the IFU during the use of a device on a patient. Exhibit B, ECF 349-2. The FDA DICE team responded on April 1, 2026. *Id*. There was no evidence presented that Kumar followed the IFU for an Olympus hysteroscope, as alleged by Kumar in his motion. Kumar himself did not mention an IFU at all in his very lengthy testimony.

Despite Kumar's description in his motion, these e-mails are not contrary to Dr. Poulomi Nandy's testimony or the exhibits entered in trial. The United States provided Dr. Nandy's Rule 16 expert disclosure on June 23, 2025. ECF 68. In it, Dr. Nandy explained her opinions and the bases for them. *Id*. She described the 510(k) submission process and that medical providers follow the IFU, which should be based on validated tests by manufacturers. *Id*. She specifically described that sterilization is required for hysteroscopes, a specific type of endoscope, because it is intended to go into the uterus. *Id*.

The IFU for Olympus HYF-XP hysteroscopes was introduced at trial as exhibit 57. Exhibit 57, and specifically the chart which directs either high-level disinfection or sterilization, was thoroughly explored in cross-examination and redirect of Dr. Nandy in the trial proceedings. ECF 235, PageID 3799-3800, 3808-09. Dr. Nandy confirmed that a device's IFU is what the provider should rely on to use and reprocess a device on direct examination. *Id*. at PageID 3744-36. On cross-examination, Dr. Nandy was asked if "the IFU is supposed to be what advises the end user how to properly use the device?" She responded: "The instructions for use, yes." *Id*. at PageID 3807.

Nothing in either e-mail refutes any of these opinions or bases for them. The e-mails answer broad and generic questions and never mention the word hysteroscope, gynecology, high-level

disinfection, or sterilization. Kumar's motion fails on this prong so there is no need to consider the other three prongs.

**II.      The irrelevant evidence could have been discovered with due diligence.**

As stated previously, the two e-mails Kumar claims are newly discovered evidence could have been discovered with due diligence. The FDA DICE team responded within a day of each inquiry. The very same questions could have been posed to DICE before the trial and Kumar could have subpoenaed FDA through the *Touhy* process to call the author of the e-mails as a witness. Since Kumar's motion also fails on this prong, it must be denied.

**III.      The evidence is not material.**

The e-mails are irrelevant to the convicted charges because the government never advanced the proposition that an IFU should be disregarded in favor of a 510(k). As such, the e-mails are not admissible. The Defendant was not charged with adulterating medical devices for failure to follow a device's 510(k)—he was charged with adulterating medical devices by holding them in insanitary conditions whereby they may have been contaminated with filth or rendered injurious to health. *See* 21 U.S.C. § 351(a)(2)(A). Dr. Nandy's testimony helped prove that the *conditions* under which the devices were held were insanitary and explained why to the jury based on her expertise with hysteroscope devices. As such, Kumar's intentionally vague e-mails asking DICE if he should prioritize the 510(k) or IFU are not relevant or admissible. Further, Dr. Nandy was asked similar questions by defense counsel on cross-examination and answered comparably to the DICE team. *See* ECF 235 at PageID 3744-36, 3807. Should Kumar have some argument that these e-mails could impeach Dr. Nandy, the new evidence must be material and "not merely cumulative or impeaching." *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982).

Even if the e-mails were deemed relevant, they could not withstand hearsay objections. Kumar incorrectly asserts that this evidence is the official position of the FDA. First, although the e-mails are from DICE, they are not signed by a particular FDA employee, but rather, the "Consumer Education Team." Second, the language at the bottom of DICE's e-mails cites 21 C.F.R. § 10.85 says its opinion "does not necessarily represent the formal position of FDA, and does not bind or otherwise obligate or commit the agency to the views expressed." Exhibit A, ECF 349-1, Exhibit B, ECF 349-2; *see, c.f., United States v. Facteau*, 89 F.4th 1, 36-37 (1st Cir. 2023) (refusing to attribute a letter from FDA's Chief Counsel to a device company as an official opinion of the FDA, noting "per regulation [21 C.F.R. § 10.85], the views expressed in the . . . letter cannot be attributed to the agency itself, but only to an FDA employee. The letter did not offer an advisory opinion under 21 C.F.R. § 10.85 and it was therefore an informal communication that did not necessarily represent the formal position of FDA and [did] not bind or otherwise obligate or commit the agency to the views expressed").   Kumar's motion fails on this third prong and must be denied.

**IV.    The evidence is not likely to produce an acquittal if the case were retried.**

The evidence against Kumar was overwhelming. Further, the adulteration counts did not hinge on the difference between high level disinfection and sterilization or about following the IFU versus 510(k), but rather, whether the medical devices were being held under insanitary conditions. The government repeatedly made this point during closing argument. *See* ECF 290, PageID 7380-81, 7389-91. The defendant's e-mails with FDA DICE, assuming they were admitted at trial, would have made no difference. As the government argued, "these devices were held in insanitary conditions because they didn't even get past the first step. That was the practice not to even get past the first step of cleaning the device before – do you want to do

6

high-level disinfection, do you want to do sterilization? You can't get there because you're not doing the first steps." The e-mails would have made absolutely no difference at trial because what they purport to establish was not at issue.

Finally, Kumar fails to establish how the two e-mails would justify a new trial as to the 38 convicted counts that did not involve a hysteroscope that was cleared for reprocessing. Kumar fails to establish this fourth prong of the *O'Dell* test and his motion must be denied.

## CONCLUSION

The defendant's motion for new trial is time-barred. Even if considered on the merits, it falls well short of the established standard in the Sixth Circuit. None of the claims of "newly discovered evidence" in Kumar's motion are in fact evidence of any kind, especially newly discovered. Further, none of the evidence was material nor was it likely to produce an acquittal if the case were retried.

Respectfully submitted,


By:    /s/ Lynn Crum
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231

**CERTIFICATE OF SERVICE**

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to the attorneys for the defendant.

This 20th day of April, 2026.

         /s/ Lynn Crum
         Assistant United States Attorney