**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-20032-SHL |
| | ) | |
| SANJEEV KUMAR, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S SUPPLEMENTAL MOTION FOR A NEW TRIAL
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 33**

Before the Court is Defendant Sanjeev Kumar's Supplemental Motion for a New Trial Under Federal Rule of Criminal Procedure 33, filed April 7, 2026. (ECF No. 349.) Kumar seeks a new trial "based upon newly discovered evidence" that the Government "presented false and misleading facts" leading to his conviction on Counts 33 and 35 for adulteration of hysteroscopes cleared for reprocessing. (Id. at PageID 10101.) The "newly discovered evidence" is a pair of email exchanges between Kumar and an unnamed FDA employee in the Division of Industry and Consumer Education ("DICE") of the Center for Devices and Radiological Health, initiated on March 19 and 31. (ECF Nos. 349-1, 349-2.) These emails, marked as "informal communication[s]" that "[do] not necessarily represent the formal position of FDA," state that a medical device's instructions for use ("IFU") take precedence over verbal guidance offered by an FDA employee and over the device manufacturer's 510(k) regulatory submission. (ECF No. 349-1 at PageID 10110.) The Government responded on April 20. (ECF No. 363.)

For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Kumar, a gynecologic oncologist and the operator of Poplar Avenue Clinic ("PAC"), was indicted for multiple violations of federal law, described in detail in the Background section of a recent order in this matter.  (See ECF No. 172 at PageID 1572–73.)  The trial began on December 1, 2025, and, on January 7, 2026, the jury returned a verdict of guilty on forty of the forty-six counts, including Counts 33 and 35 for the adulteration of hysteroscopes cleared for reprocessing.  (ECF No. 274.)

On January 9, Kumar asked for an extension of time to file a Rule 33 motion for a new trial beyond the fourteen-day deadline, which the Court granted.  (ECF Nos. 278, 279.)  On January 28, Kumar filed a Consolidated Motion for Judgment of Acquittal and Motion for New Trial.  (ECF No. 287.)  That motion was later denied.  (ECF No. 384.)

In the meantime, Kumar filed this Supplemental Motion for a New Trial on April 7. (ECF No. 349.)  He argues that two March 2026 email exchanges between him and an unnamed FDA employee contradict the testimony of Government witness Dr. Poulomi Nandy.  (Id. at PageID 10101–02.)  Nandy testified at trial that a doctor must follow a device's IFU, and that hysteroscopes, unlike some other endoscopes, require sterilization when they are "used to perform diagnostic or surgical procedures in the uterus."  (ECF No. 235 at PageID 3807, 3738.)

Kumar contends that the emails contradict her testimony.  (ECF Nos. 349-1, 349-2.)  In the first email, Kumar wrote,

> DEAR FDA Staff
> question-
> if a FDA employee gives an instruction to reprocess a surgical device that conflicts with the product IFU cleared by the FDA for this particular device, which one should the physician believe? Product IFU or the fda employee?
>
> pls let me know
> tnx

2

(ECF No. 349-1 at PageID 10114.)  In response, after a brief back-and-forth, an FDA employee at the DICE help desk replied,

> If there is a conflict between verbal guidance from an FDA employee and the FDA-approved product Instructions for Use (IFU), a physician should follow the product's IFU.  The IFU is the legally recognized, validated document ensuring safety and effectiveness, and in cases of unresolvable conflict, the device IFU takes precedence.

(Id. at PageID 10110.)  This response included, among other disclaimers, that the email was "an informal communication that represents my best judgment at this time but does not constitute an advisory opinion, does not necessarily represent the formal position of FDA, and does not bind or otherwise obligate or commit the agency to the views expressed."  (Id. at PageID 10111.)  Almost two weeks later, in a second email exchange, an FDA employee replied again to Kumar, stating that a doctor should also follow an IFU over the device manufacturer's 510(k) regulatory paperwork.  (ECF No. 349-2 at PageID 10118.)

Kumar asserts that the IFU for "Olympus Scopes"—which is the IFU not only for Olympus-brand hysteroscopes but for other types of Olympus endoscopes, as well—allows for either "high level disinfection" or complete "sterilization."  (ECF No. 349 at PageID 10105.) Because Nandy testified that hysteroscopes used for surgical procedures require sterilization, Kumar argues that he was wrongly convicted on Counts 33 and 35 despite using high-level disinfection on his Olympus HYF-HP hysteroscopes, and thus "[t]he only remedy for the Government's gross error is to grant a new trial."  (Id. at PageID 10105–06.)

