**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**VS.**            **Criminal No. 25-cr-20032-SHL**

**SANJEEV KUMAR,**

   **Defendant.**

---

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE SENTENCING**

---

The United States of America opposes defendant's Motion to Continue Sentencing Hearing. ECF 400. Kumar's motion does not cite any legal basis for continuing sentencing. *See Id*. It should be denied.

**PROCEDURAL HISTORY**

Kumar's trial concluded with the jury rendering guilty verdicts in 40 of 46 counts on January 7, 2026. ECF 273. A sentencing hearing was set for Thursday, April 9, 2026, at 9:30 a.m. *Id*. Kumar filed a motion to continue sentencing on March 9, 2026. ECF 325. The United States filed a response in opposition to continue the sentencing date on March 16, 2026. ECF 334. In its opposition, the United States noted that while over 1,000 notices had been sent to potential victims in the case, only about 30 responses had been received at that time. *Id*. Probation filed its draft presentence report (draft PSR) on March 16, 2026. ECF 329. On March 20, 2026, this Court continued the sentencing hearing to April 23, 2026. ECF 337. On March 24, 2026, this Court continued the sentencing hearing to May 29, 2026. ECF 341.

The United States complied with Federal Rule of Criminal Procedure 32(f)(1) and (2) and

1

Local Criminal Rule 32.1(c), sending its notices and objections to the draft PSR to probation and defense counsel within 14 days of receiving the draft PSR, via e-mail on March 30, 2026. With no response from Kumar or probation, the United States filed its Position Regarding Presentence Report on April 6, 2026, in accordance with Local Criminal Rule 32.1(d). ECF 348. More than nine days after the required filing date and without explanation as to the delay, Kumar filed his own Objections to Presentence Report on April 16, 2026. ECF 355.

On April 23, 2026, at the *Remmer* hearing, Kumar again requested to continue sentencing and the United States opposed. ECF 373. This Court granted the motion to continue sentencing and reserved two days for the hearing, scheduling in for July 7 and 8. *Id*. On June 1 and 3, 2026, United States Probation sent 180 victim impact statements to all parties via multiple e-mails.

## LAW AND ARGUMENT

Kumar appears to ask for additional time to review the 180 victim impact statements that have been provided to the parties by the United States Probation Office. Federal Rule of Criminal Procedure Rule 32(b)(1) states that "[t]he court must impose sentence without unnecessary delay." Though this is typically reviewed as a defendant's right, four Circuit Court of Appeals have determined that a district court appropriately denied a defendant's request for continuance to provide additional or preferred mitigation evidence. *See, e.g., United States v. Jones*, 643 F.3d 275 (8th Cir. 2011)(denied request for continuance to allow testimony of character witness in mitigation did not prejudice defendant); *United States v. Olfano*, 503 F.3d 240 (3rd Cir. 2007)(denied request for continuance for desired letters in mitigation to be submitted not an abuse of discretion); *United States v. Knorr*, 942 F.2d 1217 (7th Cir. 1991)(denied request for continuance to dispute defendant's role did not violate defendant's due process); *United States v. Tannuzzo*, 174 F.2d 177 (2nd Cir. 1949)(judge not required to continue sentencing to allow

defendants to work up proof in mitigation). Further, victims have "[t]he right to proceedings free from unreasonable delay" pursuant to 18 U.S.C. § 3771(a)(7).

The sentencing has been delayed multiple times, resulting in months of delayed justice for the many victims in this case. Every continuance has been objected to by the United States. In ECF 399, Kumar faults the United States for not providing discovery related to the victim impact statements, but cites no authority for this proposition. Kumar has already had three weeks with the victim impact statements received by probation, which is more than enough time to review them. It should be noted that the Probation is likely to continue to receive victim impact statements, as there was an increase from the 30 initially received in March in anticipation of the originally scheduled April hearing to now 180, confirmed by United States Probation Office, Western District of Tennessee. If there are more received, will Kumar ask yet again for another delay in his sentencing?

After his conviction, starting on April 21, 2026 and continuing to at least June 17, 2026, Kumar has done no less than four individual interviews with the media, which does not include his statements made at his press conference held immediately following his convictions.[1] Kumar cannot actively engage with the media and perpetuate a narrative that he has somehow been persecuted and then be surprised that the number of victims who self-reported initially and subsequently filed impact statements with the Court increased. The United States has expended

---

[1] The Kim Iversen Show, This Is How They'll Control Your Doctor Next: The Dr. Kumar Case (YouTube, April 21, 2026) https://www.youtube.com/watch?v=TFBBkIIPMQ0, last accessed 6/20/2026; Bottomline with Barkha, *False Persecution?- Top India Born Doctor Vs US Govt-Cancer Surgeon Targeted for Cancer Tests?* (Youtube, May 28, 2026) https://youtube.com/watch?v=zhE52gSg8R0, last accessed 6/19/2026; On Call, *Government law-fare against doctors.* Dr. Sanjeev Kumar (YouTube, June 10, 2026) https://youtube.com/watch?v=pjJi9T2eooY, last accessed 6/19/2026; Republic World, *False Targeting Of A Top US Surgeon: The Shocking Case Of Dr. Sanjeev Kumar* (Youtube, June 17, 2026) https://youtube.com/watch?v=mpnyk9TMu9w&t, last accessed 6/19/2026.

considerable efforts in preparation for the Sentencing Hearing, including securing witness testimony from witnesses with conflicting schedules. Additionally, notifying victims has come at a substantial cost, in time and resources. The victims who have expressed input have expressed that they wish for the sentencing to go forward at the currently scheduled date so that they do not have to wait for the results any longer. Additionally, the United States has already provided Kumar with its draft Sentencing Memorandum, and it is just waiting on the final PSR to include its final agreement or objections, which probation intends to file earlier than the seven days required by Federal Rule of Criminal Procedure 32(g). The United States would note that restitution does not have to be determined at sentencing and the United States will only be prepared to present evidence for restitution for Medicare and Medicaid providers and not for individual victims and will be asking for an additional 90 days should individual victims have an appropriate claim. Thus, because Kumar asks for more time to review victim impact statements, despite having another two weeks in addition to the three weeks he's already had to review them, this Court should deny his motion to continue Sentencing.

Respectfully submitted,

D. Michael Dunavant
United States Attorney

By:     /s/ Lynn Crum
Lynn Crum (CA #322077)
Assistant United States Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103
Telephone: (901) 544-4231
lynn.crum@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system.

This 24th day of June, 2026.

 /s/ Lynn Crum            
Assistant United States Attorney