**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-20032-SHL |
| | ) | |
| SANJEEV KUMAR, | ) | |
| Defendant. | ) | |

**ORDER GRANTING UNOPPOSED MOTION TO UNSEAL <u>REMMER</u> PROCEEDINGS**

Before the Court is Defendant Sanjeev Kumar's Unopposed Motion to Unseal <u>Remmer</u> Proceedings, filed June 16, 2026.  (ECF No. 397.)  He seeks to unseal all documents related to the <u>Remmer</u> hearing held on April 23, 2026, "including all motions, responses, replies, hearing transcripts, and orders related thereto."  (<u>Id.</u> at PageID 11161.)  The Government does not oppose the Motion.  (<u>Id.</u> at PageID 11162.)

"[T]he decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse."  <u>In re Knoxville News-Sentinel Co.</u>, 723 F.2d 470, 474 (6th Cir. 1983).  "While the Court has discretion to seal filings where appropriate, the general presumption [is] that court documents are to be available to the public." <u>St. John v. Napolitano</u>, 274 F.R.D. 12, 21 (D.C. Cir. 2011) (citation modified).  This presumption recognizes that the public has the right to inspect and copy judicial documents and files.  <u>Carter v. Welles-Bowen Realty, Inc.</u>, 628 F.3d 790, 790–91 (6th Cir. 2012) (citation modified).  Thus, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  <u>Lipman v. Budish</u>, 974 F.3d 726, 753 (6th Cir. 2020).  Moreover, "the greater the interest in the litigation's

subject matter, the greater the showing necessary to overcome the presumption of access." Id. (quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305–06 (6th Cir. 2016)).

In the interest of open courts and open records, Kumar's Motion to Unseal is well taken. The Court previously stated that the contents of the April 23 Remmer hearing would be unsealed at a later date, but that "the jurors' names would remain sealed" to protect their identities. (ECF No. 354 at PageID 10143.) Given that the Government does not oppose the Motion, the record related to the Remmer hearing—ECF Nos. 288, 315, 327, 328, 335, 340, 345, 350, 352, 353, 354, 357, 359, 360, 361, 364, 367, 370, 372, 377, 380, and 383—will be unsealed under the following conditions:

(1)    All personal identifying information ("PII") related to the jury must be redacted. It is acceptable to refer to a juror by the juror's number.

(2)    Within fourteen days of this Order, the Parties must file on the docket (1) that they have checked all filings and orders for juror PII, (2) which filings of the Parties, if any, require redaction, and (3) which specific pages of the Court's orders, if any, require redaction. The Court Reporter will file redacted versions of the hearing transcripts (ECF Nos. 354, 377), and the Court will unseal the minutes of proceedings (ECF Nos. 353, 372).

(3)    For filings of the Parties that require redaction, the Party that originally filed that document will be responsible for redacting and refiling it within thirty days of this Order. The Court will redact and refile any order requiring redaction, following notification of a need to do so by the Parties.

2

**IT IS SO ORDERED,** this 30th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE