**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

VS.                                                                 No. 25-cr-20032-SHL

SANJEEV KUMAR,

       Defendant.

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S EMERGENCY MOTION FOR RELIEF (ECF 411)**

The United States opposes Defendant Sanjeev Kumar's Emergency Motion for Relief in full.[1] (ECF 411.) The motion fails to state a procedural avenue for relief and fails on the merits. This filing does not affect the sentencing scheduled for July 7-8. Nor do any of the bases raised in the filing constitute an emergency.

As Kumar concedes, the Motion is untimely and there is no procedural relief available for him. (*Id.* at PageID 11634) ("In full candor, this motion's contents should have been brought prior to trial.") Should the Court accept Kumar's filing for consideration on the merits, the government requests that the Court instruct Kumar to prepare a statement or other filing(s) specifically

---

[1] Kumar's Certificate of Consultation appears to imply that the government voiced a possibility of joining the Motion in part or in full. (ECF 411 at PageID 11638.) Counsel for the government was unavailable on June 29 and 30 due to their involvement in an out-of-town trial for another matter and prescheduled leave, respectively; however, government counsel did participate in multiple phone calls and emails with defense counsel in which the government repeatedly advised that it needed a full picture of the requested relief and bases for that relief in order to take a position. The government is filing this initial opposition as soon as is practicable in part to clearly state its position on Kumar's filing.

identifying the individual bases for relief being sought and allow the government a reasonable time to address each separate basis. It is unclear from the motion how many procedural arguments Kumar intends to raise. (ECF 411 at PageID 11634) ("Dr. Kumar raises these arguments under every procedural mechanism that could potentially permit review.")

While reserving the right to address other grounds for opposition, the government notes that, to the extent that Kumar asserts an emergency given the alleged necessity of a Section 335 hearing, he neglects to disclose that the Supreme Court has expressly considered and rejected this argument—twice. *United States v. Dotterweich*, 320 U.S. 277, 278-79 (1943) ("We agree with the Circuit Court of Appeals that the giving of such an opportunity, which was not accorded to Dotterweich, is not a prerequisite to prosecution."); *United States v. Morgan*, 222 U.S. 274, 282 (1911) ("There is nothing in the nature of the offense under the pure food law, or in the language of the statute, which indicates that Congress intended to grant violators of this act a conditional immunity from prosecution, or to confer upon them a privilege not given every other person charged with a crime."); *see also Kent v. Benson*, 945 F.2d 372, 374 (11th Cir. 1991) (imposing sanctions on counsel who sought an injunction against the government to enjoin the criminal investigation of his client before a Section 335 hearing was conducted) ("This is a frivolous appeal . . . . The court was obviously correct in dismissing the complaint. . . . The law has been twice interpreted by the United States Supreme Court to deny the relief sought by appellants here.").

Kumar's Motion is without merit and without any procedural avenue for relief. It must be denied.

DATED:        July 1, 2026            Respectfully submitted,

D. Michael Dunavant
UNITED STATES ATTORNEY

By:   /s/Sarah Pazar Williams
Sarah Pazar Williams (TN Bar No. 031261)
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF TENNESSEE
167 N. Main St., Suite 800
Memphis, TN 38103
901-544-4231
sarah.williams2@usdoj.gov

## CERTIFICATE OF SERVICE

I, Sarah Pazar Williams, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to all parties to this matter.

This the 1st day of July, 2026.

/s/Sarah Pazar Williams
Sarah Pazar Williams

3