**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:25-cr-20032-SHL |
| | ) | |
| v. | ) | |
| | ) | |
| SANJEEV KUMAR, | ) | |
| | ) | |
| Defendant. | ) | |

---

**GOVERNMENT'S MOTION TO CONTINUE RESTITUTION HEARING OR, IN THE ALTERNATIVE, MOTION TO PERMIT DEPOSITION IN LIEU OF LIVE TESTIMONY**

---

The government respectfully requests that the Court continue the restitution hearing currently set for January 7, 2027, to the first week in February 2027 due to the unavailability of the government's expert witness, Daniel Coney. In the alternative, the government suggests a deposition in lieu of live testimony should the Court prefer to keep the currently scheduled date. Good cause exists for the continuance of this hearing. Defendant does not oppose a continuance to the first week of February and does not oppose a deposition in lieu of testimony.

On October 2, 2026, the Court held a hearing on Defendant's Motion to Continue Restitution Hearing. Following argument from counsel, the Court rescheduled the restitution hearing for January 7, 2026. Counsel for the government agreed to this date based upon the dates of availability in Mr. Coney's trial calendar, which undersigned counsel had brought to the hearing to facilitate scheduling. After the hearing, counsel for the government learned that Mr. Coney's trial calendar did not reflect his unavailability due to prescheduled personal travel out of the

country from December 30, 2026, through January 22, 2027.[1] This prescheduled personal travel is booked and prepaid and it is not possible for Mr. Coney to cancel or change the dates.

Mr. Coney testified at the trial in this matter and the government's Motion to Set Restitution was based in part on his data analysis. The government intends to have him testify at the hearing to assist the Court in setting restitution. The government believes that having Mr. Coney available and in-person to answer questions and provide rebuttal testimony if necessary would be the most beneficial to all parties given the complexity of the issues and the history of this case. Therefore, the government requests that the Court continue the hearing to the first week in February or another time convenient to the Court.[2] This is the first request for continuance that the government has made in this case and good cause supports it, given the importance of Mr. Coney's testimony and the relatively short requested extension of less than 30 days.

In the alternative, should the Court decline to continue the hearing date, the government requests leave to schedule Mr. Coney's deposition via Zoom in lieu of his live testimony at the restitution hearing. This would permit the government to preserve Mr. Coney's testimony and allow Defendant to cross-examine Mr. Coney while keeping the restitution hearing date set on January 7, 2026. It would, however, limit the Court's ability to direct questions to Mr. Coney or for the government to put on rebuttal evidence.[3]

---

[1] Counsel for the government was unaware of this prescheduled travel before the hearing on October 2 and apologizes to the Court for the inconvenience caused.

[2] At the hearing on October 2, the Court noted that there were no dates of availability to set the restitution hearing in December 2026. Should any dates become available, the government would be prepared to present its proof in December 2026. Defendant opposes setting the restitution hearing in December.

[3] The government is also considering options for having an alternative witness give live

Because good cause exists to continue the restitution hearing or, in the alternative, permit Daniel Coney to give testimony via deposition, the government respectfully requests that the Court grant its Motion.

Dated: October 5, 2026

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

BY: s/ *Scott P. Smith*
Scott P. Smith (TN 33551)
Sarah Pazar Williams (TN 31261)
Assistant U.S. Attorneys
167 N. Main, Room 800
Memphis, Tennessee 38103
Telephone: (901) 544-4231

**CERTIFICATE OF CONSULTATION**

I, Scott P. Smith, Assistant United States Attorney for the Western District of Tennessee, hereby certify that I consulted with counsel for Defendant via phone on October 2 and 5, 2026, regarding the relief sought in this Motion. Defendant does not oppose a continuance to the first week of February, nor does Defendant oppose a deposition of Mr. Coney in lieu of live testimony. Defendant opposes setting the hearing in December 2026 should the Court's availability permit.

This 5th day of October, 2026.

By: s/ *Scott P. Smith*
Assistant United States Attorney

---

testimony on January 7, 2026. However, given Mr. Coney's knowledge of this case and the work that he has already completed with respect to restitution, the government believes a brief continuance or a deposition to be more straightforward alternatives to resolving his scheduling conflict.

**CERTIFICATE OF SERVICE**

I, Scott P. Smith, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing pleading was filed by electronic means via the court's electronic filing system to counsel for the defendant.

This 5th day of October, 2026.

By: s/ *Scott P. Smith*
Assistant United States Attorney