In response, the Government first argues that Kumar's emails are not "newly discovered evidence."  (ECF No. 363 at PageID 10410–12.)  DICE's reply email discusses the situation of a "conflict between verbal guidance from an FDA employee and the [IFU]."  (ECF No. 349-1 at PageID 10110.)  But, as the Government points out,

3

"[t]here was no evidence presented at trial that Kumar ever received verbal instructions from an FDA employee." (ECF No. 363 at PageID 10410.) Thus, the Government argues that Kumar's "newly discovered evidence" is irrelevant. (Id. at PageID 10411.) As a result, his Motion, filed 103 days after the verdict, is time-barred. (Id. at PageID 10408.)

Second, the Government contends that Kumar could have discovered these two emails "with due diligence," had he merely emailed the FDA before trial. (Id. at PageID 10412.) Third, the Government states that the emails are immaterial because "[t]he Defendant was not charged with adulterating medical devices for failure to follow a device's 510(k)—he was charged with adulterating medical devices by holding them in insanitary conditions whereby they may have been contaminated with filth or rendered injurious to health." (Id. (citing 21 U.S.C. § 351(a)(2)(A)).) According to the Government, "Kumar's intentionally vague e-mails asking DICE if he should prioritize the 510(k) or IFU are not relevant or admissible"—and are hearsay from an unnamed FDA declarant. (Id. at PageID 10412–13.)

Fourth, the Government argues that the emails are not likely to produce an acquittal because "the adulteration counts did not hinge on the difference between high level disinfection and sterilization or about following the IFU versus 510(k), but rather, whether the medical devices were being held under insanitary conditions." (Id. at PageID 10413.) Finally, according to the Government, "Kumar fails to establish how the two e-mails would justify a new trial" as to the thirty-eight other counts under which he was convicted. (Id. at PageID 10414.) The Parties' arguments are considered below.

4

## ANALYSIS

Under Federal Rule of Criminal Procedure 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Rule 33 motions are "disfavored, discretionary, and granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict."  United States v. Chalmers, No. 09-20325, 2012 WL 5384643, at *2 (W.D. Tenn. Nov. 1, 2012) (quoting United States v. Mitchell, 9 F. App'x 485, 489 n.2 (6th Cir. 2001)).

To succeed in a Rule 33 motion based on newly discovered evidence "a defendant must normally show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried."  United States v. Dubrule, 822 F.3d 866, 885 (6th Cir. 2016) (quoting United States v. Garland, 991 F.2d 328, 335 (6th Cir. 1993)).  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  But a Rule 33 motion based on newly discovered evidence may be filed up to three years after the verdict.  Fed. R. Crim. P. 33(b)(1).

Here, Kumar's Motion fails to raise the sort of "extraordinary circumstance where the evidence preponderates heavily against the verdict."  Chalmers, 2012 WL 5384643, at *2.  Instead, the "newly discovered evidence" it offers is a pair of emails of doubtful admissibility and little relevance.  Although these emails were technically "discovered" after trial—because Kumar reached out to FDA DICE well after his conviction—they could have easily been discovered beforehand.  Thus, because they do not qualify as "newly discovered evidence," the

5

Motion is time-barred, having been filed more than fourteen days after the verdict.  These findings alone support denying the Motion.

But, also, the emails are not material to Counts 33 and 35.  After all, Kumar was not charged with using high-level disinfection instead of sterilization on his medical devices. Instead, he was accused of holding reusable hysteroscopes "under insanitary conditions whereby [they] may have been contaminated with filth, or whereby [they] may have been rendered injurious to health."  (ECF No. 136 at PageID 1198, 1214.)  As Nandy testified at trial, the Olympus IFU, which a doctor must follow, dictates multiple precleaning steps, including manual cleaning with detergent and brushing, before a device undergoes high-level disinfection or sterilization.  (ECF No. 235 at PageID 3802–03.)  But Kumar's employees testified that they did not engage in any cleaning of the hysteroscopes before or after dunking them in disinfectant. (See, e.g., ECF No. 259 at PageID 6708 (in which employee Trinika Cannon testified, "The brushes?  I don't remember a brush.").)  Thus, the proof supports the jury's conclusion that the methods used at PAC, which Kumar styles as high-level disinfection, were wholly inadequate and entirely unmoored from the Olympus IFU.  Given that proof, the DICE emails are immaterial to Counts 33 and 35—to say nothing of the remaining thirty-eight counts for which Kumar seeks a new trial.

Because the emails could have been discovered before trial, and thus are not "newly discovered evidence," and because they are not material, given the Government's theory and proof, and thus would not have likely produced an acquittal on retrial, they cannot support a Rule 33 motion for new trial.

## **CONCLUSION**

For the reasons stated above, the Motion is **DENIED**.

**IT IS SO ORDERED,** this 12th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE